Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,                                      )<br>                                                                       )<br>        Plaintiff,                                          )<br>   v.                                                             )<br>                                                                       )<br>JOHN DOE,                                                   )<br>                                                                       )<br>        Defendant.                                      )<br>                                                                       )<br>_____)| No. 3:12-CV-02396-EMC<br><br>**PLAINTIFF'S CASE MANAGEMENT<br>CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submits this Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28

---

[1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is the only party in this case at this time. *See* Exhibit A Declaration of Brett L. Gibbs.

U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As John Doe has not been identified or served, he or she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, John Doe either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by John Doe to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

John Doe is an anonymous individual associated with the Internet Protocol ("IP") address 69.109.216.238, which was issued by the Internet Service Provider ("ISP") SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"). Plaintiff served that subpoena on AT&T shortly after the Court granted Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery. Currently, however, AT&T has not delivered any information related to the account holder of IP address 69.109.216.238, and currently, there is nothing to report to the Court in regards to the progress of production. The ISP is currently looking through its records for that information, and there is no set date for getting it to Plaintiff. In other words, Plaintiff is waiting for the information on the account holder of IP address 69.109.216.238 before it can proceed to contact the account holder, and ultimately identify, and possibly serve, the infringer in this case.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. John Doe is an anonymous alleged copyright infringer. Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. John Doe operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works

amongst one another. Due to the quasi-anonymous fashion in which John Doe conducted him/herself online, Plaintiff is unaware of John Doe's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified John Doe by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of John Doe's infringing activity. While this is not the only time of John Doe's infringing activity, this was a snapshot of such activity personally observed by Plaintiff's technicians. (ECF No. 1 ¶¶ 21-24.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that John Doe unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. (ECF No. 4-1 ¶ 25.) A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on John Doe was accurate. (ECF No. 4-1 ¶ 16.)

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual using the IP addresses 69.109.216.238 unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 ¶¶ 22-23.) The pending question at this early stage in the litigation is: Who is the Account Holder/John Doe linked to IP address 69.109.216.238? Plaintiff will not know this, or at least part of this equation, until the ISP returns the identifying information of the account holder of IP address 69.109.216.238.

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. Motions:**

On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 4.) On June 4, 2012, the Court granted that Application (ECF No. 7).

**5. Amendment of Pleadings:**

None.

**6. Evidence Preservation:**

Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of John Doe's infringing activity using its proprietary software. 6881's proprietary software is effective in

3

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT — No. 3:12-CV-02396-EMC

capturing granular-level data about the activity of peers in a swarm and their infringing conduct. 6881's processes are designed to ensure that information gathered about John Doe is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures.

**8. Discovery:**

John Doe's ISP, AT&T, has not produced John Doe's identifying information to the Plaintiff. While further discovery may be necessary to identify the infringer once Plaintiff receives identifying information of the account holder associated with IP holder 69.109.216.238, that is not applicable at this time. Once Plaintiff receives the information form the ISP, it will contact the account holder, and move forward with this case in hopes to ultimately identify, and name, the infringing defendant in this case. Currently, the only known discovery necessary is the subpoena that was already sent to AT&T. Plaintiff is awaiting a response from AT&T to see where its case will go from there.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining the John Doe and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in John Doe's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and

(4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. A conference seems inappropriate considering that Plaintiff is only party at this time.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, Plaintiff needs John Doe's identifying information before proceeding any further.

**17. Scheduling:**

Without John Doe being involved in this process, any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without John Doe being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.)

1  Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

Plaintiff believes that a status conference is unnecessary as there is nothing substantive to report on at this time outside of the matters discussed herein.  Should the Court require one, Plaintiff would request that the Court allow its attorney, who lives in Marin County, to participate via telephone conference.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: August 3, 2012**

By:  /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                                      /s/ Brett L. Gibbs
                                                        Brett L. Gibbs, Esq.