Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

Nicholas Ranallo, Attorney at Law
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
nick@ranallolawoffice.com
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. 3:12-CV-02396-EMC** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMENT** |
| | ) | **CONFERENCE STATEMENT** |
| v. | ) | **AND [PROPOSED] ORDER** |
| | ) | |
| | ) | Date:   November 30, 2012 |
| JOE NAVASCA, | ) | Time:   9:00 AM |
| | ) | Judge: Honorable Edward M. Chen |
| | ) | Courtroom:    Five – 17th Floor |
| Defendant. | ) | File Date: May 10, 2012 |
| | ) | Trial Date:  None Set |
| _____ | ) | |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC and Joe Navasca submit this Joint Case Management Conference Statement pursuant to the United States District Judge Edward M. Chen's Civil Standing Order – General (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).

**1.        Jurisdiction and Service**

*The basis for the court's subject matter jurisdiction over Plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

<u>AF Holdings LLC</u>: Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over Joe Navasca because, upon credible information and belief gathered by Plaintiff, Joe Navasca resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by Joe Navasca to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

<u>Joe Navasca</u>:

Mr. Navasca has not yet filed an answer or motion to dismiss (though he will on or before November 29, 2012).  Nonetheless, without waiving any objections to jurisdiction, Mr. Navasca believes that personal jurisdiction over him is likely appropriate, based on Mr. Navasca's residence within the district. AF Holdings claims that this court has supplemental jurisdiction over "civil conspiracy" claims, though no such claim has been included in the Amended Complaint against Mr. Navasca.

Mr. Navasca agrees that this court generally has subject matter jurisdiction over copyright infringement claims.  Nonetheless, Mr. Navasca contests AF Holdings standing to bring the instant

action.   As Plaintiff's lack of standing may implicate the appropriateness of subject matter jurisdiction in the instant case, Mr. Navasca is presently unwilling to concede that subject matter jurisdiction is strictly appropriate.

**2.     Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

AF Holdings LLC: Plaintiff is an organization that holds the copyrights to the adult entertainment content titled, "Popular Demand" (hereinafter "Video"). Joe Navasca is the alleged copyright infringer. Joe Navasca, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Joe Navasca operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another.

Joe Navasca:

Mr. Navasca's Answer/Rule 12 Motion is due on November 29, 2012.   In the event that Mr. Navasca chooses to file an answer, Defendant will admit or deny the specific allegations against him.   For purposes of the instant filing, let it suffice to say that Defendant denies the allegations of copyright infringement.   Mr. Navasca likewise contests Plaintiff's characterization of the facts.   Mr. Navasca denies that he has uploaded, downloaded, or otherwise shared the subject video via BitTorrent.   Mr. Navasca is not the ISP subscriber identified in connection with Plaintiff's prior subpoena in this case, and has no idea how he was chosen as the defendant in the instant case.   As noted above, Mr. Navasca also contests that AF Holdings has received sufficient rights under 17 U.S.C. §106 to confer standing in the instant case.

3.      **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

AF Holdings LLC: Plaintiff believes that it states a *prima facie* case for copyright infringement.  Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video. The Video is currently registered in the U.S. Copyright Office, copyright no. PA0001754383. Plaintiff received the rights to this Video on December 20, 2011, pursuant to an assignment agreement. Joe Navasca, using IP address 69.109.216.238, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 2.2.1—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties. Joe Navasca's illegal download was detected on January 12, 2012 at 9:26:39 AM (UTC) and Joe Navasca, as part of a group of BitTorrent users in a single swarm, shared a particular unique file with hash value 6C10F2DCFF52961B876AA592183103BAC958E989 which was common to all of the participants in the swarm.

Joe Navasca:  Defendant does not concede that Plaintiff has stated even a prima facie case of copyright infringement against him.  Plaintiff has put forward literally no facts to support the inference that Joe Navasca is the infringer of its copyrights, instead relying on a formulaic recitation of the elements of the cause of action.  This is even more important considering that defendant does not even appear to be the individual identified by AT&T as the account-holder.

Defendant likewise contests that AF Holdings is the real party in interest in the instant suit, or that it has received sufficient rights to confer standing in the instant case.  The complaint in the instant case avers that Plaintiff owns the relevant rights "with respect to BitTorrent-based reproduction and distribution of the Video," while the applicable  license purports to grant AF Holdings full ownership of all relevant rights.  Defendant believes  that this is a license that confers only the right to sue, in contravention of applicable requirements for standing.  Defendant intends to seek further discovery to conclusively establish this point.

**4.     Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

    <u>AF Holdings LLC</u>: On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 4.) On June 4, 2012, the Court granted that Application. (ECF No. 7.)  AF Holdings LLC does not anticipate any motions in the near future.

    <u>Joe Navasca</u>:

    As noted above, Mr. Navasca may choose to file a Rule 12 motion based on the Plaintiff's failure to state a claim, or a motion for judgment on the pleadings based on similar grounds. Plaintiff's complaint consists primarily of legal conclusions, and lacks  any factual basis for alleging that Mr. Navasca is the infringer of its client's  copyrights.  Mr. Navasca doubts that Plaintiff has satisfied the requirement as set forth in *Iqbal* and *Twombley*, given the lack of factual basis, and likewise doubts that Plaintiff has pled enough facts "to state a claim for relief that is plausible on its face."  Defendant has not finally determined whether he will challenge Plaintiff's claim via a pre-answer motion to dismiss or a subsequent motion for judgment on the pleadings.

    In addition, Mr. Navasca will file a motion to require Plaintiff to post an undertaking pursuant to the court's inherent power and California Code of Civil Procedure §1030.  Plaintiff is a foreign corporation organized in a notorious "asset protection" jurisdiction that appears to engage in no business beyond filing copyright infringement suits.  Defendant doubts his ability to ultimately collect any award of costs and attorney fees that is ultimately rendered in his favor.  Defendant likewise can show a "reasonable possibility of obtaining judgment" in this action, and an undertaking is therefore appropriate, as recognized in another AF Holdings case in this jurisdiction (AF Holdings v. Trinh; 3:12-cv-02393-CRB).

**5.      Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

AF Holdings LLC: Plaintiff filed its Amended Complaint on October 26, 2012 naming Joe Navasca as the Defendant. Plaintiff does not foresee any future amendments to the Complaint for now.

Joe Navasca:

Mr. Navasca's first responsive pleading is due on November 29, 2012.  Defendant may or may not avail himself of Rule 15's provisions allowing for amendment as a matter of right, though speculation on this point is premature.


**6.      Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mails, and other electronically-recorded material.*

AF Holdings LLC: Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of Joe Navasca's infringing activity using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. 6881's processes are designed to ensure that information gathered about John Navasca is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial.  AF Holdings has preserved all documents related to its investigation and prosecution of Mr. Navasca.

Joe Navasca:

Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation.

**7.     Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

     <u>AF Holdings LLC</u>: Plaintiff is in the process of formulating and serving initial disclosures.

     <u>Joe Navasca</u>:  Mr. Navasca is likewise in the process of formulating and serving initial disclosures.

**8.     Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modification of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

     <u>AF Holdings LLC</u>: Pursuant to Plaintiff's Subpoena issued to Joe Navasca's ISP, AT&T, Plaintiff was provided with the identifying information of the account holder associated with IP holder 69.109.216.238, which belonged to the Defendant Joe Navasca. Plaintiff may take Joe Navasca's deposition as the case progresses further, as well as issuing depositions to third-parties with information relevant to Plaintiff's allegations.  Plaintiff also anticipates issuing interrogatories and requests for admission to Defendant.

     <u>Joe Navasca</u>:  As an initial matter, Mr. Navasca contests Plaintiff's characterization of the discovery thus far.  Specifically, Mr. Navasca does not believe that he is the account-holder whose information was provided to Plaintiff by AT&T.  Indeed, the registered account-holder is the defendant's father, who was also the original target of Plaintiff's settlement demands.

     Mr. Navasca has not propounded any discovery at this point.  Mr. Navasca does intend to utilize the full range of discovery  options available, including interrogatories, requests for admission and production, and depositions.  Mr. Navasca anticipates conducting a deposition of the PMK at AF Holdings regarding the creation and licensing  of the work that forms the basis of the instant suit, as well as the corporate structure of AF Holdings and .  Mr. Navasca further anticipates that he will need to depose relevant individuals at Heartbreaker Productions who have knowledge regarding  the creation, licensing, distribution, and revenues  derived from the subject work.  Mr. Navasca anticipates further discovery directed at Peter Hansmeier, the individual responsible for IP address

harvesting at 6881 Forensics, LLC.  Finally, Mr. Navasca  will pursue discovery as to such other individuals that are determined to have significant relevant information following initial discovery, and may seek further  discovery in support of affirmative defenses and/or counterclaims, in the event that Mr. Navasca chooses to pursue such claims.

**9.     Class Actions**

*If a class action, a proposal of how and when the class will be certified.*

> AF Holdings LLC: Not applicable.

> Joe Navasca: This case is not presently a class action.  Defendant Navasca  reserves  the right to bring all appropriate counter-claims, though he does not anticipate a class action at this juncture.

**10.    Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

> AF Holdings LLC: Not applicable.

> Joe Navasca:  Not applicable.

**11.    Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

> AF Holdings LLC: Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that Joe Navasca infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Joe Navasca has injured the business reputation and business of Plaintiff by Joe Navasca's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining the

Joe Navasca and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Joe Navasca to destroy all copies of those unlawfully copyrighted files in Joe Navasca's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Joe Navasca for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

Joe Navasca: Defendant will state appropriate counterclaims and seek such relief as he may be entitled, should he decide to file an answer with counter-claims (instead of seeking pre-answer dismissal via Rule 12). Defendant will also certainly seek full costs and attorney fees as the prevailing party under 17 U.S.C. §505.

## 12.     Settlement and ADR

*Prospects for settlement ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

AF Holdings LLC: Currently, there is no ADR phone conference set in this case.

Joe Navasca:   Plaintiff initially sought settlement from the defendant's father, Jovino Navasca, based on the allegations herein, by letter dated September 26, 2012.  On October  16, 2012, Plaintiff sent a second letter to Jovino Navasca, indicating that Plaintiff would pursue further litigation.  Two days later, on October 18, 2012, Plaintiff sent a letter to Defendant herein, indicating (without any explanation) that "we now believe that YOU were the infringer of our client's movie," and threatening to publicly name and sue defendant unless he paid a sizable "settlement."  Defendant maintains his complete innocence and is not interested in paying a "settlement" of this sort.

Defendant will comply with L.R. 3-5 and, based on prior interactions with Plaintiff's counsel, defendant expects that the parties will ultimately select Early Neutral Evaluation as the mandatory ADR method in the instant case.

**13.      Consent to Magistrate Judge For All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

>       AF Holdings LLC: Not applicable.

>       Joe Navasca: Not Applicable.

**14.      Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

>       AF Holdings LLC: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

>       Joe Navasca:   Defendant agrees that this case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial and any request to bifurcate issues, claims, or defenses.*

>       AF Holdings LLC:  Not applicable.

>       Joe Navasca:  Defendant believes  that the issues can be narrowed substantially, if not finally determined, via Rule 12 motion or Motion for Summary Judgment.   Beyond this, Defendant is presently unaware of any way that the issues can be further narrowed at this time.

**16.      Expedited Schedule**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Orde 64, Attachment A. If all parties agree, they shall instead of this Statement, file an excuted Agreement for Expedited Trial and a Joint Expedited Case Management Statement.*

>       AF Holdings LLC: Not applicable.

>       Joe Navasca:  Defendant may require substantial discovery to establish certain affirmative

defenses and/or counterclaims, should a responsive pleading become necessary.  As such, defendant is not agreeable to an expedited trial procedure.

**17.    Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

      <u>AF Holdings LLC</u>:

- Initial Disclosures: December 3, 2012.
- Fact Discovery Cut-off: March 15, 2013
- Dispositive Motions: July 15, 2013
- Pre-Trial Conference: September 20, 2013
- Trial:  October 24, 2013

<u>Joe Navasca</u>:

- Initial Disclosures: December 3, 2012
- Non-Expert Discovery Cut-off: March 15, 2013
- Opening Expert Disclosure: March 29, 2013
- Rebuttal Expert Disclosure: April 29, 2013
- Last Day for Filing of Dispositive Motions: July 29, 2013
- Pre-Trial Conference: September 27, 2013
- Trial: October 24, 2013

**18.    Trial**

*Whether the case will be tried to a jury to the court and the expected length of the trial.*

      <u>AF Holdings LLC</u>: Plaintiff is willing to estimate two full days.

      <u>Joe Navasca</u>: Plaintiff has requested a jury trial.  Defendant estimates  that the trial will last at least two full days.

**19. Disclosure of Non-Party Interested Entities or Persons** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations, including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

AF Holdings LLC: Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.) Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

Joe Navasca:  Defendant will file his Certification simultaneously herewith, and will certify that he is unaware of any interested party related to defendant in this litigation.  Defendant does not believe that Plaintiff has complied with Civil L.R. 3-16, as Plaintiff fails to identify any persons with any interest in AF Holdings, LLC.  Civil L.R. 3-16 requires disclose of "any persons, associations of persons, firms, partnerships, corporations, or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding."  Plaintiff therefore seems to assert that AF Holdings is an LLC without any members, or anyone else, that has a financial interest in the company.  Plaintiff has also limited its declaration to "information and belief," though this deprives the declaration of any evidentiary weight that it might have.

**20. Other Matters**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

AF Holdings LLC: None.

Joe Navasca: None at this time.

DATED:  November 23. 2102

PRENDA LAW INC.,

By:     /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff AF Holdings LLC*

DATED: November 23, 2012

NICHOLAS RANALLO, ATTY AT LAW

By:     /s/      Nicholas Ranallo
Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
nick@ranallolawoffice.com
Attorney for Joe Navasca

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

The undersigned hereby certifies that on November 23, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

4

5

6

/s/  Nicholas Ranallo_____

7

Nicholas Ranallo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT       No. 3:12-CV-02396-EMC