Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **ANSWER TO AMENDED COMPLAINT DENYING ALLEGATIONS OF 1) DIRECT COPYRIGHT INFRINGEMENT AND 2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** |

COME NOW the defendant Joe Navasca, by and through his attorney, and submits Defendant's Answer to Plaintiff's Amended Complaint for Direct and Contributory Copyright Infringement as follows:

**Nature of the Case**

1.  Defendant admits that the instant matter is filed under the Copyright Act, including contributory infringement. Defendant denies the remaining allegations of Paragraph 1.
2.  Answering Paragraph 2, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
3.  Answering Paragraph 3, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
4.  Mr. Navasca admits that he is over the age of 18 and resides in the Northern District of California. Defendant denies the remaining allegations of Paragraph 4.

**Jurisdiction and Venue**

5. Defendant admits that this Court has subject matter jurisdiction over copyright infringement claims.

6. Defendant admits that this Court has personal jurisdiction and that Defendant resides in the State of California. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that venue is appropriate in this district, as Defendant resides in this district. As to any other allegations in Paragraph 7, defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

8. Defendant admits the allegations of Paragraph 8.

9. Answering Paragraph 9, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

10. Answering Paragraph 10, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

11. Answering Paragraph 11, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

12. Answering Paragraph 12, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

13. Answering Paragraph 13, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

14. Answering Paragraph 14, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

15. Answering Paragraph 15, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

16. Answering Paragraph 16, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

17. Answering Paragraph 17, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**Allegations Common to All Counts**

18. Answering Paragraph 18, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

19. Defendant admits that the Video is apparently registered in the United States Copyright Office by Heartbreaker Productions, a third party. As to the remaining allegations in Paragraph 19, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

20. Answering Paragraph 20, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

21. Answering Paragraph 21, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies that he participated in the swarm alleged in Paragraph 24, or in any way uploaded, downloaded, or otherwise shared the work in question. As to the allegations remaining in Paragraph 24, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis defendant denies them.

**Count I – Copyright Infringement**

25. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies that Plaintiff is entitled to statutory damages against Defendant.

31. Defendant denies the allegations in Paragraph 31.

**Count II – Contributory Infringement**

32. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.

33. Answering Paragraph 33, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

**Prayer for Relief**

1-6. Defendant denies any and all allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief stated therein or any relief whatsoever on the claims brought herein.

**Defendant's Affirmative Defenses**

Defendant hereby asserts the following Affirmative Defenses in this case:

First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against defendant.

Second Affirmative Defense

2. Plaintiff's claims are barred because Plaintiff lacks standing to bring or maintain the instant action.

Third Affirmative Defense

3. The measure of statutory damages sought by Plaintiff is unconstitutionally excessive as

applied.

Fourth Affirmative Defense

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Fifth Affirmative Defense

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Sixth Affirmative Defense

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

Seventh Affirmative Defense

7. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any infringement of Plaintiff's work qualifies as an "innocent infringement."

Eighth Affirmative Defense

8. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred.

Ninth Affirmative Defense

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Tenth Affirmative Defense

10. Plaintiff's copyrights are invalid and/or unenforceable.

### Eleventh Affirmative Defense

11. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent, and the claims are therefore barred by the doctrine of implied license.

### Twelfth Affirmative Defense

12. Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Thirteenth Affirmative Defense

13. To the extent Plaintiff has suffered any damages, which defendant expressly denies, Plaintiff has failed to take reasonable steps to mitigate the damages sustained.

### Fourteenth Affirmative Defense

14. Plaintiff's claims are barred because the alleged infringement was not cause by a volitional act attributable to defendant.

### Fifteenth Affirmative Defense

15. Plaintiff is barred from further recovery by the doctrines of accord and satisfaction and the single satisfaction rule.

### Sixteenth Affirmative Defense

16. Plaintiff action is barred by the doctrine of collateral estoppel.

**Additional Defenses**

17. Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

**Defendant's Relief Requested**

WHEREFORE, Defendant Prays this Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiffs shall take no relief from their complaint herein;
3. For an award of Defendant's costs and attorneys' fees herein incurred pursuant to 17 U.S.C. §505; and
4. For such other relief as this Court deems just.

**Demand for a Jury Trial**

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.

DATED: November 29, 2012        Respectfully Submitted,


By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
Attorney for Joe Navasca
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 29th day of November, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/        Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law