Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for: Putative John Doe in 3:12-cv-04976-JSW

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE, et al.,<br><br>      Defendants. | 4:2012-cv-02049-PJH<br><br>Assigned to:  Hon. Phyllis J. Hamilton<br><br>Complaint filed:  04/24/2012<br><br>**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>[L.R. 3-12(b)] |
| AF HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>TRINH,<br><br>      Defendant. | 3:2012-cv-02393-CRB<br><br>Assigned to:  Hon. Charles R. Breyer<br>Referred to:  Magistrate Judge Donna M. Ryu<br><br>Complaint filed:  05/10/2012 |

| | |
|---|---|
| AF HOLDINGS, LLC, | 5:2012-cv-02394-LHK |
| Plaintiff, | Assigned to:  Hon. Lucy H. Koh |
| | Referred to:  Magistrate Judge Paul Singh Grewal |
| v. | Complaint filed:  05/10/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS, LLC, | 3:2012-cv-02396-EMC |
| Plaintiff, | Assigned to:  Hon. Edward M. Chen |
| v. | Complaint filed:  05/10/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS, LLC, | 3:2012-cv-02404-SC |
| Plaintiff, | Assigned to:  Hon. Samuel Conti |
| v. | Complaint filed:  05/10/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS, LLC, | 4:2012-cv-02411-PJH |
| Plaintiff, | Assigned to:  Hon. Phyllis J. Hamilton |
| v. | Complaint filed:  05/10/2012 |
| JOHN DOE, | |
| Defendant. | |

| | | |
|---|---|---|
| 1 | AF HOLDINGS, LLC, | 3:2012-cv-02415-CRB |
| 2 | Plaintiff, | Assigned to: Hon. Charles R. Breyer |
| 3 | | Referred to: Magistrate Judge Donna M. Ryu |
| | v. | |
| 4 | | Complaint filed:  05/10/2012 |
| 5 | JOHN DOE, | |
| 6 | Defendant. | |
| 7 | AF HOLDINGS LLC, | 4:2012-cv-03248-PJH |
| 8 | | |
| 9 | Plaintiff, | Assigned to:  Hon. Phyllis J. Hamilton |
| 10 | v. | Complaint filed:  05/10/2012 |
| 11 | THOMAS NGUYEN, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | AF HOLDINGS LLC, | 3:2012-cv-04218-WHA |
| 15 | Plaintiff, | Assigned to:  Hon. William Alsup |
| 16 | | |
| 17 | v. | Complaint filed:  08/09/2012 |
| 18 | JOHN DOE, | |
| 19 | Defendant. | |
| 20 | AF HOLDINGS LLC, | 5:2012-cv-04219-LHK |
| 21 | | |
| 22 | Plaintiff, | Assigned to:  Hon. Lucy H. Koh |
| 23 | | Referred to:  Magistrate Judge Paul Singh Grewal |
| | v. | |
| 24 | | Complaint filed:  08/09/2012 |
| 25 | JOHN DOE, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

| | |
|---|---|
| AF HOLDINGS LLC, | 5:2012-cv-04446-EJD |
| Plaintiff, | Assigned to:  Hon. Edward J. Davila |
| | Referred to:  Magistrate Judge Paul Singh Grewal |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS LLC, | 5:2012-cv-04447-RMW |
| Plaintiff, | Assigned to:  Hon. Ronald M. Whyte |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS LLC, | 5:2012-cv-04448-EJD |
| Plaintiff, | Assigned to:  Hon. Edward J. Davila |
| | Referred to:  Magistrate Judge Paul Singh Grewal |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |
| AF HOLDINGS LLC, | 3:2012-cv-04982-CRB |
| Plaintiff, | Assigned to:  Hon. Charles R. Breyer |
| | Referred to:  Magistrate Judge Donna M. Ryu |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

| | |
|---|---|
| INGENUITY 13 LLC, | 3:2012-cv-04216-JSW |
| Plaintiff, | Assigned to:  Hon. Jeffrey S. White |
| v. | Complaint filed:  08/09/2012 |
| JOHN DOE, | |
| Defendant. | |

| | |
|---|---|
| INGENUITY 13 LLC, | 3:2012-cv-04217-RS |
| Plaintiff, | Assigned to:  Hon. Richard Seeborg |
| v. | Complaint filed:  08/09/2012 |
| JOHN DOE, | |
| Defendant. | |

| | |
|---|---|
| INGENUITY 13 LLC, | 5:2012-cv-04445-LHK |
| Plaintiff, | Assigned to: Hon. Lucy H. Koh<br>Referred to: Magistrate Judge Paul Singh Grewal |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |

| | |
|---|---|
| INGENUITY 13 LLC, | 3:2012-cv-04449-SC |
| Plaintiff, | Assigned to:  Hon. Samuel Conti<br>Referred to:  Magistrate Judge Kandis A. Westmore |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

| | |
|---|---|
| INGENUITY 13 LLC, | 3:2012-cv-04450-MMC |
| Plaintiff, | Assigned to:  Hon. Maxine M. Chesney |
| | Referred to:  Magistrate Judge Maria-Elena James |
| v. | Complaint filed:  08/23/2012 |
| JOHN DOE, | |
| Defendant. | |
| INGENUITY 13 LLC, | 3:2012-cv-04976-JSW |
| Plaintiff, | Assigned to:  Hon. Jeffrey S. White |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |
| INGENUITY 13 LLC, | 3:2012-cv-04977-WHA |
| Plaintiff, | Assigned to:  Hon. William Alsup |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |
| INGENUITY 13 LLC, | 4:2012-cv-04978-PJH |
| Plaintiff, | Assigned to:  Hon. Phyllis J. Hamilton |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |

| | |
|---|---|
| INGENUITY 13 LLC, | 5:2012-cv-04979-LHK |
| Plaintiff, | Assigned to: Hon. Lucy H. Koh |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |
| INGENUITY 13 LLC, | 5:2012-cv-04980-EJD |
| Plaintiff, | Assigned to:  Hon. Edward J. Davila |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |
| INGENUITY 13 LLC, | 3:2012-cv-04981-RS |
| Plaintiff, | Assigned to: Hon. Richard Seeborg |
| v. | Complaint filed:  09/24/2012 |
| JOHN DOE, | |
| Defendant. | |

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

## JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES

Plaintiffs AF Holdings, LLC and Ingenuity 13, LLC are both shell entities organized under the laws of the Federation of Saint Kitts and Nevis.  Both entities have filed a tsunami of John Doe pornographic copyright infringement actions in United States District Courts, including 25 active cases currently pending in this judicial district.  Both entities are represented by the same plaintiff law firm: Prenda Law, Inc. (f/k/a Steele Hansemeier PLLC).  Both entities have filed substantially identical cookie cutter complaints and *ex parte* applications seeking leave of Court to issue subpoenas to ISPs prior to a Rule 26(f) conference.  In support of their applications for early discovery, both entities have offered a declaration from "Peter Hansemeier"[1] who purports to be a computer expert.   Generally speaking, the pleadings in all the AF Holdings cases and Ingenuity 13 cases in this district track paragraph by paragraph, word for word.  The only real difference between the two groups of cases appears to be the particular pornographic works at issue and, of course, the varying IP addresses identified in the complaints.

Consistent with the practice of similar plaintiffs, Prenda Law generally neglects to properly notice its cases as related when filing its multiple actions, even though many of the cases involve the same copyrights as one another.  *See* L.R. 3-12. The undersigned believes that judicial economy would be served, and a duplication of judicial labor would be avoided, by transferring all of the Ingenuity 13 and AF Holdings cases to a single Judicial Officer.

In particular, there are material, ***common issues of law and fact relating to the propriety of pre-service discovery*** in these cases, as well as the frivolous negligence claims, that could best be handled in a consolidated proceeding before a single Judicial Officer.  Further, as demonstrated in the Appendices to this Notice, there is now ***credible evidence of another <u>deeply troubling</u> connection between both groups of cases***: it appears

---

[1] On information and belief, Peter Hansemeier is the brother of John Steele's former law partner Paul Hansemeier. Peter Hansemeier routinely provided the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he now provides for Prenda Law, Inc.

both entities may be engaged in the same widespread fraud, which involves misappropriation of the identity of one Mr. Alan Cooper of Minnesota.

(a)     **Common Issues of Law and Fact Between the Related Cases: (1) Is There a Widespread Fraud With Respect to the Use of the Identity of One Mr. Alan Cooper by AF Holdings and Ingenuity 13; (2) Do These Entities Have Proper Standing; (3) Are John Steele and/or Prenda Law the Undisclosed, Real Parties in Interest in These Cases; (4) Do These Cases Involve Improper Fee Splitting?**

Both AF Holdings, LLC and Ingenuity 13, LLC have, in other actions, identified a Mr. Alan Cooper as their sole principal. In 2011, plaintiff's counsel in the Ingenuity 13 and AF Holdings actions here, Mr. Brett Gibbs, filed a miscellaneous action styled as a "Verified Petition to Perpetuate Testimony" on behalf of Ingenuity 13, LLC. *In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 2:11-mc-JAM-DAD, ECF No. 1, 10/28/11.[2]  The petition, which was filed and e-signed by Mr. Gibbs, also contained a verification electronically signed with the "/s/" by "Alan Cooper, Manager of Ingenuity 13, LLC".[3]  All of the AF Holdings complaints pending in this district have attached thereto as Exhibit B a copyright assignment document which purports to bear a handwritten signature for "Alan Cooper".

As demonstrated in a letter recently e-filed in two AF Holdings cases pending in federal courts in Minnesota, (Appendix 1) a very troubling series of as-yet unexplained circumstances have recently come to light with respect to this Alan Cooper, purported principal of both AF Holdings, LLC and Ingenuity 13, LLC.  There *is* a man named Alan Cooper who lives in Minnesota and who, according to his newly-retained attorney,

---

[2] A copy of Ingenuity 13's verified petition executed by "Alan Cooper" is attached as "Exhibit E" to the Letter Mr. Cooper's attorney filed with the Minnesota courts (the complete ECF letter filing from Cooper's attorney is attached hereto as Appendix 1).

[3] Verifications of such petitions are generally supposed to be notarized with an original paper signature.  However, instead of a notarized signature, the verification of the petition in question instead stated the following below Mr. Cooper's signature "I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition."  "Exhibit E" to Appendix 1.

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

"had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of ***John Steele***. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. ***He also specifically instructed my client to contact him if anyone asked about various corporations***, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it." <u>Appendix 1</u>, p. 1 (Minnesota ECF Letter); *see also* <u>Appendix 2</u> (Sworn Affidavit of Alan Cooper).

John Steele was the founding partner of Steele Hansemeier, PLLC, which was the predecessor to Prenda Law, Inc. (current plaintiff's counsel in the AF Holdings and Ingenuity 13 cases in this district).  According to Mr. Steele, he sold his client book to Prenda Law, and depending on who is asking him, he now variously describes himself as both "of counsel," to Prenda Law ("Exhibit A" to <u>Appendix 1</u>), or "not an attorney with any law firm" (<u>Appendix 3</u>, pp. 11:25–12:7).[4]  As noted above, Peter Hansemeier, the brother of John Steele's former law partner, Paul Hansemeier, is now involved in the actions pending before this Court as the technical expert for both Ingenuity 13 and AF Holdings.

Perhaps this is all a coincidence and there really is another Alan Cooper who is the true principal both AF Holdings, LLC and Ingenuity 13, LLC, both of which were established in Saint Kitts and Nevis (which, incidentally, has very strict laws prohibiting disclosure of corporate information).[5]  Concerned that AF Holdings and Ingenuity 13 may

---

[4] <u>Appendix 3</u> is a copy of a transcript from a recent federal court hearing in the Middle District of Florida, wherein Judge Scriven attempted to make inquiries about the identity of the real party in interest in Prenda cases, among other questions.

[5] "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-company-form-tax-haven-limited-liability.html; *see also* U.S. Department of Treasury Financial Crimes Enforcement Network Warning re: St. Kitts and Nevis: http://www.fincen.gov/news_room/rp/advisory/html/advis26.html

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

have usurped his identity without his knowledge or authorization, and that he could end up being liable for litigation awards in connection with AF Holdings' and Ingenuity 13's many court cases nationwide, Mr. Cooper hired an attorney to seek clarification and make inquiries on this matter. ***The responses Prenda Law and John Steele have made to these inquiries to date have not been reassuring***. Immediately after Mr. Cooper's lawyer filed a notice of appearance on his behalf in one of the Minnesota cases, John Steele attempted to call the Minnesota Mr. Cooper directly, multiple times, notwithstanding the fact that Mr. Cooper was represented by counsel. <u>Appendix 1</u>, p. 2. Since then, Prenda Law's principal Paul Duffy has apparently disavowed Mr. Steele, and directed Mr. Cooper's attorney that this should be considered solely a matter between Mr. Cooper and John Steele. <u>Appendix 1</u>, p. 2. Prenda Law, which still represents both AF Holdings and Ingenuity 13, has so far refused to clarify whether there really is another Alan Cooper who is the true principal of these entities. *See* <u>Appendix 5</u> (recent meet and confer emails between undersigned and Brett Gibbs).

All of these facts regarding Alan Cooper are highly relevant to both the AF Holdings and Ingenuity 13 cases pending in this District. For some time, undersigned counsel has suspected that John Steele and/or Prenda Law, Inc. may hold an undisclosed pecuniary interest in the outcome of this litigation, in contravention of Fed. R. Civ. Proc. 7.1, and this court's local rule. This concern is particularly acute given that there are suggestions that in these kinds of cases the lawyers are paid on a contingent fee basis, but the split between the lawyers and the clients may be 70/30 or even 90/10 in favor of the lawyers, which may constitute improper fee splitting.[6]

Undersigned counsel is not the only one curious about these details. On November 27, 2012 Judge Scriven of the Middle District of Florida attempted to investigate these

---

[6] 70/30 split: James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86 (2012) fn 85.
90/10 split: http://fightcopyrighttrolls.com/2012/05/27/no-agenda-show-about-copyright-trolling-its-a-complete-mafioso-operation/

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

issues in a Prenda Law case pending in her Court, after defense counsel suggested that Prenda Law may be engaged in improper fee splitting.  *Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case No. 8:12-CV-1685-T-35MAP.  Judge Scriven ordered a principal of Prenda Law, Inc. to attend a hearing on John Doe motion, and also ordered a principal of Sunlust Pictures, the plaintiff in that action, to attend the hearing as well.  According to the transcript from this hearing (attached hereto as Appendix 3) Prenda's "sole principal" Paul Duffy, belatedly notified the Court that he could not attend due to a health issue.  After two prior local counsel sought to withdraw from the matter, Prenda placed an advertisement in a local newspaper and obtained a new, third local counsel, who, after filing a notice of appearance and conferring with defense counsel, almost immediately sought to withdraw. Sunlust also did not send a principal to the hearing; rather, it sent John Steele's former paralegal as its "corporate representative" for hire, despite the fact that this person had no authority to bind the company, and that he did not know who owned or managed it. Accordingly, despite a Court order requiring them to do so, neither Prenda Law nor its client Sunlust Pictures sent a principal to the hearing.[7]  Judge Scriven nevertheless attempted to inquire about the ownership of Sunlust and about the financial interest of Prenda Law and its local counsel in the litigation.  However, neither the belatedly-hired local counsel nor the "corporate representative"—i.e., John Steele's former paralegal—had satisfactory answers to these questions, so Judge Scriven dismissed the case and invited a motion for sanctions.  Appendix 3.

Particularly when the Alan Cooper materials, i.e., his attorney's letter (Appendix 1) and Mr. Cooper's affidavit (Appendix 2), are read together with the Florida transcript (Appendix 3) a clear pattern begins to emerge: it appears Prenda Law and/or John Steele are defrauding Courts across the country by falsely holding out former/current personal

---

[7] Coincidentally, one person who did attend the hearing: John Steele.  Mr. Steele started out in the gallery and purported not to be involved in the case, but after the Court noticed the "corporate representative" constantly trying to confer with Mr. Steele, the Judge asked Mr. Steele who he was, and then asked him for answers to some of her questions about Sunlust Pictures, which Mr. Steele provided.  Appendix 2, p. 18:12-24.

acquaintances of John Steele as the purported principals of the plaintiff entities that Prenda Law represents in its national copyright infringement campaign.  In other words, the Florida hearing transcript provides yet further evidentiary support for the same kind of deeply troubling circumstances that have been raised by Alan Cooper of Minnesota.  These are serious allegations–but Prenda Law has yet to provide any kind of substantive answers.

For approximately the past three weeks, undersigned counsel as well as Mr. Cooper's attorney, have sought answers from Prenda Law on the following questions:

> (1) Is there another Alan Cooper, other than the gentleman in Minnesota who was John Steele's former caretaker, who is or was the principal of AF Holdings, LLC and/or Ingenuity 13, LLC?;

> (2) Will plaintiff's counsel Brett Gibbs produce the original signature to the verified petition, supposedly executed by hand by "Alan Cooper" and notarized, which Mr. Gibbs stated, under penalty of perjury, that he has a copy of in his own possession and control? *See In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 2:11-mc-JAM-DAD, ECF No. 1, 10/28/11;[8]

> (3) Will Mr. Gibbs identify his client contact at Ingenuity 13 and AF Holdings, given that Mr. Gibbs purported to speak with his "client" at Ingenuity 13 only two weeks ago?

So far, Prenda has not only refused to answer these specific questions, it has refused to even discuss these matters at all.  A true and correct copy of email correspondence memorializing undersigned counsel's recent attempts to meet and confer on these issues with Mr. Gibbs is attached hereto as Appendix 5.

---

[8] A copy of Ingenuity 13's verified petition executed by "Alan Cooper" is attached as "Exhibit E" to the Letter Mr. Cooper's attorney filed with the Minnesota courts (the complete ECF letter filing from Cooper's attorney is attached as Appendix 1 to the Notice of Related Cases filed herein on December 3, 2012).

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

In short, it appears the plaintiffs' lawyers may truly be the real parties in interest in these cases, there are undisclosed financial interests in the outcome, improper fee splitting may be occurring, and if the Minnesota Alan Cooper truly is the real principal of Ingenuity 13 and AF Holdings entities (but without knowing it until now) there is a major question about the validity of the standing of these entities to sue for copyright infringement, not to mention more serious questions of perjury, identity theft, and systemic fraud on the Court.

The undersigned respectfully suggests that these very troubling issues—which are equally applicable in all of the Ingenuity 13 and AF Holdings cases in this district—could best be addressed in a unified proceeding before a single Judicial Officer.

**(b)**      **The Ingenuity 13 Cases and the AF Holdings Cases Call for Determination of Several Other Identical Questions of Law and Fact**

Aside from the Alan Cooper issues noted above, there are several other, more run of the mill reasons supporting the relation of the Ingenuity 13 cases to the AF Holdings cases.

As noted above, in each case there will be the exact same *identical* question regarding the propriety of the pre-Rule 26 subpoenas.  Specifically, multiple courts in this district are now being asked to consider whether the subpoenas, by themselves, are "very likely" to result in the identification of actual defendants. *See Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980) (discovery seeking to identify John Does should only be allowed when it is "very likely" to identify actual defendant).  Further, based on exactly the same facts, multiple courts will be asked to consider whether the AF Holdings and Ingenuity 13 complaints can withstand a hypothetical motion to dismiss for lack of standing under the Copyright Act.  Further, there is also a question about whether the complaint can withstand a hypothetical motion to dismiss for failure to join an indispensible party (namely, the "initial seeder). *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (in evaluating the propriety of ISP subpoenas seeking to identify anonymous individuals, Courts must consider hypothetical motions to dismiss the complaint).

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

At a minimum, short of complete transfer, the Court might consider consolidating[9] all of these actions for pre-service litigation issues, which will undoubtedly include hearing multiple motions to quash, as well as perhaps additional motion practice related to the discovery process used to go from identifying ISP subscribers to identifying actual Doe defendants who can be named and served in a manner consistent with Rule 11.

**(c)     All of these Cases Make Identical, Specious Negligence Claims**

Each of these cases relies on the same theory: that an Internet subscriber can somehow be liable to a copyright holder in negligence for failing to prevent alleged copyright infringement by a third party. Four judges of this District, and at least two in other Districts, have thoroughly rejected this theory on multiple grounds. The theory has never, to Defendant's knowledge, survived a contested motion.  Nonetheless, AF Holdings and Ingenuity 13 continue to press this theory before the judges of this District in the vain hope that one or more will ignore – or fail to notice – the considered opinions of four of their colleagues.[10] They also continue to demand extrajudicial settlements from defendants based on this non-viable legal theory. Consolidation before a single judge would allow for a more efficient resolution of these specious claims, which are central to the actions listed in this Notice.

In these actions, AF Holdings and Ingenuity 13 allege that "Defendant had a duty to secure his Internet connection" and is thus liable for copyright infringement by an

---

[9] Since the undersigned's client is not yet a named party, merely an ISP subscriber the plaintiff has *accused* of being a defendant, without yet naming or serving him, the undersigned is not able to make a motion for consolidation.  Such motions may only be made by parties.  However, the Court has authority to consolidate actions, or parts of actions, *sua sponte. Yousefi v. Lockheed Martin Corp.* 70 F Supp2d 1061, 1065 (C.D. Cal 1999)  ("Only a party to an action may move for consolidation of its action with another; alternatively, a district court presiding over the matters may order consolidation *sua sponte*) *citing In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012-21 (5th Cir. 1977) (explaining who may assert a motion to consolidate).

[10] When pressed by Judge Davila to distinguish one AF Holdings negligence case from a prior case, Plaintiff's counsel Brett Gibbs more or less admitted that it is his hope that different Judges in this district will reach different conclusions on the negligence claim.  <u>Appendix 4</u>, 13:11–14:23. That certainly helps explains plaintiff's reluctance to put these cases before a single Judge.

-8-

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

unknown third party that allegedly took place over the defendant's Internet connection. Two judges of this District have dismissed identical "negligence" claims by AF Holdings because the putative state law claims are preempted by the federal Copyright Act, because they did not state a claim under California tort law, and because they were foreclosed by the Communications Decency Act, 47 U.S.C. § 230. *AF Holdings, LLC v. John Doe and Josh Hatfield*, No. 4:12-cv-02049-PJH, Order Granting Motion to Dismiss (ECF No. 26) (Sep. 4, 2012); *AF Holdings, LLC v. John Doe and John Botson*, No. 5:12-cv-02048-EJD, Order Granting Motion to Dismiss (ECF No. 29) (Oct. 3, 2012).  Judge Corley denied a motion to take early discovery based on the same negligence theory, holding that such a claim would not survive a motion to dismiss and could not be a basis for early discovery. *New Sensations, Inc. v. Does 1-426*, 3:12-cv-3800-JSC, Order Denying Without Prejudice Plaintiff's Request for Discovery 8-9 (ECF No. 7) (Oct. 1, 2012). And Judge Breyer, in an order requiring AF Holdings to post security for defendant's costs in another identical case, found the negligence theory "deeply flawed."  *AF Holdings LLC v. David Trinh*, No. 3:12-cv-02393-CRB, Order Denying Motion for Leave to File a Motion for Reconsideration 2 (ECF No. 29) (Dec. 6, 2012).

Judges in other jurisdictions have reached the same conclusions. *See Liberty Media Holdings LLC v. Cary Tabora and Schuyler Whetstone*, No. 1:12-cv-2234-LAK, Memorandum Opinion 4-6 (ECF No. 33) (Jul. 9, 2012) (dismissing a similar negligence claim as preempted); *Liberty Media Holdings LLC v. Hawaii Members of Swarm of November 15, 2010 to January 27, 2011, Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7B5BC9-C05*, No. 1:11-cv-00262-DAE-RLP, Order 12-14 (dismissing a similar negligence claim for failure to state a claim).

Defendant is unaware of *any* case in which a negligence claim of this type has survived a contested motion, though counsel for AF Holdings and Ingenuity 13 occasionally cites to an unopposed default judgment in one such case, containing no consideration of the merits.

Reliance on this specious, thoroughly discredited legal theory is a common issue of law that runs through the cases listed in this Notice. Consolidation would allow for expeditious and uniform treatment of this issue.

**(d)     Transfer of the Ingenuity 13 and AF Holdings Cases to Single Judicial Officer Would Entail Substantial Savings of Judicial Effort**

As noted above, there are a number of issues that are going to be absolutely identical in each and every one of the AF Holdings and Ingenuity 13 cases.  The reason the issues are identical is because all of the cases were filed by the same attorney, Mr. Brett Gibbs, who is identifies himself as "of counsel" to Prenda Law, and all the cases use the exact same cookie-cutter pleadings.  While it is undoubtedly true that if any of these cases actually proceed to the service of a complaint, the different factual circumstances and different defenses available to each of the John Does will predominate, there are multiple *pre-service* issues Courts are typically asked to consider in these kinds of cases. Particularly given that most of Prenda's cases do not typically result in service of process, but they almost always result in motions to quash being filed by ISP subscribers, and related motion practice regarding pre-service discovery.  In addition, a single judge should decide the specious negligence claims to guard against a form of forum shopping.  Finally, particularly in light of the common questions of law and fact relating to Mr. Alan Cooper of Minnesota, the undersigned respectfully suggests that transfer is appropriate.

Respectfully submitted,

DATED: December 13, 2012                    THE PIETZ LAW FIRM

                                            */s/ Morgan E. Pietz*

                                            Morgan E. Pietz
                                            THE PIETZ LAW FIRM
                                            Attorney for Putative John Doe(s)
                                            Appearing on Caption

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**

1

2

## CERTIFICATE OF SERVICE

3

    I hereby certify that on this day, the above document was submitted to the CM/ECF
system, which sent notification of such filing(s) to the plaintiff, which is registered for
electronic service.

4

5

Respectfully submitted:  December 13, 2012      THE PIETZ LAW FIRM

6                                               */s/ Morgan E. Pietz*
                                                Morgan E. Pietz
7                                               THE PIETZ LAW FIRM
                                                Attorney for Putative John Doe(s)
8                                               Appearing on Caption

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOHN DOE'S ADMINISTRATIVE MOTION TO RELATE CASES**