Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. 3:12-cv-02396-EMC** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S RESPONSE TO** |
| JOE NAVASCA | ) | **JOHN DOE MOVANT'S** |
| | ) | **ADMINISTRATIVE MOTION TO** |
| | ) | **RELATE CASES** |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**[1]

The undersigned expects that, sooner rather than later, Mr. Morgan Pietz[2] will not require an introduction.  His tireless efforts to burden the judicial system, waste Plaintiff's resources, and completely ignore the interests of his clients will soon become as well-known in this District as they have in the Central District of California, where he recently filed a similar Notice of Related Cases and subsequent Supplement to Notice of Related Cases.  It has become unmistakably clear that Mr. Pietz filed the Central District Notice (and subsequent Supplement to Notice) of Related Cases, as well as the instant Administrative Motion to Relate Cases, in bad faith. The most damning evidence is provided by the fact that Mr. Pietz clearly recognized that the Local Rules mandate that such motions not exceed 5 pages (L.R. 7-11(a)), as he filed an "Administrative Motion to Exceed Five-Page Limit for Administrative Motion to Relate Cases" in Case No. 3:12-cv-02049-EDL (hereinafter

---

[1] Plaintiff files the instant Response as a Non-Motion response because it was not able to receive an answer as to why Mr. Pietz's filing is now labeled on the docket as "*** **FILED IN ERROR. PLEASE DISREGARD. ***"** Plaintiff simply seeks to ensure that its views on Mr. Pietz's outrageous filing are on the record.

[2] Attorney for the "Putative John Doe in Related Case," who has filed the instant Motion.  The Court should note that, despite Mr. Peitz's description of his client, none of the cases are related at this time.

"12-2049").   Yet, he quickly disobeyed it.   Mr. Pietz's patience with, and respect for, the requirements of the judicial process apparently did not extend beyond one hour, or beyond 12-2049; Mr. Pietz filed his Administrative Motion to Exceed Five-Page Limit in 12-2049 at 1:35 PM.   He filed his Administrative Motion to Relate Cases, consisting of ***107 total pages (18 of which focused on "arguments" berating Plaintiff's counsel)***, in case 12-2049 a scant 59 minutes later, at 2:34 PM. Apparently emboldened by discovering that the Northern District Court's ECF allowed him to file documents that do not comply with judicial requirements, Mr. Pietz decided to file the Administrative Motion to Relate Cases in Case No. 12-2393, Case No. 12-2394, Case No. 12-2396, and Case No. 12-2411, all with the same amount of pages included in each, without even bothering with the formality of a token (mandatory) request to the Court as he had in 12-2049.   The Court needs to reprimand him for his intentional, knowing and flagrant violation of the Local Rules.   The Court should exercise its inherent power to strike this motion, and give Mr. Pietz a stern warning that his reckless behavior will not be tolerated.

## MR. PIETZ'S RATIONALE

Mr. Pietz's wanton disregard of the judicial process is, perhaps, confusing to those who are unfamiliar with his abusive behavior, though it is quite familiar to the targets of this behavior.   The undersigned has a simple explanation for his conduct: Mr. Pietz is motivated by gaining publicity. Specifically, Mr. Pietz believes that his sloppy attempts to defame and overburden Prenda Law[3] will gain him coverage—and, subsequently, clients—from the two primary niche blogs which vehemently oppose Prenda's efforts to protect its clients' copyrights.[4]   Mr. Pietz has gone to great lengths to pander to this particular audience.   One of the most egregious examples is his publication of what the undersigned believed to be confidential communication between himself and Mr. Pietz. Though the undersigned stands by every word he said therein, Mr. Pietz has committed a grievous ethical violation by not only publishing those emails as an exhibit to his Notice of Related Cases in the Central District and the instant Administrative Motion to Relate Cases, but also providing the

---

[3] For which the undersigned serves in an of counsel role
[4] http://fightcopyrighttrolls.com/, http://dietrolldie.com/

email exchange to the fightcopyrighttrolls.com website.[5]  While this is a reality that has taken over the traditional legal practice—meet and confers are published the moment they are complete, no sense of professionalism or confidentiality or courtesy amongst (some) lawyers—it does not have to be accepted as the new standard.  As Plaintiff shall argue in its subsequent Motion for Sanctions, the particular motivation of Mr. Pietz's conduct is particularly inexcusable.

Mr. Pietz's attempts to attract the attention of defendants in the undersigned's cases stretch even farther back.   Mr. Pietz is attorney for Defendant in *Lightspeed v. Nason* (Case. No. NC057950) (Sup. Ct. of Los Angeles).  In that case, Mr. Pietz filed three separate motions to be heard at one hearing: a motion for sanctions (based solely on the Complaint itself), a motion to furnish security, and a demurrer.  Mr. Pietz chose to copy and paste the first six pages—containing the same sort of abusive, unsubstantiated allegations as he has presented in the instant Motion—across all three of his motions.  The Court thoroughly admonished Mr. Pietz for his lack of judgment in filing the motion for sanctions and motion to furnish security, commenting on how he was wasting the resources of the Court.  That case now carries on, and the Court in that area is well aware of Mr. Pietz's tactics.

Mr. Pietz clearly has not learned his lesson. The federal courts ought not be used as a marketing tool for Mr. Pietz's struggling law practice. There is a reason why administrative motions have page limits: if someone needs 18 pages to explain why certain cases are related, then he probably does not have a good reason to assert such relation. As Plaintiff explains in the next section, the cases that the "putative Jon Doe Defendant" seeks to relate are not related.

### THE CASES ARE NOT RELATED

Though the concepts of joinder and relation of cases are somewhat distinct, these analyses share some common themes. The foremost of these commonalities is the fact that each route ends in the same practical result of having the cases of multiple defendants being heard by the same judicial officer. The issue of whether joinder of multiple defendants is appropriate in online copyright infringement cases has been addressed several times in this District, and the judges of this District

---

[5] http://fightcopyrighttrolls.com/2012/12/11/facing-uncomfortable-questions-brett-gibbs-throws-a-tantrum/

have consistently ruled against such joinder.[6] Much of the logic applicable to finding joinder to be inappropriate is similarly applicable to the question of whether the instant cases Movant seeks to relate are, in fact, related. First of all, this District has asserted that separate instances of copyright infringement, even of the *same copyrighted work*, cannot be sufficient to allow for joinder of those separate defendants, undermining the proposition that multiple cases are related to each other just because they involve the *same or similar conduct*.[7] In addition, this District has directly rejected the rationale of judicial economy proffered by Movant, asserting that "joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. Though the 149 Doe defendants may have engaged in similar behavior, they are likely to present different defenses."[8] Thus, despite the fact that joinder and relation of cases are analyzed somewhat differently, the practical end result is the same: whether the defendants in each of the cases Movant seeks to relate were brought before the same judge on the basis of joinder or on the basis of relation of cases, the same disadvantages previously described would apply.

Finally, as a matter of common sense, these cases involve different defendants, different circumstances, different infringements, different times of infringement, different videos, and different BitTorrent swarms[9]; as such, each case presents its own unique set of circumstances, and to burden one judicial officer with all of these unique circumstances would fly in the face of common sense.[10]

## CONCLUSION

The cases Movant seeks to relate are not related, but that does not matter to Mr. Pietz. His ends were already accomplished when he filed his flurry of misguided attempts to relate cases in the Northern and Central Districts of California. Within the next day or two, Mr. Pietz will undoubtedly

---

[6] *See*, e.g., *Boy Racer v. Does 1-60, No. 3:11-cv-01738-SI*, ECF No. 24, (N.D. Cal. August 19, 2011) (dismissing case without prejudice to plaintiff filing individual actions against remaining defendants); *Boy Racer v. Does 1-52*, 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (severing does 2-52); *Boy Racer v. Does 1-71*, 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (severing does 2-71); *MCGIP v. Does 1-149*, No. C 11-02331 LB, ECF No. 6 (N.D. Cal. August 15, 2011) (finding permissive joinder to be inappropriate)
[7] *See, supra, n. 5*
[8] *MCGIP v. Does 1-149*, No. C 11-02331 LB, ECF No. 6 (N.D. Cal. August 15, 2011)
[9] Defendants who were in different BitTorrent swarms could not even have interacted with each other
[10] Analogously, one can imagine a situation where a certain bank has had two of its branches robbed by two different individuals on the same day. The two cases against the two individuals would certainly not be related just because they were both bank robberies and they both involved the same bank.

forward these filings on to the aforementioned anti-copyright enforcement blogs, and will reap the

rewards of defendants in copyright infringement cases admiring his "work" and seeking his services.

Mr. Pietz is welcome to market himself however he wants, but he should **not** be permitted to use the

federal judiciary as a venue to flyer his name, burdening the Court, taxing Plaintiff, and ignoring the

needs of his client.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: December 14, 2012**

By:        /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S RESPONSE TO JOHN DOE'S MOTION TO RELATE CASES          NO.  3:12-cv-02396-EMC