1
2
3
4

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

5
6
7
8

Nicholas Ranallo, Attorney at Law
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
nick@ranallolawoffice.com
*Attorney for Defendant*

9

10          IN THE UNITED STATES DISTRICT COURT FOR THE

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13  AF HOLDINGS LLC,                    )    **No. 3:12-CV-02396-EMC**
                                        )
14                                      )
            Plaintiff,                  )    **JOINT CASE MANAGEMENT**
15                                      )    **CONFERENCE STATEMENT**
        v.                              )    **AND [PROPOSED] ORDER**
16                                      )
                                        )    Date:   December 21, 2012
17  JOE NAVASCA,                        )    Time:  9:00 AM
                                        )    Judge: Honorable Edward M. Chen
18                                      )    Courtroom:    Five – 17th Floor
            Defendant.                  )    File Date: May 10, 2012
19  _____)    Trial Date:  None Set

20

21          **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

22          Plaintiff AF Holdings LLC and Joe Navasca submit this Joint Case Management Conference

23  Statement pursuant to the United States District Judge Edward M. Chen's Civil Standing Order –

24  General (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-

25  9(a).

26

27

28

**1.       Jurisdiction and Service**

*The basis for the court's subject matter jurisdiction over Plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

AF Holdings LLC:

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

As Defendant concedes, this Court has personal jurisdiction over Joe Navasca because, upon credible information and belief gathered by Plaintiff, Joe Navasca resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by Joe Navasca to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

AF Holdings obviously has standing in this matter. Considering that Defendant has fail to show any "evidence" that supports this theory, then how could there be an issue here? Otherwise, without proof, Defendant clearly has no basis to question Plaintiff's standing. Defendant's argument that certain issues arise regarding "Alan Cooper's" identity is irreverent to standing in this case. First, as stated, these "issues" are related to a rumor-laden letter improperly filed in a Minnesota federal case. *See AF Holdings LLC v. John Doe*, Case No. 0:12-cv-01449-JNE-FLN, Doc. No. 18 (D. Minn. Nov. 29, 2012). The Court "reviewed" the letter, and decided to "take no action." *See id* at Doc. No. 18. In other words, Mr. Ranallo's basis for making his standing argument is on

something ignored altogether by another district court.  A quick browse by this Court, and the Court will realize that the letter is full of rumor and conjecture.

Second, despite Defendant's attorney's arguments otherwise, there is no "controversy" that brings into question AF Holdings' right to bring this suit. As was made clear over twenty years ago by the Ninth Circuit, the assignee, and the one signing for it, is irrelevant when it comes to the validity of the assignment. As the law requires only that the assignment be signed by the assignor and not the assignee, any inconsistency (or conspiracy theory, as is the case here) is irrelevant to a prima facie showing of copyright ownership.  *See* 17 U.S.C. Section 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990); *see also AF Holdings, LLC v. Does 1-96*, Case No. 3:11-cv-03335-JSC, Fn. 1 (N.D. Cal. November 11, 2011).  There is nothing about the assignment that makes this a valid issue in this case *even if Defendant's attorney's conspiracy theories were correct* (and, to be clear, Plaintiff knows they are not).

As such, Defendant's standing issue lacks any credible basis.  Plaintiff strongly believes that this issue is a delay tactic, something where Defendant and his attorney are distracting everyone from the true issue in this case: Whether Defendant committed copyright infringement.  That is the issue here.

Joe Navasca:

Mr. Navasca has filed an answer, though he still has time to amend without leave of the court.  Thus, without waiving any objections to jurisdiction, Mr. Navasca believes that personal jurisdiction over him is likely appropriate, based on Mr. Navasca's residence within the district.

Mr. Navasca agrees that this court generally has subject matter jurisdiction over copyright infringement claims.  Nonetheless, Mr. Navasca contests AF Holdings standing to bring the instant action.   As Plaintiff's lack of standing may implicate the appropriateness of subject matter jurisdiction in the instant case, Mr. Navasca is presently unwilling to concede that subject matter jurisdiction is strictly appropriate.

///

///

2.      **Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

     AF Holdings LLC:

     Plaintiff is an organization that *validly* holds the copyrights to the adult entertainment content titled, "Popular Demand" (hereinafter "Video"), which was properly assigned to this company as referenced in the complaint. Joe Navasca is the alleged copyright infringer. Joe Navasca, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Joe Navasca operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another.

     Again, there is no standing issue here.  Plaintiff is happy to brief this issue if Defendant wants to file an actual motion supporting its standing argument.  The problem for Defendant is that he *does not* have any backing for this theory, aside from a crazy letter and a speculative declaration, to support such a motion.  Defendant knows that any motion on these grounds would be denied based on this lack of evidence.  Plaintiff is happy to respond to any motion with factual support that Defendant actually brings before this Court, but understands that this case management report is not is not the forum for this discussion.  Unless and until Defendant makes an actual motion, Plaintiff need not respond to something that is not an actual issue in this case.

     As for correspondence between counsel on this issue, Plaintiff's counsel is not avoiding anything.  Plaintiff's counsel knows, however, that being dragged into a conversation on this non-issue would only waste his client's money.  For instance, Defendant's wants Plaintiff's counsel to "prove" a negative, and has been berating him on this over the phone and through email.  This is not possible.   How can Plaintiff show standing aside from attaching a valid assignment to the Complaint?  If this is in fact an issue in this case, it is simply a *factual issue* that will be explored during *normal discovery*—just as discovery aimed at proving that Defendant did in fact commit infringement—and not during a separate, special witch-hunt investigation that resolves nothing in

1    this case.  As explained above, ultimately, the assignee and/or anyone signing for the assignee has no

2    relevance to a valid assignment.  *See Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir.

3    1990); *see also AF Holdings, LLC v. Does 1-96*, Case No. 3:11-cv-03335-JSC, Fn. 1 (N.D. Cal.

4    November 11, 2011).  Plaintiff's counsel see *no reason* to treat this perceived issue any differently

5    than anything else in this case, and it *definitely* does not require any expedited discovery prior to any

6    alternative dispute resolution.  Plaintiff's counsel responded in that manner to Defendant's counsel,

7    Plaintiff's counsel did not "refuse" to respond.  Defendant's counsel's ramblings are baseless and

8    diverting the Court from the real issue of this case: copyright infringement.

9        <u>Joe Navasca:</u>

10        Mr. Navasca denies entirely that he is the infringer of the work that forms the basis for this

11    action.  Mr. Navasca has no idea how he was chosen as the defendant in this matter, as he is not the

12    account-holder and is one of six individuals living in the subject residence.  Mr. Navasca's answer

13    denies the allegations of Plaintiff's complaint, and Mr. Navasca has submitted a declaration in

14    support of his motion for an undertaking that adds specific details supporting his denials.

15        Moreover, as discussed previously and left unresolved following the meet and confer

16    process[1], Plaintiff does not have standing to maintain the instant action.  The assignment in this

17    action is signed on behalf of AF Holdings by Alan Cooper, an individual who has disclaimed any

18    association with AF Holdings and has specifically stated that he did not authorize the use of his

19    name in connection with AF Holdings.  Plaintiff has offered initial disclosures that identify Mark

20    Lutz, a former paralegal at Prenda Law, as the sole individual that may have information about this

21

22    _____

[1] Counsel for Defendant sent the following pertinent request to Mr. Gibbs via email on December 7th.  "As to
your last question, regarding Alan Cooper, you could provide any evidence whatsoever (for example, in your
initial disclosures) that you have any individuals at AF Holdings who have actually executed the relevant
documents in this case, whether Alan Cooper is in fact Mr. Steele's former caretaker, whether you are
claiming that this caretaker did, in fact, sign these documents (and if not, who did), and/or how in the world
you think that Mark Lutz, paralegal at Steele Hansmeier/Prenda Law inc, can lay the appropriate foundation
for these documents, especially given the recent outcome in FL, where the judge considered Mr. Lutz
appearance to be an attempted fraud on the court."  Mr. Gibbs refused to respond to these questions, and
refused to respond to a follow-up request for this information.  During the December 13th telephonic meet and
confer, Mr. Gibbs would only state that Mr. Lutz is a "corporate representative" of AF Holdings, exactly the
meaningless formulation that Mr. Lutz put forward in Florida before being rejected as an "attempted fraud on
the court," and refused to provide any other information regarding this situation, noting that he "did not
represent Alan Cooper" and didn't see how it was relevant to the instant case...

assignment, and has not indicated that either putative signatory has any information related to the assignment.  Prenda Law recently tried to forward Mr. Lutz in a similar role for another of their BitTorrent pornography clients in the Middle District of Florida.  After being put under oath, Mr. Lutz described as follows:

> The Court:    What is your position with Sunlust?
> Mr. Lutz:     I'm a representative of them.
> The Court:    What does that mean?
> Mr. Lutz:     Corporate Representative
> The Court:    What does that mean?
> Mr. Lutz:     They asked me to appear on various matters throughout the country.
> The Court:    Are you an officer of the company?
> Mr. Lutz:     I'm not, no.
> The  Court:   Are you authorized to bind the company to any legal contracts?
> Mr. Lutz:     I am not.
> The Court:    Are you salaried?
> Mr. Lutz:     No, 1099.
> The Court:    So you are a 1099 contracted entity and you just go around and sit in a Court and represent yourself to be a corporate representative of the company?
> Mr. Lutz:     Yes

After further questioning regarding Mr. Lutz lack of knowledge regarding the corporation, Judge Scriven concluded the hearing as follows:

> "The case is dismissed for failure to appear at this hearing, for failure to present a lawful agent, **for attempted fraud on the Court by offering up a person who has no authority to act on behalf of the corporation as its corporate representative**, and the Court will hear, by motion, a motion for sanctions and fees against this Sunlust entity and everyone affiliated with it..."

Less than a week after the hearing described above (a transcript of which is attached to the motion for an undertaking, as well as the recently filed Motion to Relate cases) Plaintiff herein has put forward this same individual as the sole person with any information regarding the disputed assignment in this case.

///

///

///

///

///

**3.      Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

AF Holdings LLC:

Plaintiff believes that it states a *prima facie* case for copyright infringement.  Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.  The Video is currently registered in the U.S. Copyright Office, copyright no. PA0001754383.  Plaintiff received the rights to this Video on December 20, 2011, pursuant to an assignment agreement.  Joe Navasca, using IP address 69.109.216.238, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, μTorrent 2.2.1—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.  Joe Navasca's illegal download was detected on January 12, 2012 at 9:26:39 AM (UTC) and Joe Navasca, as part of a group of BitTorrent users in a single swarm, shared a particular unique file with hash value 6C10F2DCFF52961B876AA592183103BAC958E989 which was common to all of the participants in the swarm.

As for standing, Plaintiff has explained why this is not an issue in this case that deserves any preferential treatment.  If Defendant had a basis for this, Defendant would have brought a motion to this effect.  As of now, it has not.

Joe Navasca:  Defendant does not concede that Plaintiff has stated even a prima facie case of copyright infringement against him.  Plaintiff has put forward literally no facts to support the inference that Joe Navasca is the infringer of its copyrights, instead relying on a formulaic recitation of the elements of the cause of action.  This is even more important considering that defendant does not even appear to be the individual identified by AT&T as the account-holder.

Defendant likewise contests that AF Holdings is the real party in interest in the instant suit, or that it has received sufficient rights to confer standing in the instant case.  The complaint in the instant case avers that Plaintiff owns the relevant rights "with respect to BitTorrent-based reproduction and distribution of the Video," while the applicable  license purports to grant AF

Holdings full ownership of all relevant rights.  Defendant believes  that this is a license that confers only the right to sue, in contravention of applicable requirements for standing.  Defendant intends to seek further discovery to conclusively establish this point.

**4.      Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

AF Holdings LLC: On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 4.) On June 4, 2012, the Court granted that Application. (ECF No. 7.) .) On June 4, 2012, the Court granted that Application. (ECF No. 7.)  On December 12, 2012, Defendant filed a motion to require an undertaking pursuant to CCP §1030.  This motion is still pending.  Plaintiff will file a timely response.  On December 13, 2012, a 'John Doe' defendant from a potentially related case filed an administrative motion to relate cases in this matter, and all of AF Holdings and Ingenuity 13's cases in this district.  (*See* ECF No. 30). This motion is no longer pending as it was designated "FILED IN ERROR, PLEASE DISREGARD." (*Id*.)

AF Holdings LLC does not anticipate any motions in the near future.

Joe Navasca:

On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 4.) On June 4, 2012, the Court granted that Application. (ECF No. 7.)  On December 12, 2012, Defendant filed a motion to require an undertaking pursuant to CCP §1030. This motion is still pending.  On December 13, 2012, a 'John Doe' defendant from a potentially related case filed an administrative motion to relate cases in this matter, and all of AF Holdings and Ingenuity 13's cases in this district.  (See ECF No. This motion is pending as well.

Mr. Navasca may choose to file a motion for judgment on the pleadings based on the Plaintiff's failure to state a claim.  Plaintiff's complaint consists primarily of legal conclusions, and lacks  any factual basis for alleging that Mr. Navasca is the infringer of its client's  copyrights.  Mr. Navasca doubts that Plaintiff has satisfied the requirement as set forth in *Iqbal* and *Twombley*, given the lack of factual basis, and likewise doubts that Plaintiff has pled enough facts "to state a claim for relief that is plausible on its face."

Finally, Mr. Navasca  believes that it may be necessary to file a motion seeking to compel appropriate disclosures from the Plaintiff.  Plaintiff's disclosures do not identify a single individual with any interest in the Plaintiff, and identifies only the former paralegal of Plaintiff's counsel as the sole individual with knowledge regarding AF Holdings assignment in this action.

**5.     Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

AF Holdings LLC:

Plaintiff filed its Amended Complaint on October 26, 2012 naming Joe Navasca as the Defendant. Plaintiff does not foresee any future amendments to the Complaint for now.

Joe Navasca:

Mr. Navasca has filed his answer, and has until December 20, 2012 to amend as a matter of right.  It is unclear at this time whether Mr. Navasca will choose to amend his answer.

**6.     Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mails, and other electronically-recorded material.*

AF Holdings LLC:

Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of Joe Navasca's infringing activity using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. 6881's processes are designed to ensure that information gathered about John Navasca is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial.

///

///

9

<u>Joe Navasca</u>:

Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation.

**7.      Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

<u>AF Holdings LLC</u>

AF Holdings LLC served its initial disclosures in this matter on December 3, 2012, and has identified the documents in its possession, as well as the other relevant parties.

<u>Joe Navasca</u>:  Mr. Navasca served his initial disclosures in this matter on December 3, 2012, and has identified the documents in his possession, as well as the other five members of his household.   Mr. Navasca's disclosures likewise include a number of individuals that *should* have knowledge regarding the purported assignment, including the principals at Heartbreaker Productions (the purported assignor in the instant case) and other individuals who also received rights to distribute the motion picture that is the subject of this action.

Mr. Navasca also received Plaintiff's disclosures, which he believes to be inadequate and will likely seek to compel appropriate disclosures from Plaintiff.

**8.      Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modification of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

<u>AF Holdings LLC</u>:

As to Defendant's attorney's concern about standing, it appears to be simply a *factual issue* that will be explored during *normal discovery* and not during a separate, special witch-hunt investigation that resolves nothing in this case.  As explained above, ultimately, the assignee and/or anyone signing for the assignee has no relevance to a valid assignment. *See Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990); *see also AF Holdings, LLC v. Does 1-96*, Case No.

3:11-cv-03335-JSC, Fn. 1 (N.D. Cal. November 11, 2011).  Plaintiff's counsel see *no reason* to treat this perceived issue any differently than anything else in this case, and it *definitely* does not require any expedited discovery prior to any alternative dispute resolution.  There is no reason to give any special status to this inquiry by Defendant – if Defendant wants to waste his time to do that during discovery, then that is fine, but it is not fine to stay all proceedings to grant Defendant a special right that is not also given to Plaintiff.  Defendant has been unable, and has refused, to present a single shred of evidence that standing and/or this "Allen Cooper" issue is a real concern.  This is because it is not, and the Court must discount it as such.  Defendant's threats to "undertake lengthy and expensive discovery" if his request is not granted is akin to a young child stomping his feet promising his parents that "they will be sorry" if they do not do as he commands.  The Court understands this overt threat as a desperate act, and should ignore them.

Again, there is *no reason* to allow Defendant to conduct special discovery here.  At the very least, this needs to be fully briefed.  If the Court allows such, Plaintiff would request that the ENE be taken off the calendar and that all discovery carry forth.  Plaintiff understands, however, that ENE was set up to avoid costly discovery.  Thus, it should be none or all.  Plaintiff sides with the Court in voting for none.

The Court should note that ENE deadline is about two months away.  Defendant is asking for *all sorts* of discovery against a number of individuals here.  Plaintiff believes that it is a ridiculous notion that Defendant would get all of this proposed one-sided discovery in within that time period, submit an ENE brief, and go through a full ENE in two months (not to mention this is the holiday season).

<u>Joe Navasca</u>:  As an initial matter, Mr. Navasca contests Plaintiff's characterization of the discovery thus far.  Specifically, Mr. Navasca does not believe that he is the account-holder whose information was provided to Plaintiff by AT&T.  Indeed, the registered account-holder is the defendant's father, who was also the original target of Plaintiff's settlement demands.

Ideally, Mr. Navasca would like this court to conduct a preliminary evidentiary hearing and require the attendance of a principal in AF Holdings with decision-making authority and an individual with personal knowledge regarding the assignment at issue, as well as the Mr. Alan

Cooper that they claim has signed this document.  Without establishing this fact, Plaintiff cannot even establish a prima facie case, which requires a showing that Plaintiff is the owner of valid copyrights.  Plaintiff has thus far been unable, or has refused, to identify anyone associated with this offshore entity, and is apparently has taken the position that Mr. Lutz, a paralegal with Plaintiff's law firm, is the *only* individual with knowledge of the assignment in this action, which has been disavowed by the individual whose name appears thereon.  Given the recent Motion to Relate cases, a single evidentiary hearing could resolve this issue with regards to dozens of open cases in this district.

If this court is not inclined to grant such a request, Mr. Navasca will need to undertake lengthy and expensive discovery to reveal what is already relatively apparent.  Mr. Navasca will be forced to depose Mr. Lutz, an individual who has already demonstrated that he is a 1099 contracted entity whose sole role is to present himself as a corporate representative of various pornography companies, despite his admitted lack of knowledge regarding these companies.  Mr. Navasca will likewise need to propound interrogatories in order to even identify any individual that has any actual association with, or authority to act on behalf of, AF Holdings, and will then need to depose the relevant individuals, who have shown that evasion is their prime directive at this time.

Mr. Navasca anticipates conducting a deposition of the PMK at AF Holdings regarding the creation and licensing  of the work that forms the basis of the instant suit, as well as the corporate structure of AF Holdings and .  Mr. Navasca further anticipates that he will need to depose relevant individuals at Heartbreaker Productions who have knowledge regarding  the creation, licensing, distribution, and revenues  derived from the subject work.  Mr. Navasca anticipates further discovery directed at Peter Hansmeier, the individual responsible for IP address harvesting at 6881 Forensics, LLC.  Finally, Mr. Navasca  will pursue discovery as to such other individuals that are determined to have significant relevant information following initial discovery, and may seek further  discovery in support of affirmative defenses and/or counterclaims, in the event that Mr. Navasca chooses to pursue such claims.

The ENE hearing in this case must be held within 90 days of this court's December 3, 2012 order referring to ADR processes.  Defendant would like to conduct much of this discovery prior to

such hearing.   In light of the substantial questions regarding AF Holdings and the true party in interest herein, Defendant would request that the numerical limit on interrogatories to a party be increased to a total of fifty (50) per side.

**9.      Class Actions**

*If a class action, a proposal of how and when the class will be certified.*

       <u>AF Holdings LLC</u>: Not applicable.

       <u>Joe Navasca</u>: This case is not presently a class action.  Defendant Navasca  reserves  the right to bring all appropriate counter-claims, though he does not anticipate a class action at this juncture.

**10.     Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

       <u>AF Holdings LLC</u>:   None.   On December 13, 2012, a 'John Doe' defendant from a potentially related case filed an administrative motion to relate cases in this matter, and all of AF Holdings and Ingenuity 13's cases in this district.  (*See* ECF No. 30). This motion is no longer pending as it was designated "FILED IN ERROR, PLEASE DISREGARD." (*Id.*)  Plaintiff believes that this was just a desperate attempt by a desperate counsel in another case with Plaintiff to tarnish Plaintiff's case and gain publicity for himself.  Plaintiff suggests that this be ignored by the Court.

       <u>Joe Navasca</u>:  Not applicable.

**11.     Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

...

...

<u>AF Holdings LLC</u>:

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that Joe Navasca infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Joe Navasca has injured the business reputation and business of Plaintiff by Joe Navasca's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining the Joe Navasca and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Joe Navasca to destroy all copies of those unlawfully copyrighted files in Joe Navasca's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Joe Navasca for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

<u>Joe Navasca</u>: Defendant will state appropriate counterclaims and seek such relief as he may be entitled, should he decide to file an answer with counter-claims.  Defendant will also certainly seek full costs and attorney fees as the prevailing party under 17 U.S.C. §505.


**12.    Settlement and ADR**

*Prospects for settlement ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

<u>AF Holdings LLC</u>:

This matter has been referred to ENE, per this court's December 3, 2012 Order.  Defendant, through his attorney, has refused to discuss settlement with Plaintiff.

<u>Joe Navasca</u>:  This matter has been referred to ENE, per this court's December 3, 2012 Order.  As far as settlement, Plaintiff initially sought settlement from the defendant's father, Jovino Navasca, based on the allegations herein, by letter dated September 26, 2012.  On October  16, 2012,

Plaintiff sent a second letter to Jovino Navasca, indicating that Plaintiff would pursue further litigation. Two days later, on October 18, 2012, Plaintiff sent a letter to Defendant herein, indicating (without any explanation) that "we now believe that YOU were the infringer of our client's movie," and threatening to publicly name and sue defendant unless he paid a sizable "settlement." Defendant maintains his complete innocence and is not interested in paying a "settlement" of this sort.

**13.     Consent to Magistrate Judge For All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

> AF Holdings LLC: Not applicable.

> Joe Navasca: Not Applicable.

**14.     Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

> AF Holdings LLC: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

> Joe Navasca: Defendant is considering requesting a referral to the Judicial Panel on Multi-district litigation, based on the fact that the same Alan Cooper assignment has been filed in perhaps hundreds of actions in multiple districts throughout the United States.

**15.     Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial and any request to bifurcate issues, claims, or defenses.*

> AF Holdings LLC: Not applicable.

> Joe Navasca: Defendant believes that the issues can be narrowed substantially, if not finally determined, via Rule 12 motion for judgment on the pleadings or Motion for Summary Judgment.

As noted above, Mr. Navasca also believes that an evidentiary hearing or motion practice limited to the issue of the assignment in this case would be appropriate.

**16.     Expedited Schedule**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Orde 64, Attachment A. If all parties agree, they shall instead of this Statement, file an excuted Agreement for Expedited Trial and a Joint Expedited Case Management Statement.*

AF Holdings LLC: Not applicable.

Joe Navasca:  Defendant may require substantial discovery to establish certain affirmative defenses and/or counterclaims, should a responsive pleading become necessary.  As such, defendant is not agreeable to an expedited trial procedure.

**17.     Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

AF Holdings LLC:

- Initial Disclosures: Complete

- Non-Expert Discovery Cut-off: June 1, 2013

- Opening Expert Disclosure: July 15, 2013

- Rebuttal Expert Disclosure: August 15, 2013

- Last Day for Filing of Dispositive Motions: October 29, 2013

- Pre-Trial Conference: December 13, 2013

- Trial: January 17, 2013

Plaintiff's counsel has a prior obligation that will take him out of the country for most of April and early May.

Joe Navasca:

- Initial Disclosures: Complete

- Non-Expert Discovery Cut-off: April 1, 2013

- Opening Expert Disclosure: April 15, 2013

- Rebuttal Expert Disclosure: May 15, 2013

- Last Day for Filing of Dispositive Motions: August 29, 2013

- Pre-Trial Conference: October 29, 2013

- Trial: November 18, 2013

**18.    Trial**

*Whether the case will be tried to a jury to the court and the expected length of the trial.*

AF Holdings LLC: Plaintiff is willing to estimate two full days.

Joe Navasca: Plaintiff has requested a jury trial.  Defendant estimates  that the trial will last at least two full days.

**19.    Disclosure of Non-Party Interested Entities or Persons** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations, including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

AF Holdings LLC:

Plaintiff submitted this disclosure on May 10, 2012, when it filed its case.

Joe Navasca:  Defendant has certified under L.R. 3-16 that there are no known persons or entities related to defendant with a financial interest in the outcome of this litigation.

Defendant does not believe that Plaintiff has complied with Civil L.R. 3-16, as Plaintiff fails to identify any persons with any interest in AF Holdings, LLC.  Civil L.R. 3-16 requires disclose of "any persons, associations of persons, firms, partnerships, corporations, or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding."  Plaintiff therefore seems to assert that AF Holdings is an LLC without any members, or anyone else, that has a financial interest in the

17

1  company.  Plaintiff has also limited its declaration to "information and belief," though this deprives

2  the declaration of any evidentiary weight that it might have.

3

4  **20.      Other Matters**

5  *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

6          AF Holdings LLC: None.

7          Joe Navasca: None at this time.

8  DATED:  December 14. 2102

9                                                      PRENDA LAW INC.,

10                                         By:    /s/  Brett L. Gibbs, Esq.

11                                                 Brett L. Gibbs, Esq. (SBN 251000)
                                                   Of Counsel to Prenda Law Inc.
12                                                 38 Miller Avenue, #263
                                                   Mill Valley, CA 94941
13                                                 415-325-5900
                                                   blgibbs@wefightpiracy.com
14                                                 *Attorney for Plaintiff AF Holdings LLC*

15

16

17  DATED: December 14, 2012

18                                                      NICHOLAS RANALLO, ATTY AT LAW

19                                         By:    /s/       Nicholas Ranallo
                                                   Nicholas Ranallo
20                                                 371 Dogwood Way
                                                   Boulder Creek, CA 95006
21                                                 (831) 703-4011
                                                   nick@ranallolawoffice.com
22                                                 Attorney for Joe Navasca

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that on December 14, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

3

4

5

6                                                  /s/  Nicholas Ranallo_____
                                                      Nicholas Ranallo
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28