Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **REPLY MEMO IN SUPPORT OF DEFENDANT'S MOTION TO POST UNDERTAKING** <br><br> Judge: Honorable Edward Chen <br> Hearing Date: January 31, 2013 <br> Courtroom 5 – 17th Floor <br> Time: 1:30 p.m. |

## I. INTRODUCTION

On December 12, 2012, Defendant Joe Navasca moved this court for an order requiring Plaintiff to post an undertaking in the amount of $84,250 to cover anticipated costs and attorney fees to which he may be entitled under Copyright Act §505. On December 21, 2012, Plaintiff filed its opposition to the instant motion, arguing that Mr. Navasca does not have even a "reasonable possibility" of obtaining judgment in this action, despite its lack of any actual evidence that Mr. Navasca has committed copyright infringement. ECF No. 34. Plaintiff's response yet again offers no details as to why Mr. Navasca is even the "most likely" infringer of its copyright, the formulation that Plaintiff has now chosen to describe Joe Navasca, though Plaintiff concedes that this is based on "assumptions." Mr. Navasca knows that he has not infringed Plaintiff's copyright, and has offered a declaration stating the same.

As recognized by the District of Colorado in the context of mass copyright infringement

litigation, "[e]ven though copyright law expressly provides for an award of costs and reasonable attorney fees to a party prevailing in its defense of a meritless infringement action, the economic realities of securing counsel and paying in advance the costs of litigation turns this remedy into a Potemkin Village." *Righthaven, LLC v. Wolf,* 813 F.Supp.2d 1265, 1271 n.2 (D. Colo. 2011). Judge Posner has echoed this sentiment in awarding prevailing attorney fees to a defendant in a copyright action, noting that "without the prospect of such an award, **the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights**," because the party "could not obtain an award of damages from which to pay his lawyer – no matter how costly it was for him to defend against the suit." *Assessment Technologies of Wi, LLC. v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)(emphasis added).

The concern identified by Judge Posner is even more relevant in the instant case. Joe Navasca knows that he has not downloaded the subject work. Nonetheless, he faces the dilemma identified by Judge Posner, exacerbated by the fact that *even if he is awarded prevailing party attorney fees, he will likely be unable to enforce his judgment without security.* Plaintiff's opposition to the instant motion concedes that, despite filing hundreds of lawsuits throughout the United States, it is unable to satisfy even a single adverse judgment rendered against it. Defendant simply requests some security that if he prevails and is allowed to recover the costs and fees that he has spent in his defense, there will be some assets, somewhere, from which he can satisfy a judgment.

Indeed, this is ultimately the purpose behind California Civ. Code §1030, which is designed to "enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction ... [and][2] prevent out-of-state residents from filing frivolous lawsuits against California residents." *Alshafie, v. Lallande,* 89 Cal.Rptr.3d 788, 794 (Cal.Ct.App.2009) (quoting *Yao v. Superior Court,* 104 Cal.App. 4th 327, 331 (Cal.Ct.App.2002)) (internal quotation marks omitted)."

Defendant has shown that Plaintiff's evidence of infringement is weak, and has declared

under penalty of perjury that he is not the infringer of the subject work. Plaintiff's opposition includes no evidence that the defendant has done anything, because Plaintiff has no evidence that Joe Navasca is the person that infringed its copyright. As described in defendant's motion and reiterated below, defendant has a reasonable possibility of obtaining judgment in this action and Plaintiff is undeniably a foreign corporation. Thus, both elements of §1030's test are satisfied, and imposition of a security requirement is justified.

## II.   LEGAL ARGUMENT

### A.   DEFENDANT HAS A REASONABLE POSSIBILITY OF OBTAINING JUDGMENT IN THIS MATTER

#### 1.   An IP Address is Insufficient to Identify the Infringer

One fact is paramount – that an IP address is insufficient to identify the particular individual that has infringed a Plaintiff's copyright. This fact has been widely recognized in the precise context of BitTorrent copyright litigation, and cannot seriously be argued.

Plaintiff attempts to move the goalposts for the purpose of this motion, and states that since "it is hard to prove a negative," that security in the instant case is inappropriate. Under CCP §1030, however, what is required is that defendant show that he has a "reasonable possibility" of obtaining favorable judgment. To satisfy the "reasonable possibility" standard, Defendants are usually "not required to show that there was no possibility that [Plaintiff] could win at trial, but only that it [is] reasonably possible that [Defendants] could win." *Baltayan v. Estate of Maro Getemyan,* 90 Cal.App. 4th 1427, 1432; *see Gabriel Technologies Corp. v. Qualcomm, Inc.,* No. 08–CV–1992, 2010 WL 3718848, at *5 (S.D.Cal. Sept. 20, 2010) ("To satisfy the requirements of section 1030, Defendants must produce sufficient evidence to demonstrate they have a 'reasonable possibility' of defeating ... Plaintiffs' claims, but no more.").

As Judge Breyer recognized in another AF Holdings BitTorrent case, "Defendant has also shown a reasonable probability that he will obtain a judgment in his favor. He has done so by

noting that Plaintiff's current evidence of infringement is weak." *AF Holdings v. Trinh,* No. C 12-02393-CRB; 2012 U.S. Dist. LEXIS 161394 at *3 (N.D. Cal. November 9, 2012). This point was reiterated by Judge Breyer in denying AF Holdings motion for reconsideration, noting that "'many courts' had reached the same conclusion about IP addresses. Defendant's moving papers included additional authorities for that proposition, **including some from Plaintiff's counsel**." *AF Holdings v. Trinh,* No. C 12-02393-CRB; 2012 U.S. Dist. LEXIS 173450 (N.D. Cal. December 6, 2012).

Plaintiff's opposition admits that they have relied on a number of assumptions in coming to the conclusion that Joe Navasca is the "most likely" infringer, though they provide no factual support for any of their assumptions (or for any other part of their opposition). For example, Plaintiff assumes that it requires a high level of technical expertise to gain unauthorized access to a wireless network and thus the universe of potential downloaders is limited to Joe Navasca and his household. Plaintiff's assumption is faulty. Plaintiff states that it is "a virtual certainty that the individual who used Jovino Navasca's Internet account to download Plaintiff's copyrighted work was a member of Jovino Navasca's household... only someone with a highly sophisticated knowledge of internet technology could have accessed the wireless network without knowing the password." ECF No. 34 at 8-9. Plaintiff goes so far as to state that "The list of people in the world who possess the expertise to do so is fairly small." ECF No. 34 at 6.

This assumption is demonstrably false. A simple Google search for "wifi hacking" or "wifi cracking" yields hundreds of results, including many easily downloadable programs designed to accomplish precisely this task. Many of these programs are free, and numerous articles explain in detail specifically how to access foreign secured wireless networks.[1] One totally free example, available at www.wifipasswordhack.net touts that "This application can crack WPA, WEP, and even WPA2 password protected networks. Wifi Password Hack can also

---

[1] E.G. "How I cracked my neighbor's WiFi password without breaking a sweat," *ArsTechnica,* available online at http://arstechnica.com/security/2012/08/wireless-password-easily-cracked/. Free wireless hacking software can be downloaded from, for example, www.wificracker.org, wifihacker.org, or www.wifipasswordhack.net.

recover lost or forgotten Wi-Fi passwords at home, work, and school! In the most updated version of this tool, it only takes 5-10 minutes to get Wi-Fi anywhere!"[2]

Plaintiff's opposition to the instant motion concedes that their identification of Mr. Navasca relies upon a number of "assumptions," that have led them to believe that Joe Navasca is the "most likely" infringer of its copyrights. See, e.g. ECF No. 34, pg. 4. Plaintiff admits that the identification of Mr. Navasca as the infringer is based upon guesswork and probability, but simultaneously argues that there is not even a "reasonable possibility" that a corresponding possibility exists that Joe Navasca *is not* the infringer. Plaintiff's response is wholly devoid of any hint at its methodology for divining an infringer in circumstances where it has previously admitted it could not, except for a passing statement that Joe Navasca belongs to a particular "demographic" that would be a likely downloader.

Even assuming that this "demographic" statement is true (though Plaintiff has offered no support for it), and assuming that network security were infallible (which it is not), there are still three other males in Joe Navasca's immediate household, including two others between the ages of 30-45, just like the defendant herein. Thus, even if all of Plaintiff's assumptions were correct, it would only lead them to a 25% - 33% chance of choosing the right individual as their defendant. It is undeniable that there exists at least a "reasonable possibility" that Plaintiff has chosen incorrectly.

Plaintiff's response argues that the defendant's "probability of success at the present time is, at best, no greater than Plaintiff's..." ECF No. 34. Although this 50-50 characterization seems to underestimate defendant's chance of success, based on the foregoing, Defendant reiterates that he is "not required to show that there was no possibility that [Plaintiff] could win at trial, but only that it [is] reasonably possible that [Defendants] could win." *Baltayan,* 90 Cal.App. 4th at 1432. Fifty-fifty odds, the number conceded by Plaintiff's response, clearly is a "reasonable possibility" that Defendant will prevail.

In addition, as a factual matter, the Defendant's declaration states unequivocally that he

---

[2] http://www.wifipasswordhack.net/learn-more/, last accessed January 1, 2013.

has not downloaded the subject work. Although Plaintiff states that Joe Navasca's declaration is "irrelevant," this is clearly untrue. Mr. Navasca's declaration is under penalty of perjury, and is unrebutted by any evidence from the Plaintiff that would lead one to believe that Joe Navasca was actually the infringer. Plaintiff's sole argument is that the defendant could be lying – despite the prospect of forensic analysis of all his hard drives that would uncover the subject file, if it had ever existed on his computer.

### 2. Plaintiff's Response Offers No Support for the Assignment in the Instant Case

Not only does Plaintiff's response lack any support for the proposition that Joe Navasca is the infringer in the instant case, the response likewise fails to offer any support for the authenticity of the assignment in the instant case. Plaintiff does not dispute that one of the two putative signatories of the document has openly disavowed it. Instead, Plaintiff's response simply assures the Court (without any supporting declarations) that the assignment is valid since, according to Plaintiff, it is immaterial that the assignee has declared that his name is being used without his consent to support these lawsuits. The reason, Plaintiff assures us, is that the assignor has signed the document, proven...by his purported signature on the document. The Plaintiff has not included a declaration from the assignor verifying his signature and the document is not self-authenticating. Plaintiff does not attempt to explain how Mark Lutz, a 1099 contracted entity that was not employed by AF Holdings at the time of the assignment, can be the sole individual with any knowledge regarding said assignment.

As outlined at length in Defendant's original motion, there is ample reason to question the authenticity of the assignment in this case – lending further support to the proposition that the defendant has a "reasonable possibility" of ultimately obtaining judgment. Plaintiff's response does nothing to address these issues, and offers no substantive evidence in support of the purported assignment. As noted in Defendant's original motion, the Northern District has previously seen fit to impose a bond requirement on AF Holdings, without even considering the potential problems with the assignment. The additional questions regarding the assignment in this

case simply lend further support to the proposition that Joe Navasca has a "reasonable possibility" of obtaining judgment in this action.

## B. PLAINTIFF'S ARGUMENT THAT "THERE IS NO ALTERNATIVE PROCESS BY WHICH TO IDENTIFY THE INFRINGERS AND ACHIEVE JUSTICE" IS FACTUALLY AND CONCEPTUALLY FLAWED

Plaintiff's response argues that it has "three—and only three—options upon discovering online infringement of its copyrighted works: (1) sue the subscriber for the IP address found to have infringed upon Plaintiff's copyright; (2) sue another individual who resides in the subscriber's household; (3) do nothing." ECF No. 34 at pg 2-3. According to Plaintiff's logic, since they are unable to secure evidence as to the identity of the actual infringer, they should not be required to. There are two substantial problems with this logic.

First, it is factually incorrect. Plaintiff pointedly ignores its own very recent past, where it repeatedly told courts that a pre-service deposition of the subscriber, or perhaps an inspection of every computer that has access to a particular network, would be necessary to actually identify the infringer of its copyright. Defendant's original motion contains lengthy quotes from Plaintiff's counsel stating exactly this fact. Plaintiff has, in fact, been granted further pre-service discovery in a number of cases in this district, after declaring that

> "Plaintiff must conduct additional limited ex parte discovery to determine who should be named as the defendant in this case. Without this discovery from Mr. Abrahams, Plaintiff cannot be certain if Mr. Abrahams is the defendant who should be named and served with process, or merely the sole material witness." Hard Drive Productions v. Doe, No. 4:11-cv-05634-PJH (ECF No. 9 – Plaintiff's Ex Parte Application for Discovery at 9-10)(January 6, 2012)(emphasis added).

The fact is, despite Plaintiff's protestations to the contrary, it has previously sought additional ex parte discovery prior to naming an individual, and has declared that such discovery is necessary to accurately identify the infringer of a particular work. Plaintiff has simply chosen not to conduct any such investigation in this case, and Plaintiff's response essentially concedes that the decision to name Mr. Navasca as the infringer is based upon guesswork, and simultaneously argues that there is not even a "reasonable possibility" that they have guessed incorrectly.

The second fundamental problem with Plaintiff's argument is that there is simply no

7
CV 12-2396-EMC Reply Memorandum in Support of Defendant's Motion to Post Undertaking


authority for the proposition that the requirements of CCP §1030 should be discarded if a Plaintiff is unable to garner any evidence in support of its claims. Indeed, the statute is designed to discourage foreign plaintiffs from filing frivolous lawsuits, and to guarantee that California residents who are sued based upon insufficient evidence may ultimately recover the costs and fees that must be expended in their defense. The fact that Plaintiff cannot obtain sufficient evidence of infringement is precisely *why* an undertaking is necessary – not a reason that this court should discard the standards for imposing such an undertaking.

### C.  PLAINTIFF HAS NOT ESTABLISHED THAT IT IS ENTITLED TO RELIEF FROM BOND REQUIREMENT

Plaintiff's opposition also includes an argument that it would not be able to proceed in this litigation if required to post the statutorily prescribed non-resident bond, and the instant motion should therefore be denied. However, "[w]here the plaintiff establishes indigency, a trial court has discretion to waive the posting of security under Code of Civil Procedure section 1030." *Baltayan v.. Getemyan,* 90 Cal.App. 4th 1427, 1433–34 (Cal.Ct.App.2001); *Alshafie,* 89 Cal.Rptr.3d at 794 ("Even if the defendant establishes the grounds for an undertaking, the trial court may waive the requirement if the plaintiff establishes indigency."). It is well established that "[t]he party seeking relief from the requirement of posting a bond or undertaking has the burden of proof to show entitlement to such relief." *Williams v. FreedomCard, Inc.,* 20 Cal.Rptr.3d 220, 222 (Cal. Ct. App. 2004). Plaintiff herein has offered no evidence to support any claims of financial inability to pay, nor any declarations of any kind in opposition to the instant motion, and an unsupported plea of indigence should not relieve them of the bond requirement.

The Central District of California considered a similar situation under §1030 in *Pittman v. Avish Partnerships,* 2011 WL 9160942 (C.D. Cal. June 2, 2011). The Plaintiff in Pittman likewise argued that the court should forego a bond requirement, since the Plaintiff would not satisfy such a requirement if ordered. The court in *Pittman* considered in detail the type of showing that a Plaintiff would need to make in order to obtain relief from the bond requirement, including the

"spectrum" of potential showings that a Plaintiff could be required to make to establish entitlement to relief and determined that, at a minimum, "a sworn statement of hardship that includes some financial information but no supporting documentation may be sufficient." *Pittman,* 2011 WL 9160942 at *5, quoting *Alshafie,* 89 Cal. Rptr.3d at 797. This minimum standard was met by the Plaintiff in Pittman, but the court nonetheless found her declaration of indigence to be insufficient.[3] The court, quoting *Alshafie*, stated that "[A] plaintiff seeking such a waiver would be well advised to provide the detailed financial information requested on the mandatory Judicial Council form for obtaining in forma pauperis status" because "[c]ompleting that form would provide the trial court with a solid basis for making the waiver decision.". *Id.* at *7.

Plaintiff herein has provided literally no evidence to support the claim that they are unable to post any security required by this court. They do not provide even the minimum sworn statement of hardship, nor any financial information from which the court could evaluate their claims of hardship. As such, any argument that Plaintiff should be relieved of the CCP §1030 bond requirement based on financial hardship must be rejected.

### D. AN UNDERTAKING IS PARTICULARLY APPROPRIATE IN THE PRESENT CASE

Finally, Plaintiff's opposition claims attempts to defend its prior failure to post an undertaking required by the court, in this precise context, by noting that "Plaintiff simply cannot afford to post the $48,000 required by the *Trinh* Court to pursue its claims." As noted above, Plaintiff offers no support for the proposition that AF Holdings, a company that is currently pursuing *hundreds* of similar cases (including one with more than one thousand discrete defendants) cannot find the cash that would be required to secure such a bond, or cannot convince

---

[3] Notably, the court in *Pittman* found the Plaintiff's declarations to be insufficient because, inter alia, it did not account for prior litigation proceeds. *Pittman* at *5, *8. Here, Plaintiff is suing thousands of individuals in hundreds of cases throughout the U.S., and has undoubtedly collected a large number of multi-thousand dollar settlements in its campaign. Nonetheless, Plaintiff argues that it has no money to post any sort of required bond, or to satisfy a judgment that is ultimately obtained against them.

a bonding company that its claims have merit. Moreover, the fact that AF Holdings is pursuing hundreds of cases based on objectively weak evidence, and cannot afford a single adverse judgment, is dramatic proof of why an undertaking is necessary and appropriate. Indeed, as argued in Defendant's original motion, Plaintiff is organized in a notorious "asset protection" jurisdiction, where enforcement of a U.S. judgment is extremely onerous, despite the fact that it suing individuals only in the United States, based on another company's U.S. copyrights. Defendant should not be required to chase an undercapitalized company to the ends of the earth, or even the ends of the Caribbean, in order to recover any judgment that he is awarded.

### III. CONCLUSION

As described in Defendant's original motion, and further underscored herein, Defendant has satisfied the two requirements of CCP §1030. In light of the foregoing, Defendant respectfully requests that this court require an undertaking in accordance with the terms of that section, and this court's inherent authority.

Respectfully Submitted,

DATED: January 2, 2012          NICHOLAS RANALLO, ATTORNEY AT LAW

By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
Attorney for Joe Navasca
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 2nd day of January, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/    Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law