1  Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
2  38 Miller Avenue, #263
Mill Valley, CA 94941
3  415-325-5900
blgibbs@wefightpiracy.com
4
*Attorney for Plaintiff*
5

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8            NORTHERN DISTRICT OF CALIFORNIA

9

10  AF HOLDINGS LLC,                    )    **No. 3:12-CV-02396-EMC**
                                        )
11                                      )
            Plaintiff,                  )    **PLAINTIFF AF HOLDINGS'**
                                        )    **EMERGENCY MOTION FOR**
12       v.                             )    **EXPEDITED BRIEFING AND HEARING;**
                                        )    **AND MOTION TO COMPEL**
13                                      )    **PRODUCTION**
                                        )
14  JOE NAVASCA,                        )
                                        )
15                                      )
            Defendant.                  )
16
            TO DEFENDANT JOE NAVASCA AND HIS ATTORNEY OF RECORD:
17
            NOTICE IS HEREBY GIVEN that as soon as counsel may be heard by the above-entitled
18
Court, Plaintiff AF Holdings LLC ("Plaintiff") will, and hereby does, move the Court for an order
19
setting an expedited briefing and hearing schedule on Plaintiff's Motion to Compel Production. This
20
Motion for Expedited Briefing and Hearing is brought on the ground that, as further described
21
below, Defendant has violated his duty to preserve evidence, and Plaintiff wishes to compel
22
production of all computers in Defendant's household before any further evidence can be spoliated.
23
            Plaintiff further will, and hereby does, move the Court for an order compelling Defendant to
24
25 produce each and every computer in his household, including his own, because, as set forth more
26 fully below, Defendant exercises has testified that he has significant control over all of these
27 computers; in the alternative, Plaintiff further will and hereby does move the Court for an order
28

1   compelling Defendant to produce his computer *immediately*, as well as an order issuing subpoenas

2   *duces tecum* to each and every other member of Defendant's household, requiring each of them to

3   produce their *immediately* computers as well. These motions are based on this notice of motion, the

4   memorandum of points and authorities filed herewith, the declaration of Brett L. Gibbs, the

5   pleadings and papers on file herein, and upon such other matters as may be presented to the Court at

6   

7   the time of hearing.

8   ### <u>MOTION FOR EXPEDITED BRIEFING AND HEARING</u>

9           Pursuant to Local Rule 6-3, Plaintiff requests an expedited briefing and hearing on its motion

10  to compel production.

11          This is an action for alleged infringement of Plaintiff's copyright over the Internet. The

12  nature of this action triggered very important and automatic obligations on the part of Defendant Joe

13  Navasca ("Defendant") and his attorney. Per his deposition of January 14, 2013, Defendant and his

14  attorney have failed to meet one of these obligations—namely, that of evidence preservation.

15  

16          Defendant was deposed on January 14, 2013. (*See* Declaration of Brett Gibbs ["Gibbs

17  Decl."] at ¶ 2.)   During this deposition, Defendant stated that he had installed a software program

18  called CCleaner onto his computer as well as all other computers in his household. *Id.* ¶¶ 3-4.

19  Defendant further stated that the CCleaner software continued to operate on his computer, as well as

20  all other computers in his household, up until (and including) the time of the deposition. *Id.* ¶ 4.

21  Tellingly, Defendant ***repeatedly*** asserted that ***no one*** had ever informed him of his obligation to

22  preserve evidence. *Id.* ¶ 8. In essence, Defendant admitted to his destruction of crucial electronically

23  

24  stored information ("ESI") on his, and others', computers.

25          Defendant's continued use of CCleaner makes it unmistakably clear that his attorney,

26  Nicholas Ranallo, did not inform him of his duty to preserve evidence.  This failure on the part of

27  

28  Mr. Ranallo ***directly*** contradicts the statements he made in his portion of ***two separate*** Joint CMC

1    Statements, submitted by Plaintiff and Defendant on November 23, 2012 (ECF No. 19) and

2    December 14, 2012 (ECF No. 31), respectively. *Id.* ¶¶ 9-10. In each of these Joint CMC Statements,

3    under the heading entitled "6. Evidence Preservation," Mr. Ranallo stated that "Mr. Navasca is

4    aware of his obligation to preserve relevant evidence, including electronic evidence, and has every

5    intention of complying with this obligation." (*See* ECF No. 19 at 6) (*See* ECF No. 31 at 9-10.) Mr.

6    Navasca's statements at the deposition, that (1) he continued to run CCleaner on all computers in the

7    household, including his own computer and (2) he was never made aware of his obligation to

8    preserve evidence, obviously present grave issues with respect to evidence preservation. As such,

9    Plaintiff moves for expedited briefing and hearing in order to expeditiously bring these issues before

10   the Court and prevent any further evidence spoliation.

11        As required by Local Rule 37-1(a), Plaintiff conferred with Defendant's counsel in an

12   attempt to resolve the instant discovery dispute without burdening the Court. (Gibbs Decl. ¶ 12.) Mr.

13   Ranallo, however, denied that there was any issue with the CCleaner software as it related to

14   spoliation of evidence. *Id.* Mr. Ranallo's statement, of course, is incorrect. CCleaner is well-known

15   as a product that cleans computers of, among other things, BitTorrent files and logs. *Id.* ¶ 6. In fact,

16   one of CCleaner's uses is to ***erase any previously existing trace of µTorrent on a given computer***[1].

17   *Id.* As described in Plaintiff's Amended Complaint, µTorrent 2.2.1 is the BitTorrent client that

18   Plaintiff alleges Defendant had used to infringe upon Plaintiff's Copyright. (*See* ECF No. 13 ¶ 22.)

19   Mr. Navasca's continuous use of CCleaner during this pending litigation is thus *prima facie*

20   evidence of willful destruction of relevant evidence. Even if Mr. Navasca's conduct was not willful,

21   his conduct indicates a clear emergency situation: Plaintiff needs to immediately inspect the

22   computers in the Navasca household, before *even more* evidence can be destroyed.

---

[1] http://www.ehow.com/way_5859959_can-uninstall-utorrent_.html

EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC

In light of Mr. Navasca's destruction of evidence, an expedited briefing and hearing schedule is necessary in the hope of preserving and analyzing whatever evidence remains of Mr. Navasca's conduct.  Any delay in the Court's consideration of these matters could allow Defendant to commit further spoliation of evidence.

### MOTION TO COMPEL PRODUCTION

As described above, Mr. Ranallo never informed his client, Mr. Navasca, of his obligation to preserve relevant evidence, despite the fact that Mr. Ranallo represented to the Court in his portion of *two separate CMC Statements* that "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation." (*See* ECF No. 19 at 6) (*See* ECF No. 31 at 9-10.) Given the high degree of control that Mr. Navasca apparently exercises over the other computers in his household, including, but not limited to, installing the CCleaner software on all the other computers in his household, Plaintiff moves the Court for an order compelling Defendant to produce each and every computer in his household, including his own, because Defendant exercises significant control over all of these computers, by, among other things, having installed the CCleaner software on all of the computers in his household; in the alternative, Plaintiff moves the Court for an order compelling Defendant to produce his computer, as well as an order issuing subpoenas *duces tecum* to each and every other member of Defendant's household, requiring each of them to produce their computers as well.  Electronic evidence is, by its very nature, fleeting, and by bringing this Emergency Motion, Plaintiff will be better able to assess the relative position of the parties, as well as, most importantly, prevent any further spoliation of evidence. (Gibbs Decl. ¶ 13).  Plaintiff's inspection of these computers is crucial to proving its allegations of copyright infringement.  Immediate forensic examination of whatever traces of prior µTorrent-based is necessarily—regardless of whether such information still exists in light of Defendant's actions.

4

**CONCLUSION**

For the reasons contained herein, the Court should grant Plaintiff's Emergency Motion for

Expedited Briefing and Hearing; and Motion to Compel.

Respectfully Submitted,

DATED: January 17, 2013

By:     /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC

1

**CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies that on January 17, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

4

5

6

/s/ Brett L. Gibbs_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC