Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. 3:12-CV-02396-EMC |
| Plaintiff, | **DECLARATION OF BRETT L. GIBBS IN SUPPORT OF PLAINTIFF AF HOLDINGS' EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING; AND MOTION TO COMPEL PRODUCTION** |
| v. | |
| JOE NAVASCA, | |
| Defendant. | |

### **DECLARATION OF BRETT L. GIBBS**

I, Brett L. Gibbs, declare as follows:

1. I am an attorney at law licensed to practice in California, and admitted in the Northern District of California. My business address is 38 Miller Avenue, #263, Mill Valley, CA, 94941. I am counsel of record for Plaintiff AF Holdings LLC in AF Holdings LLC v. Joe Navasca, Case No. 3:12-cv-02396-EMC

2. On January 14, 2013, I conducted a deposition of Defendant Joe Navasca in the above-referenced case. This deposition was recorded by stenographic means. Mr. Navsaca was under oath for the duration of this deposition.

3. Mr. Navasca stated under oath that he had personally installed the CCleaner application on every computer in his household, including his own personal computer. Further, Mr.

Navasca testified that, to his knowledge, no one in his household had ceased to use CCleaner on their respective computers.

4. Mr. Navasca stated, in no uncertain terms, that he personally had not stopped using CCleaner on his own computer, and that he continued to run CCleaner "weekly" from the time he first got his computer up until the date of his deposition, to aid in his deletion of electronically stored information ("ESI") including, but not limited to, video files and other media from his computer.

5. In my investigation of CCleaner, I discovered that CCleaner can be, and is, used for deleting computer ESI, and specifically ESI relating to BitTorrent clients.

6. The following link--http://www.ehow.com/way_5859959_can-uninstall-utorrent_.html-- leads to an Internet article describing how CCleaner is used to erase BitTorrent ESI, and specifically referenced BitTorrent client "μTorrent": "If you have been using Utorrent, your computer may have associated certain files or file types with the program. Cancel these associations and eliminate any possible program leftovers from Utorrent to be sure that it doesn't interfere with any of your computer's other operations. To do this, you need to have a program called CCleaner. CCleaner is a useful utility that searches for and gets rid of any extra bits of old programs that may be lurking in the background files of your computer. It also helps to clean out leftover bits of code left from Internet surfing."

7. As stated in the Amended Complaint filed against Mr. Navasca, "Defendant, using IP address 69.109.216.238, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, μTorrent 2.2.1—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (emphasis added).

8. In his deposition I asked Mr. Navasca whether anyone had ever instructed him as to his obligation to not erase the evidence on his computer. He answered, "No." I asked the question

several more times in other ways, and, no matter how I formed the question, Mr. Navasca clearly stated that he had not been given this instruction. Furthermore, he unambiguously testified that he was still using CCleaner currently.

9. On November 23, 2012, the parties issued a Joint Case Management Conference Statement. (ECF No. 19). In that filing, in the "Evidence Preservation" section, Mr. Navasca, through his attorney, stated the following: "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation."

10. On December 14, 2012, the parties issued another Joint Case Management Conference Statement. (ECF No. 31). In that filing, in the "Evidence Preservation" section, Mr. Navasca, through his attorney, stated the following: "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation."

11. I was informed by the stenographer who transcribed the deposition that the deposition transcript would not be available until at least Monday, January 21, 2013. Thus, there is no transcript to attach to this declaration or the concurrent motion.

12. On January 15, 2013, I sent an email to Mr. Navasca's counsel, Mr. Nicholas Ranallo, to meet and confer with him on this issue specifically requesting that his client turn over all of the computers in his household for immediate inspection. In the meet and confer I mentioned that an "Emergency Motion" would be filed immediately on an expedited basis should we not come to a mutual agreement regarding this issue. I mentioned that turning over this evidence, considering Mr. Ranallo's prior statements to the Court, might prevent further spoliation of crucial evidence in this case. Ultimately, the meet and confer attempt was unsuccessful as Mr. Ranallo declined my request.

Mr. Ranallo additionally asserted that CCleaner posed no issues with respect to evidence spoliation. This assertion is incorrect, as described in ¶ 6 of the instant Declaration.

13.     As the Court is aware, electronic evidence is fleeting, and time is thus of the essence in acquiring such evidence—especially considering the instant situation, where information from computers is being actively deleted.

14.     I declare under penalty of perjury that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

/s/  Brett L. Gibbs_____
Executed in Mill Valley, CA, this 17th day of January, 2013