Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. 3:12-CV-02396-EMC** |
| | ) | |
| | ) | **PLAINTIFF AF HOLDINGS'** |
| Plaintiff, | ) | **SUPPLEMENT TO EMERGENCY** |
| | ) | **MOTION FOR EXPEDITED BRIEFING** |
| v. | ) | **AND HEARING; AND MOTION TO** |
| | ) | **COMPEL PRODUCTION** |
| | ) | |
| JOE NAVASCA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On January 17, 2013, Plaintiff AF Holdings LLC ("Plaintiff") filed an Emergency Motion for Expedited Briefing and Hearing; and Motion to Compel Production. (ECF No. 38.) Plaintiff filed this motion based upon troubling facts that surfaced during Plaintiff's Deposition of Defendant Joe Navasca ("Navasca Dep.") Having now received the transcript (i.e. today) from the Deposition Officer, Plaintiff wishes to supplement its initial Motion with statements actually made at the Deposition in order to fully establish and prove the factual contentions Plaintiff made in its Motion. A true and correct copy of the excerpted portions of the transcript is attached hereto as Exhibit 1. (*See* Exhibit 1.) In addition, pursuant to the authentication requirement of Local Rule 7-5, Plaintiff has attached hereto the Declaration of Brett L. Gibbs, attesting to the fact that the excerpts attached hereto as Exhibit 1 are a true and correct copy of the excerpted portions. (*See* Declaration of Brett L. Gibbs.) Attached to the Declaration of Brett L. Gibbs is the Certificate of Reporter, wherein the

Certified Shorthand Reporter who took the deposition, Karla K. Ellis-Davis, certifies that she took down the deposition in shorthand. (*See* Exhibit A to Declaration of Brett L. Gibbs.)

## I.   DEFENDANT HAD SPOLIATIVE COMPUTER CLEANING SOFTWARE INSTALLED ON HIS COMPUTER, AND CONTINUED USING THAT SOFTWARE, AS WELL AS OTHER DELETION TECHNIQUES, UP UNTIL THE DEPOSITION

During the Deposition, Plaintiff's counsel asked Defendant whether he had installed any computer cleaning software on his computer.

> **Q.** Delete. Uninstall. Do you have any programs to
> essentially clean the computer?
> **A.** Yes, I do.
> **Q.** What kind of programs?
> **A.** It's CCleaner.
> **Q.** CCleaner?
> **A.** "C" then "Cleaner," C-l-e-a-n-e-r.

(Navasca Dep. 35:7-35:13.) Plaintiff's counsel next sought to ascertain whether Defendant was aware of the purpose of CCleaner, and thus inquired as to the Defendant's understanding of the software's purpose.

> **Q.** Okay. And what does that do?
> **A.** It cleans your computer.
> **Q.** What do you mean by that?
> **A.** It deletes the program.
> **Q.** Deletes what?
> **A.** Or deletes whatever I uninstall.

(Navasca Dep. 35:14-35:19.)  Following Defendant's alarming admission that he had been operating software on his computer that would spoliate evidence, Plaintiff's counsel next asked Defendant about the scope and duration of his use of this software on his computer.

> **Q.** Okay. So what do you have to do to clean something
> off your computer?
> **A.** I delete it. Then every once in a while I run the
> program to just clean everything out.
> **Q.** How often? You said every once in while. How
> often?
> **A.** Every week or so.
> **Q.** Okay.

2

**A.** Once a week. Maybe twice a week. There's also
time[s] where it does it automatically.
**Q.** Is this something that came standard with your
computer?
**A.** No.

(Navasca Dep. 35:20-36:7.)  Plaintiff's counsel next sought to establish how Defendant acquired the

software, and to further establish Defendant's understanding of the nature of the software

**Q.** So you downloaded it online?
**A.** Yeah. It was through download.com.
**Q.** Is that a free service?
**A.** Yes, it is.
**Q.** And so you use it about once a week. So you first
delete the video or whatever it is.
**A.** Uh-huh.
**Q.** And then you use this backup thing to clean it out
just to make sure there is nothing, no trace of it left.
**A.** Yeah, so I can install new games or whatever space
on my computer.

(Navasca Dep. 36:8-36:18.)  Plaintiff's counsel next sought to establish whether Defendant had used

any other software on his computer that would spoliate evidence therein.

**Q.** Okay. You said that that was one of the things
that you used to clean your computer. What were others?
**A.** There's the standard cleanup that's, you know, that
comes standard on the computer.
**Q.** And do you know what that is called?
**A.** I think it's like -- it's whatever the standard deletion is. I don't know the name.

(Navsca Dep. 36:19-36:25.) It is thus abundantly clear that Defendant used both CCleaner, as well as

some other software that came with his computer, in order to delete files from his computer.

Defendant indicated that he had frequently used the CCleaner software since the time of the

infringement.

**Q.** How many times since January 12, 2012 would you
estimate that you've used this CCleaner or some sort of other
deletion cleanup method to clean your computer?
**A.** Per month I usually do it at least twice. At least
twice a month. So from now through -- from January through
now, like 24, 24 times.

SUPPLEMENT TO EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC

**Q.** Okay. And have you ever used it to -- you said you
used it to clean out videos.
**A.** Just like a general practice just cleaning out the computer.

(Navasca Dep. 37:1-37:10.)  Most disturbingly, Defendant's spoliation of evidence was ongoing, and

most likely took place up until the Deposition itself.

**Q.** And since -- well, when is the last time you
cleaned your computer using this CCleaner or standard deletion
cleaning?
**A.** Like I said, it's time-based so after, you know,
after maybe a week or so it will do it automatically.
**Q.** So approximately when was the last time?
**A.** Maybe last week.

(Navsca Dep. 38:6-38:12.) Defendant thus used CCleaner around twice each week, and continued to

do so until, at the very least, a week before the Deposition, and possibly continued to use the

software up until the deposition itself.

Defendant's further remarks regarding his understanding of what the CCleaner software

does, in response to Plaintiff's counsel's questioning, demonstrates a clear disregard for his

obligation to preserve evidence.

**Q.** Okay. And taking through that process, you said
you delete something first and then it comes out and
automatically cleans things up. What does that mean? What are
you -- is it focusing on certain things?
**A.** No, it will overall clean the computer.
**Q.** To clean for files?
**A.** Internet files. Basically whatever it needs to be
cleaned. I don't target anything to delete. It's just
whatever deleted it just deletes it. I don't really know the
process of what it does. It just cleans the computer.
**Q.** The hard drive.
**A.** Yeah, the hard drive
**Q.** And in terms of this cleaning, do you direct it to,
is it cleaning out only your trash essentially?
**A.** Yes, it's just the trash.
**Q.** Okay. But it's on a constant bases to do more than
what the trash does essentially.
**A.** Yeah.
**Q.** And what -- do you understand what it does beyond

just -- I mean, when you put something in the trash and you
empty the trash --
**A.** Just deletes it.
**Q.** But then you do this other cleanup method to make
sure everything, every component of it is deleted?
**A.** That's what it does, yeah.

(Navsca Dep. 38:13-39:12.)   Mr. Navasca thus made it clear that he knew CCleaner permanently deleted any trace of various data on his computer, and further made it clear that he continued to use CCleaner up until, at the very least, a week before the deposition—despite his ongoing obligation to preserve evidence Defendant's conduct is, of course, a clear violation of his obligation to preserve evidence, and is demonstrably prejudicial to Defendant's case. As described below, however, Defendant's counsel also misrepresented to the Court that Defendant was aware of his obligation to preserve evidence in the first place.

## II. DEFENDANT'S COUNSEL MISREPRESENTED TO THE COURT DEFENDANT'S AWARENESS OF HIS OBLIGATION TO PRESERVE EVIDENCE

Plaintiff and Defendant jointly submitted two case management statements, on November 23, 2012 (ECF No. 19), and December 14, 2012 (ECF No. 31), respectively. (*See* ECF No. 19) (*See* ECF No. 31.) In ***both*** of these case management statements, under the heading "6. Evidence preservation", Defendant's counsel made the following, identical statement: "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation." (*See* ECF No. 19 at 6) (*See* ECF No. 31 at 10.) As described in Section I of the instant Supplement, Defendant's conduct does not demonstrate "every intention" of complying with this obligation; perhaps just as troublingly, however, Defendant made it clear that his attorney ***did not even inform him of his obligation***, directly contradicting the representation that Defendant's attorney made to the Court on two separate occasions regarding preservation of evidence.

In order to elicit Defendant's understanding of his obligation to preserve evidence, Plaintiff's counsel inquired into the same.

> **Q.** Okay. Okay. Did you know you are supposed to
> preserve all evidence on your computer?
> **A.** I didn't know.
> **Q.** Okay. So you're still cleaning as we speak
> generally. You still have that cleanup method.
> **A.** Yes. Yes.

(Navasca Dep. 39:13-39:18) (Emphasis added.) Defendant had not been made aware of spoliation by anyone, and thus clearly had not been made aware of spoliation by his attorney.

> **Q.** Okay. Do you know what the term "spoliation" is?
> Spoliation.
> **A.** No…
> [BRIEF RECESS]…
> **Q.** You had this CCleaner installed on your computer.
> When was that installed?
> **A.** Probably like the first month I got the computer.
> **Q.** Okay. So almost right away, essentially three
> years or ago or so.
> **A.** Yeah.
> **Q.** And you've used it ever since?
> **A.** Uh-huh.
> **Q.** Okay. And going back to this situation, did you
> ever know that you needed to preserve evidence --
> **A.** No.
> **Q.** -- on everything on your computer?
> **A.** No.
> **Q.** You were never told that by anybody?
> **A.** No.

(Navasca Dep. 39:24-40:1; 40:11-40:25) (Emphasis added.) Plaintiff's counsel inquired, once again, into the degree to which Defendant had been informed by his attorney of his duty to preserve evidence.

> **Q.** Are you aware of this sentence that was put into a
> federal pleading, which says: "Mr. Navasca is aware of his
> obligation to preserve relevant evidence including electronic
> evidence and has every intention with complying with that
> obligation"?
> **A.** Yes.

6

**Q.** Do you understand that –
**A.** Yes.
**Q.** -- what that means?
**A.** Uh-huh.
**Q.** Yet, there is still the CCleaning device on your
computer.
**A.** That's been there before anything ever happened.
**Q.** No one ever told you not to?
**A.** To?
**Q.** To take that function off of your computer.
**A.** That computer has been running -- that program has
been running before --
**Q.** Again --
**A.** -- January 1st or --
**Q.** -- <u>no one told you to stop doing that?</u>
**A.** <u>No.</u>
**Q.** And you were still essentially erasing movies and
music since you received this complaint.
**A.** <u>Yes.</u>

(Navasca Dep. 76:19-77:18) (Emphasis added.)  It is thus clear from Mr. Navasca's *sworn* testimony

that his attorney did not inform his obligation to preserve evidence, that Mr. Navasca was not aware

of his obligation to preserve evidence, and that Mr. Navasca's attorney ***twice*** misled the Court by

erroneously asserting that Mr. Navasca was, in fact, aware of his duty to preserve evidence.  (*See*

ECF No. 19 at 6) (*See* ECF No. 31 at 10.) ("Mr. Navasca is aware of his obligation to preserve

relevant evidence, including electronic evidence, and has every intention of complying with this

obligation.")

Plaintiff's counsel pursued a modified version of this line of inquiry once more, on redirect,

in order to establish the foregoing facts with certainty.

**Q.** On the redirect, again, you never
received any advice or you never -- take that back. No one
ever told you to take CCleaner off your computer.
**A.** No.
**Q.** No one ever told your dad to take CCleaner off his
computer.
**A.** No.
**Q.** To your knowledge no one took CCleaner off any of
the computers in the house.

7

**A.** That's been there for ...

**Q.** And the other devices, you said there was like
normal deletion devices, those devices are still active as
well.

**A.** Yeah.

**Q.** And no one ever instructed you not to.

**A.** No.

**Q.** And they are continually -- as you know they are
continually deleting things off your computer.

**A.** Whatever, you know, I delete, yeah.

**Q.** Okay. That's all I have. Thank you.

(Navasca Dep. 97:3-97:22.) Plaintiff has alleged that Defendant committed a harm over the Internet.
Without evidence from Defendant's computer, Plaintiff cannot establish its case. Defendant's
conduct, as well as Defendant's counsel's misrepresentations, has severely prejudiced Plaintiff's
ability to prove its case. As such, Plaintiff has submitted its Emergency Motion for Expedited
Briefing and Hearing; and to Compel Production, in order to prevent further destruction of evidence,
and to evaluate how it can proceed with this case in light of Defendant's destruction of evidence.

### III. DEFENDANT EXERTED SUFFICIENT CONTROL OVER OTHER COMPUTERS IN DEFENDANT'S HOUSEHOLD SUCH THAT PLAINTIFF SHOULD BE ALLOWED TO SUBPOENA THESE OTHER COMPUTERS

In his Deposition, Defendant testified that he installed the CCleaner software on each and
every other computer in his household. His actions strongly suggest that he exercises a high degree
of control over the other computers in his household.

**Q.** You said there were five computers in house [h]old,
right?

**A.** Uh-huh.

**Q.** Let's just attribute. So you have one.

**A.** Uh-huh. My wife has one.

**Q.** Okay.

**A.** My mom has one. Father, which is central. Then my
brother has one. That's five, right?

**Q.** So you have one, your wife has one, and your mom has
one, and your brother has one. That's four.

**A.** Then my dad, which is central.

**Q.** Your dad. That's the central one. Okay.
So has Kevin -- does Kevin use the computer in your

8

house?
**A.** Yeah, he uses it.
**Q.** What computer does he use?
**A.** He uses the central, the one that my father uses.
**Q.** You have on your computer, you have what you said
-- described as a cleaning device called CCleaner. Did you
install that on the main computer in the house?
**A.** Yeah, that's also been there ever since, you know,
we had the computer…
**Q.** Did you remove that cleaning device for your father
or for anyone else?
**A.** No.
**Q.** So as far as you know it still has the cleaning
device?
**A.** Yes.
**Q.** Does that go for every single computer in the
household?
**A.** Uh-huh…
**Q.** But you were the one who initially put them on.
**A.** Yes.
**Q.** And you did not uninstall them; is that correct?
**A.** No.

(Navasca. Dep. 45:17-46:13; 46:25-47:8; 47:20-47:23.) Though Plaintiff acknowledges that

Defendant disavows control over the other computers in the household at other points during his

deposition, his actions, as described above, contradict his disavowals. (*See*, e.g., Navasca Dep.

47:18-47:19) ("I mean, I don't inspect everyone's computer.") There is sufficient evidence contained

in Defendant's testimony to warrant inspection of each and every computer in Defendant's

household by Plaintiff, particularly in light of the fact that Defendant has continued to run CCleaner

on his computer well after his obligation to reserve evidence was triggered; given that all of these

computers operate over the same network, it is possible that evidence of Defendant's conduct may

exist on other computers in the household, though it may have been obliterated from Defendant's

own computer by virtue of Defendant's conduct.

///

///

SUPPLEMENT TO EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC

**CONCLUSION**

Again, as indicated by Defendant's own sworn deposition testimony, Defendant has not complied with his duty to preserve evidence, and Defendant's attorney ***repeatedly*** misrepresented to the Court that Defendant was aware of his obligation to preserve evidence.   The above and attached transcript excerpts support are provided to supplement Plaintiff's Emergency Motion for Expedited Briefing and Hearing; and Motion to Compel Production (ECF No. 38) and the argument made therein.

Respectfully Submitted,

DATED:  January 22, 2013

By:     /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

SUPPLEMENT TO EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett L. Gibbs_____

SUPPLEMENT TO EMERGENCY MOTION FOR EXPEDITED BRIEFING AND HEARING AND TO COMPEL PRODUCTION
No. 3:12-CV-02396-EMC