UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVASCA, *et al.*,<br><br>    Defendant(s).<br>_____/ | No. C-12-2396 EMC (NJV)<br><br>**ORDER RE PLAINTIFF'S EMERGENCY MOTION TO COMPEL**<br>**(Doc. No. 38)** |

Plaintiff AF Holdings LLC filed an "emergency motion to compel" the production of defendant Joe Navasca's computers. Doc. No. 38; *see also* Doc. No 42 (Statement re Emergency Motion). The motion is premised on Navasca's admission during his deposition that he installed a program, CCleaner, on his computer. Citing an eHow.com article, AF Holdings argues that Navasca is destroying evidence of his copyright infringement activities. Navasca responded to the motion, stating that he has manually disabled CCleaner and offered his hard drive for inspection. Doc. No. 40 at 2. According to Navasca, AF Holdings's counsel refused to meet and confer regarding this offer or the motion to compel in general.

The district court having referred the case to the undersigned for discovery purposes, the undersigned orders the following:

1. Until further order of the court, Navasca shall continue to prevent CCleaner from operating on any computer(s) in his custody and/or under his control;

2. The parties shall meet and confer regarding the issues raised in AF Holdings' motion and in Navasca's response, **in person**, on or before Friday, January 25, 2013;

3. If the parties have not resolved their issues, they shall file separate letter briefs, not exceeding five pages, on or before Tuesday, January 29, 2013, addressing all outstanding issues; and,

4. The matter shall be heard on Thursday, January 31, 2013 at 2:00 p.m., in Courtroom D, 450 Golden Gate Avenue, San Francisco, California. If the parties do not file letter briefs on or before January 29, 2013, the undersigned shall deem the matter resolved and take the hearing off calendar.

The undersigned recognizes that AF Holding's motion to compel may suffer from some procedural deficiencies. *See generally* Doc. No. 40. In light of the allegation of spoliation, however, the undersigned believes an expedient resolution of the matter will benefit both parties. The undersigned nevertheless strongly encourages the parties to resolve this issue without further court intervention.

**IT IS SO ORDERED**.

Dated: January 23, 2013

Nandor J. Vadas
United States Magistrate Judge