# Exhibit B

1/22/13 Roundcube Webmail :: IMMEDIATE ACTION REQUIRED: Meet and Confer Request Re: AF Holdings v. Navasca; Emergency Motion to Be Filed

Case3:12-cv-02396-EMC Document47-2 Filed01/29/13 Page2 of 7



| | |
|---|---|
| Subject | **IMMEDIATE ACTION REQUIRED: Meet and Confer Request Re: AF Holdings v. Navasca; Emergency Motion to Be Filed** |
| From | Brett Gibbs <blgibbs@wefightpiracy.com> |
| To | Nicholas Ranallo <nick@ranallolawoffice.com> |
| Date | 2013-01-15 18:13 |

Dear Mr. Ranallo,

This email is intended as a meet and confer with you regarding the extremely troubling revelations which were brought to light in the January 14th deposition of your client, Joe Navasca. Please note that Plaintiff plans to bring an Emergency Motion to Compel Production of certain electronic evidence in the above-referenced case. Please respond by tomorrow, Wednesday, January 16, 2013 at 3:00 pm (PST) regarding this attempt to meet and confer..

According to deposition testimony offered under the penalty of perjury, your client has admitted to deleting substantial portions of the evidence necessary to both my client's claims and to your client's potential defenses. As your client stated during the January 14th, 2013 deposition, there is a program called CCleaner that he installed on his computer, as well as on all of the other computers in the Navasca household. Mr. Navasca indicated that he has *knowingly used CCleaner to regularly delete data from his computer, and has continued to do so over the course of the pending litigation.* As you and your client should understand, CCleaner is well-known to "clean up" BitTorrent clients and videos--such as the one at issue in this case--from computers. CCleaner is *not* something that your client should be actively using on his computer--a computer that contains critical electronic information relevant to this case--during the course of litigation. Both you and your client should have been aware that such conduct establishes a *per se* showing of evidence spoliation.

Perhaps most strikingly, CCleaner has continued to be used on Mr. Navasca's computer, as well as the other computers in his household, despite an assertion by YOU, in our jointly submitted case management statement, that "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation." YOUR statement is ***directly contradictory*** to Mr. Navasca's sworn deposition testimony, in which he asserted (1) that ***no one*** had informed him of his duty to preserve evidence; and (2) that he continues (to this day) to run the CCleaner software on his computer, software to delete data from his computer. Once again, both of these assertions directly contradict your representation to the Court that "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation."

Either he was aware and lied under oath, or you directly lied to the Court--it's one or the other, Mr. Ranallo. In light of your client's clear and unambiguous admissions, please provide us with any communications sent to your client explaining his duty to preserve electronic information related to this case. You must understand that, in light of your client's testimony, if this evidence is not produced we have to assume that you failed in your duty to advise him of his obligations and, furthermore, lied to the Court. You also have to realize how devastating this admission is for Plaintiff in its attempts to prove its case.

In light of your inability to properly instruct your client to comply with his obligations to preserve evidence, I hereby demand that **EACH AND EVERY COMPUTER** in Mr. Navasca's household be turned over to me for inspection **WITHIN 24 HOURS**. As he stated in his deposition, Mr. Navasca exercises a significant degree of control over all of the computers in the household. In light of the blatant spoliation described above, Plaintiff will have no choice but to bring before the Court an Emergency Motion to Compel Production of each and every computer in Mr. Navasca's household should we be unable to resolve this

1/22/13  Roundcube Webmail :: IMMEDIATE ACTION REQUIRED - Meet and Confer - Request for AF Holdings v. Navasca Emergency Motion to Be Filed

Case3:12-cv-02396-EMC Document47-2 Filed01/29/13 Page3 of 7

matter without Court intervention. It is undoubtedly in the best interest of both parties that Plaintiff be given access to whatever evidence remains (assuming any exists) in the wake of the aforementioned spoliation, so that Plaintiff can assess the strength of the relative positions of the parties in this case.

**PLEASE IMMEDIATELY INSTRUCT YOUR CLIENT, JOE NAVASCA, TO CEASE FURTHER DELETION OF *ANY* DATA CONTAINED ON *ANY* COMPUTERS IN HIS HOUSEHOLD UNTIL COMPLYING WITH THE PRODUCTION REQUEST.**

If you agree by Wednesday, January 16, 2013 at 3:00 pm (PST) that Mr. Navasca will voluntarily produce each and every computer in his household, then Plaintiff will refrain from filing its Emergency Motion to Compel Production. Please note that Plaintiff is currently preparing that motion and it should be ready to file tomorrow evening. If we do not hear from you by the above-stated deadline, we will assume that you are not in agreement, and that all attempts to meet and confer on this emergency situation failed.

Sincerely,
Brett L. Gibbs (SBN 284924)
*Attorney for Plaintiff*
*AF Holdings LLC*


--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

1/22/13    Roundcube Webmail :: Re: IMMEDIATE ACTION REQUIRED: Meet and Confer Request Re: AF Holdings v. Navasca; Emergency Motion to Be Filed

Case3:12-cv-02396-EMC Document47-2 Filed01/29/13 Page4 of 7



| | |
|---|---|
| Subject | Re: IMMEDIATE ACTION REQUIRED: Meet and Confer Request Re: AF Holdings v. Navasca; Emergency Motion to Be Filed |
| From | Nicholas Ranallo <nick@ranallolawoffice.com> |
| To | Brett Gibbs <blgibbs@wefightpiracy.com> |
| Date | 2013-01-16 13:37 |

Mr. Gibbs,

We disagree with your characterization of Mr. Navasca's activity – or lack thereof- in failing to disable a program that he has had on his computer since long before any allegations of wrongdoing in this matter. I was personally unaware that he had any such program (or aware of the program, in general), and he was not aware that his duties included disabling this particular program that has been routinely in use for years.  He has since disabled the program, but his failure to do so prior to this point fits squarely under F. R. Civ. P. 37(e), which precludes a court from imposing any sanctions for "failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."   The program you are concerned about is not, as you claim , a program to "clean up BitTorrent clients and videos."   It has been downloaded by over a billion people (50,000,000 through C-Net alone),and is routinely used to assist a computer's performance.

Moreover, Mr. Navasca does not believe that this program has deleted any information that may be relevant to this litigation.  You have to this point offered no hint at a discovery plan with regard to ESI, and your case management statement makes no mention of your intentions with regard to electronic discovery.  You have sent no correspondence regarding this issue. Nonetheless, we have been under the assumption that it would necessarily include an examination of activities that occurred at or near the time of the infringement – more than one year ago.  There is simply no reason to believe that any temporary information routinely cleaned by this program would have been recently destroyed by its continued operation.

As for your demand that Mr. Navasca turn over his hard drive, and all those of his housemates, within 24 hours, this request is unreasonable for several reasons.  First, you have yet to even request any documents or ESI from my client, and your 24 hour window in no way complies with the federal rules or any reasonable timeline for compliance.  Second, my client can only turn over items that belong to him, or that the owners (his housemates) have agreed to turn over for this purpose.  If they are unwilling to comply, Mr. Navasca cannot force them (but you are free to seek such information via subpoena).

Notwithstanding the foregoing, my client has no problem with providing his hard drive for imaging and/or examination of some sort, but adequate safeguards must first be in place.  For example, we would require that any voluntary production be to a third party vendor, who can prepare a joint report on his findings.  Any examination would also need to be conducted based upon agreed keywords, and appropriate protections/stipulated protective order put in place for dealing with privileged communications and work product, etc.

I look forward to your response,


---
Nicholas Ranallo, Attorney at Law
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
California Bar No. 275016
New York Bar No. 4620985

1/22/13 Roundcube Webmail :: Re: IMMEDIATE ACTION REQUIRED: Meet and Confer Request RE 1/29/13's v. Navasca Emergency Motion to Be Filed

Case3:12-cv-02396-EMC Document47-2 Filed01/29/13 Page5 of 7

NOTICE: The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error.

On 2013-01-15 18:13, Brett Gibbs wrote:

> Dear Mr. Ranallo,
>
> This email is intended as a meet and confer with you regarding the extremely troubling revelations which were brought to light in the January 14th deposition of your client, Joe Navasca.  Please note that Plaintiff plans to bring an Emergency Motion to Compel Production of certain  electronic evidence in the above-referenced case.  Please respond by tomorrow, Wednesday, January 16, 2013 at 3:00 pm (PST) regarding this attempt to meet and confer..
>
> According to deposition testimony offered under the penalty of perjury, your client has admitted to deleting substantial portions of the evidence necessary to both my client's claims and to your client's potential defenses. As your client stated during the January 14th, 2013 deposition, there is a program called CCleaner that he installed on his computer, as well as on all of the other computers in the Navasca household. Mr. Navasca indicated that he has knowingly used CCleaner to regularly delete data from his computer, and has continued to do so over the course of the pending litigation.  As you and your client should understand, CCleaner is well-known to "clean up" BitTorrent clients and videos--such as the one at issue in this case--from computers.  CCleaner is not something that your client should be actively using on his computer--a computer that contains critical electronic information relevant to this case--during the course of litigation.  Both you and your client should have been aware that such conduct establishes a per se showing of evidence spoliation.
>
> Perhaps most strikingly, CCleaner has continued to be used on Mr. Navasca's computer, as well as the other computers in his household, despite an assertion by YOU, in our jointly submitted case management statement, that "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation."  YOUR statement is directly contradictory to Mr. Navasca's sworn deposition testimony, in which he asserted (1) that no one had informed him of his duty to preserve evidence; and (2) that he continues (to this day) to run the CCleaner software on his computer, software to delete data from his computer. Once again, both of these assertions directly contradict your representation to the Court that "Mr. Navasca is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation."
>
> Either he was aware and lied under oath, or you directly lied to the Court--it's one or the other, Mr. Ranallo.  In light of your client's clear and unambiguous admissions, please provide us with any communications sent to your client explaining his duty to preserve electronic information related to this case.  You must understand that, in light of your client's testimony, if this evidence is not produced we have to assume that you failed in your duty to advise him of his obligations and, furthermore, lied to the Court. You also have to realize how devastating this admission is for Plaintiff in its

1/22/13 Roundcube Webmail :: Re: IMMEDIATE ACTION REQUIRED - Meet and Confer Request RE: AF Holdings v. Navasca; Emergency Motion to Be Filed

Case3:12-cv-02396-EMC Document47-2 Filed01/29/13 Page6 of 7

attempts to prove its case.

In light of your inability to properly instruct your client to comply with his obligations to preserve evidence, I hereby demand that EACH AND EVERY COMPUTER in Mr. Navasca's household be turned over to me for inspection WITHIN 24 HOURS. As he stated in his deposition, Mr. Navasca exercises a significant degree of control over all of the computers in the household. In light of the blatant spoliation described above, Plaintiff will have no choice but to bring before the Court an Emergency Motion to Compel Production of each and every computer in Mr. Navasca's household should we be unable to resolve this matter without Court intervention. It is undoubtedly in the best interest of both parties that Plaintiff be given access to whatever evidence remains (assuming any exists) in the wake of the aforementioned spoliation, so that Plaintiff can assess the strength of the relative positions of the parties in this case.

PLEASE IMMEDIATELY INSTRUCT YOUR CLIENT, JOE NAVASCA, TO CEASE FURTHER DELETION OF ANY DATA CONTAINED ON ANY COMPUTERS IN HIS HOUSEHOLD UNTIL COMPLYING WITH THE PRODUCTION REQUEST.

If you agree by Wednesday, January 16, 2013 at 3:00 pm (PST) that Mr. Navasca will voluntarily produce each and every computer in his household, then Plaintiff will refrain from filing its Emergency Motion to Compel Production. Please note that Plaintiff is currently preparing that motion and it should be ready to file tomorrow evening. If we do not hear from you by the above-stated deadline, we will assume that you are not in agreement, and that all attempts to meet and confer on this emergency situation failed.

Sincerely,
Brett L. Gibbs (SBN 284924)
Attorney for Plaintiff
AF Holdings LLC

--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless

1/22/13 Roundcube Webmail :: Re: IMMEDIATE ACTION REQUIRED- Meet and Confer Request RE Filings v Navas 7, Emergency Motion to Be Filed

Case 3:12-cv-02396-EMC Document 47-2 Filed 01/29/13 Page 7 of 7

otherwise expressly indicated, any federal tax advice contained in
this communication, including attachments and enclosures, is not
intended or written to be used, and may not be used, for the purpose
of (i) avoiding tax-related penalties under the Internal Revenue Code
or (ii) promoting, marketing or recommending to another party any
tax-related matters addressed herein.