UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. C-12-2396 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE UNDERTAKING** |
| JOE NAVASCA, | |
| Defendant. | **(Docket No. 22)** |

Plaintiff AF Holdings, Inc. has filed suit against Defendant Joe Navasca. In essence, AF charges Mr. Navasca with having infringed a copyright that it owns on an adult entertainment video – more specifically, by intentionally downloading a BitTorrent file particular to the video at issue, which was then reproduced and distributed to third parties through the BitTorrent file sharing. Currently pending before the Court is Mr. Navasca's motion to require an undertaking pursuant to California Code of Civil Procedure § 1030. The Court held a hearing on the motion on January 31, 2013. At the hearing, the Court **GRANTED** Mr. Navasca's motion. This order memorializes the ruling of the Court and supplements the ruling as necessary.

## I. DISCUSSION

The Ninth Circuit has addressed the framework for the relief sought herein.

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved."

*Smulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

In California, § 1030 of the California Code of Civil Procedure allows for an undertaking "to secure an award of costs and attorney's fees[1] which may be awarded" where "the plaintiff resides out of state or is a foreign corporation" and "there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." Cal. Code Civ. Proc. § 1030(a)-(b). "The purpose of [§ 1030] is to [1] enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction . . . [and] [2] prevent out-of-state residents from filing frivolous lawsuits against California residents." *Alshafie, v. Lallande*, 171 Cal. App. 4th 421, 428 (2009) (internal quotation marks omitted). Notably, the Ninth Circuit has upheld a district court's imposition of a costs bond pursuant to California Code of Civil Procedure § 1030. *See Kourtis v. Cameron*, 358 Fed. Appx. 863, 866-67 (9th Cir. 2009).

In the instant case, there should be no dispute that the first criteria under § 1030 has been met. In its complaint, AF alleges that it "is a limited liability company organized ane existing under the laws of the Federation of Saint Kitts and Nevis." FAC ¶ 2.

As for the second criteria, it is significant that § 1030 requires only a "reasonable possibility" that the defendant will prevail. Cal. Code Civ. Proc. § 1030(b). As Mr. Navasca argues, this language on its face appears to set a relatively low standard. That the standard is relatively low – or at least not as high as suggested by AF – is also supported by the case law. For example, in *Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427 (2001), a state appellate court noted that, under § 1030, a defendant is "not required to show that there [is] no possibility that [the plaintiff] could win at trial, but only that it [is] reasonably possible that [the defendant will] win." *Id.* at 1432.

Nevertheless, even if a higher standard were to apply (*e.g.*, a reasonable probability or likelihood) as AF contends (in order to insure reasonable access of foreign corporations to courts in California), the Court concludes that Mr. Navasca has met that threshold. First, based on the

---

[1] "'[A]ttorney's fees' means reasonable attorney's fees a party may be authorized to recovery by a statute apart from this section or by contract." Cal. Code Civ. Proc. § 1030(a). Under the Copyright Act, a court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

2

evidence of record, there are serious questions as to whether AF has standing to sue for infringement because of the "Alan Cooper" issue. Notably, in spite of a declaration from an Alan Cooper suggesting that AF or persons or entities affiliated with AF have fraudulently used his identity, AF has made no effort to provide any evidence to counter the declaration. AF could have, but did not, present a declaration from its own Alan Cooper or a declaration from its manager and/or CEO. As the Court stated at the hearing, even if there was a sufficient transfer for purposes of the Copyright Act, which focuses on proper authorization by the copyright transferor, not the transferee, that is a separate issue from (1) whether AF has Article III standing in this Court to assert infringement based on claimed ownership of the copyright at issue and (2) whether AF is a real party in interest with capacity and authority to sue. *See* Fed. R. Civ. P. 17. The "Alan Cooper" issue raises serious questions that remain unanswered.

Second, even if standing and capacity/authorization to sue were not a problem, there is a reasonable possibility (or even probability) that Mr. Navasca was not the infringer – at least based on the evidence of record. Most notably, it is undisputed that "[t]here are five additional co-occupants in [Mr. Navasca's] home, each with authorized access to the internet connection." Navasa Decl. ¶ 4. In response, AF argues that Mr. Navasca was the most likely infringer out of the household because "Plaintiff's content attracts a specific demographic, and Joe Navasca was the member of the household who best fit that demographic." Opp'n at 4. But while that makes Mr. Navasca a possible infringer, that does not preclude the reasonable possibility (or even probability) that Mr. Navasca was not the infringer. Indeed, it appears to be undisputed that "there are still three other males in [Mr. Navasca's] immediate household, including two others between the ages of 30-45, just like [himself]." Reply at 5.

AF argues still that Mr. Navasca was likely the infringer because, as he testified during his deposition, (1) he "works in technical support at a gaming company" and (2) "he is 'the most knowledgeable person in his household about computers.'"[2] Sur-Reply at 12. But this argument is not very compelling because one does not need to be tech savvy in order to download information

---

[2] The Court grants AF's motion to file a sur-reply. *See* Docket No. 43 (motion).

from a computer -- or at least there is no evidence of such. To the extent AF makes the additional argument that it will likely prevail because it should be entitled to an adverse inference instruction based on Mr. Navasca's spoliation of evidence, it fares no better. AF has done little to establish that Mr. Navasca engaged in *improper* spoliation. The alleged infringement took place in January 2012. This lawsuit was not filed until several months later, *i.e.*, until May 2012. During his deposition, Mr. Navasca testified that he has regularly used a software "cleaning" program since he first purchased his computer three years earlier. *See* Sur-Reply at 3-4, 7. He also testified that he has regularly used the program (about twice a month) since January 2012, *i.e.*, since the date of the alleged infringement. That being the case, any evidence about the past infringement in January 2012 was probably deleted well before the lawsuit was even initiated in May 2012.

Finally, AF suggests that, at this juncture in the proceedings, it should not be held to blame for not having additional evidence to support its claim that Mr. Navasca was the infringer. For example, AF argues that

> discovery *is* necessary to figure out who the true infringer is. But when subscriber Jovino Navasca did not respond to [AF's] attempts to correspond, and most-like-infringer-in-the-household Joe Navasca did not respond to [AF's] attempts to correspond, how, exactly, was [AF] supposed to engage in that discovery without initiating litigation against the most likely infringer in the household?

Opp'n at 7 (emphasis added). This argument misses the point. AF may have a Rule 11 basis to *name* Mr. Navasca as the defendant, but that is a separate issue from whether AF should nevertheless be required to provide an *undertaking* because it is a reasonable possibility that Mr. Navasca will prevail on the merits. Furthermore, AF fails to take into account that, even before it named Mr. Navasca as the defendant, it could have done a further investigation into, or at least asked for additional early discovery to pinpoint, who the alleged infringer was. Contrary to what AF argues, when Mr. Navasca and his father failed to respond to its counsel's letters, it could have done more than just rely on demographics before naming a defendant in the lawsuit. In any event, AF has now taken Mr. Navasca's deposition. It has not shown it is without means to establish a likelihood that Mr. Navasca was the infringer. It has yet to do so.

4

Not only is AF's evidence that Mr. Navasca was the infringer weak, but also Mr. Navasca has presented a declaration in which he testifies that he did not download or share the video at issue. To the extent AF contends that the Court should discount the declaration because it is self-interested, that argument is not especially convincing. The declaration may be self-interested but that does not mean that it is not entitled to any weight. The situation here is in some ways comparable to the situation in which a court evaluates a motion for a preliminary injunction. For a preliminary injunction motion, a court must similarly consider the plaintiff's likelihood of success on the merits and, as a part of this consideration, takes into account *evidence* such as declarations, even if they are self-interested. Accordingly, the Court may take into account Mr. Navasca's declaration – as well as the fact that AF chose not to submit any countervailing evidence, notwithstanding its ability to conduct an investigation and take discovery.

As a final point, the Court takes into consideration AF's suggestion that, if the Court does in fact require an undertaking, that will effectively deprive it of access to the Court because it will not be able to afford an undertaking. Here, once again, there are problems with AF's position. First, it has offered no evidence to support its claim that it could not afford an undertaking. Second, any naked claim of inability to pay must be taken with a grain of salt, if only because AF has chosen to initiate multiple cases throughout the country and managed to pay the filing fees. Also, arguably, AF has been somewhat successful in getting some settlements through its lawsuits or presumably it would not have continued the lawsuits. Nor would requiring an undertaking in this case imply an undertaking would be required in every case. Assuming that AF can eliminate the standing/capacity issues, in suits against an alleged infringer where, *e.g.*, the defendant is the only one with access to the offending IP address, AF may well avoid an undertaking.

D.    <u>Amount of Undertaking</u>

For the above reasons, the Court shall require an undertaking from AF, just as Judge Breyer did in *AF Holdings LLC v. Trinh*, No. C 12-02393 CRB, 2012 U.S. Dist. LEXIS 161394, at *3 (N.D. Cal. Nov. 9, 2012). The only remaining question is what the amount of the undertaking should be. In the *Trinh* case (where the defendant is represented by the same counsel as here), Judge Breyer ultimately required an undertaking in the amount of $48,000 total (costs and attorney's fees

1  together). The Court finds that a $50,000 undertaking is appropriate in the case at bar, which is on
2  par with Judge Breyer's ruling. Mr. Navasca's estimated costs, although arguably inflated (even at
3  the asserted "low end"), are within the realm of reason. As for the actual and estimated attorney's
4  fees, the hourly rate ($250) is reasonable but the number of hours (approximately 300) seems
5  excessive, particularly given that Mr. Navasca's counsel is representing defendants in other lawsuits
6  brought by AF that involve the same or similar issues. The Court concludes that a total undertaking
7  of $50,000 (for costs and fees) strikes an appropriate balance.

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Navasca's motion to require an undertaking. In order to continue prosecution of this lawsuit, AF shall be required to post an undertaking in the amount of $50,000.

The Court, however, shall stay this ruling until March 4, 2013, in order to give AF an opportunity to file a motion to reconsider. If AF files a motion, then the Court shall continue the stay of this order until it has made a ruling on the motion. AF is advised that, to prevail on the motion, it must, at the very least, provide evidence to establish its standing/capacity to assert a claim for copyright infringement and provide additional evidence establishing that there is no reasonable possibility that Mr. Navasca was not the infringer. It may also present evidence of its absolute inability to pay.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: February 5, 2013

_____
EDWARD M. CHEN
United States District Judge