Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | No. 3:12-CV-02396-EMC |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF AF HOLDINGS LLC'S MOTION TO STAY DISCOVERY UNTIL FINAL RESOLUTION OF THE UNDERTAKING ISSUE** |
| v. | ) | |
| | ) | DATE: March 14, 2013 |
| JOE NAVASCA, | ) | TIME: 1:30 p.m. |
| | ) | ROOM: 5 |
| | ) | JUDGE: Hon. Edward M. Chen |
| Defendant. | ) | |

**NOTICE OF MOTION**

Please take notice that on March 14, 2013 at 1:30 P.M., or as soon thereafter as the matter may be heard, the undersigned shall appear before the Honorable Judge Edward M. Chen, in Courtroom 5, 17th Floor of the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, and shall then and there present a motion to stay discovery until final resolution of the undertaking issue.

**PLAINTIFF'S MOTION FOR STAY OF DISCOVERY UNTIL FINAL RESOLUTION OF THE UNDERTAKING ISSUE**

On February 5, 2013, the Court issued its Order Granting Defendant's Motion to Require Undertaking, which requires that Plaintiff post a $50,000 bond in order to prosecute this case. (ECF No. 51.) In that order, the Court specifically allowed Plaintiff thirty days to file a motion for

reconsideration. Plaintiff plans on filing that motion within the time allotted. Until a decision on that motion, this case is essentially suspended pending an ultimate finding on the undertaking.

With that in mind, on February 7, 2013, the parties filed a stipulation to postpone the ENE that was scheduled for February 28, 2013. (ECF No. 52.) Again, the parties so stipulated because of the pending undertaking matter, whose final resolution will determine whether the case will proceed at all—Plaintiff will not be able to pursue the case should the undertaking be upheld. As noted in the parties' stipulation, "the parties agree that postponement is beneficial to everyone, including the Court…, because it prevents the potential for waste of valuable time and resources." (ECF No. 52 at 2.) For this same reason, Plaintiff's counsel met and conferred with Defendant's counsel and requested a stipulation that all discovery be stayed in light of the potential "waste of valuable time and resources" for both parties. (*See* Declaration of Brett L. Gibbs ¶ 5.) In fact, currently both parties have *several* sets of written discovery out to each other, and there is even an upcoming deposition. As the Court understands, responding to these requests and attending any depostion will be burdensome and costly for both parties—not to mention other related potential discovery disputes. All of this would be for nothing if the case is dismissed by this Court for Plaintiff's failure to post a $50,000 bond.

Plaintiff's counsel reminded Mr. Ranallo of the fact that continuing on with discovery at this time would be a waste of time and money for both parties given the fact that the case may soon be terminated. *Id.* Mr. Ranallo's stated that his primary objection to the stay of discovery was to determine whether AF Holdings has standing to sue. (*Id.* ¶ 3.) Plaintiff's counsel informed Mr. Ranallo that Plaintiff would be submitting documentation establishing that AF Holdings is an existing company, negating the standing issue. (*Id.* ¶ 4.) Further, in order to reach a compromise, Plaintiff made a good faith offer to pay for any expenses that Mr. Ranallo had already incurred with respect to the upcoming deposition. (*Id.* ¶ 5.) Mr. Ranallo responded that wasting his client's money

did not matter because he would "be getting it all back from Plaintiff" [paraphrasing] through a motion for attorney's fees in the future anyway. (*Id.* ¶ 6.)[1]

Despite Defendant's counsel's apparent belief that his receiving attorney's fees in this matter is a foregone conclusion, the fact remains that continuing discovery when the case could be disposed of by the undertaking issue is a waste of time and resources for both parties *and* the Court. Plaintiff thus respectfully moves the Court to stay discovery until such time as the undertaking issue has been fully resolved, and allowing a

## CONCLUSION

In light of the above, Plaintiff's respectfully requests that the Court immediately stay discovery in this case.

Respectfully Submitted,

By: /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

---

[1] First, this is no guarantee. If Defendant does not get these fees paid for him, he is going to be out of a significant amount of money. Defendant's attorney appears to be gambling with his client's money. Second, even if Defendant ends up recovering attorney's fees and/or costs at the finality of this case, he should not be rewarded for wasting money in the meantime. This is why Plaintiff suggests that the Court grant this order, stay discovery, and prevent both parties from further wasting their money.

3

MOTION FOR STAY OF DISCOVERY                                    No. 3:12-CV-02396-EMC

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs