Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA, <br><br> Defendant. | No. 3:12-CV-02396-EMC <br><br> **PLAINTIFF AF HOLDINGS LLC'S MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO STAY DISCOVERY** |

Plaintiff AF Holdings LLC, by and through its undersigned counsel, hereby files this Motion to Shorten Time for Hearing on Motion to Stay Discovery. Pursuant to Northern District Local Rule 6-3, Plaintiff's counsel met and conferred with Defendant's counsel to attempt to obtain a stipulation to the shortening of time, but was unable to do so. (*See* Declaration of Brett L. Gibbs ¶ 2.)

On February 5, 2013, the Court issued its Order Granting Defendant's Motion to Require Undertaking, which requires that Plaintiff post a $50,000 bond in order to prosecute this case. (ECF No. 51.) On February 7, 2013, the parties filed a stipulation to postpone the ENE that was scheduled for February 28, 2013. (ECF No. 52.) The parties so stipulated because of the pending undertaking matter, whose final resolution will determine whether the case will proceed at all—Plaintiff does not expect to pursue the case should the undertaking be upheld. As noted in the stipulation, "the parties agree that postponement is beneficial to everyone, including the Court and the ENE officer, because

it prevents the potential for waste of valuable time and resources." (ECF No. 52 at 2.) For similar reasons, Plaintiff's counsel asserted, in meeting and conferring with Defendant, that discovery should be stayed. (*See* ECF No. 53-1 ¶ 5.) Plaintiff's counsel reminded Mr. Ranallo of the fact that continuing on with discovery at this time would be a waste of time and money, on the part of both parties, given the fact that the case may soon be terminated. *Id.* Mr. Ranallo's primary objection to the stay of discovery was the fact that whether AF Holdings has standing to sue is still an outstanding issue. (*Id.* ¶ 3.) Plaintiff's counsel informed Mr. Ranallo that Plaintiff would be submitting documentation establishing that AF Holdings is an existing company, negating the standing issue. (*Id.* ¶ 4.) Plaintiff's counsel further informed Mr. Ranallo that Plaintiff had offered to pay for any expenses that Mr. Ranallo had already incurred with respect to the upcoming deposition. (*Id.* ¶ 5.) Mr. Ranallo responded that wasting money did not matter because "he'll be getting it all back from Plaintiff" [paraphrasing] through a motion for attorney's fees in the future anyway. (*Id.* ¶ 6.)

Despite Defendant's counsel's apparent belief that his receiving attorney's fees in this matter is a foregone conclusion, the fact remains that continuing discovery when the case could be disposed of by the undertaking issue is a waste of time and resources for both parties. For these reasons, Plaintiff moved the Court to stay all discovery in this case until final resolution of the undertaking issue. (ECF No. 53)

In accordance with the local rules, which require 35 days' notice for hearings, Plaintiff noticed the hearing for March 14, 2013. However, the issue presented will be moot by that time: there is a deposition scheduled for February 19, 2013; Defendant's responses to Plaintiff's Interrogatories, Requests for Admission, and Requests to Produce are due on March 3rd; and Plaintiff's responses to Defendant's Requests for Admission are due on March 11th. Furthermore, by the time of the March 14 hearing date, the case may already have been dismissed by virtue of the

Court's upholding the undertaking order, considering that Plaintiff's Motion for Reconsideration is due on March 5. As such, the parties will have already incurred the wasted time and expense necessary to comply with the respective discovery requests by the time the hearing is scheduled to occur.

As such, Plaintiff respectfully moves the Court to shorten the time for the hearing on Plaintiff's Motion to Stay Discovery to **February 14, 2013**, which is the last hearing date for this Court before the first discovery deadline listed above.

### CONCLUSION

For the reasons contained herein, Plaintiff respectfully requests that the Court shorten the time for the hearing on Plaintiff's Motion to Stay Discovery to **February 14, 2013**, which is the last hearing date for this Court before the first discovery deadline listed above.

Respectfully Submitted,

By: /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 8, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs