Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **DEFENDANT'S OPPOSITION TO AF HOLDINGS MOTION TO SHORTEN TIME** <br><br> Judge: Honorable Edward Chen <br> Proposed Hearing Date: February 14, 2013 |

## I. INTRODUCTION

AF Holdings' Motion to Stay Discovery and to shorten the briefing schedule (to one or two days) are transparent attempts to avoid AF Holdings' upcoming 30(b)(6) deposition, in light of a recent Order to Show Cause re: Rule 11 violations and still further questions that have been raised regarding AF Holdings' "ownership" and corporate representative/CEO Mark Lutz. These developments will be described briefly herein, and can be fleshed out more fully in any opposition to the Motion to Stay that is required.

Defendant opposes the Motion to Stay and the Motion for Expedited briefing for a number of reasons. First, as has become the norm in this case, Plaintiff's request does not comply with the Local Rules, as described more fully herein. Second, Plaintiff offers no suggestion of any briefing schedule that would allow this matter to be ready for a February 14th hearing on the matter. Finally, as described further herein, Defendant is not certain that it would, in fact, oppose this motion given a standard briefing schedule.

## II. RECENT DEVELOPMENTS

Plaintiff's sudden desire to conserve defendant's resources by opting out of a properly noticed deposition can be traced to a few important recent events. Most importantly, on February 7, 2013, Judge Otis Wright issued an "Order to Show Cause Re: Sanctions for Rule 11 and Local Rule 83-3 Violations." A copy of this order is attached as Exhibit A. This order explicitly notes that the litigation conduct of AF Holdings, Ingenuity 13 and Plaintiff's counsel herein violate Rule 11 and the court's local rules.

The court notes Plaintiff's lack of diligence in identifying an infringer, and further notes that Mr. Gibbs should show cause he should not be sanctioned for "perpetrating fraud on the Court by misappropriating the identity of Alan Cooper and filing lawsuits based on an invalid copyright assignment." Exhibit A at 10. Moreover, Judge Wright notes that "The Court declines to sanction Plaintiffs AF Holdings LLC and Ingenuity 13, LLC at this time for two reasons: 1) Mr. Gibbs appears to be closely related to or have a fiduciary interest in Plaintiffs; and 2) it is likely that Plaintiffs are devoid of assets." *Id.*

The next day, on February 8, 2013, Jovino Navasca (the defendant's father and the ISP subscriber that was originally the recipient of Plaintiff's threats) received a curious message. See Ranallo Declaration at ¶2-7. This message was apparently from Mark Lutz, a former paralegal of Steele Hansmeir/Prenda Law and (supposedly) the new CEO/Corporate Representative of AF Holdings. Mr. Lutz doesn't identify himself as being associated with AF Holdings, however, instead noting only that he is calling on behalf of "Anti-Piracy Law Group," the newest incarnation of Steele Hansmeier/Prenda Law.[1] Mr. Lutz identifies AF Holdings as "our client," despite being the "corporate representative" of the company, and goes on to note that unless Jovino calls to negotiate a settlement, then AF Holdings will seek to add Jovino's name to the complaint. It is unclear whether AF Holdings actually intends to name someone other than the present defendant, and Mr. Gibbs has refused to offer any substantive information on the issue.

---

[1] Notably, Brett Gibbs has withdrawn from his representation of AF Holdings and Ingenuity 13 in all cases in this district *except* the instant case. Mr. Gibbs has been replaced by Paul Duffy, another attorney with formal ties to Prenda Law/Anti-Piracy Law Group.

2
CV 12-2396-EMC Opposition to Motion to Shorten Time

Also on February 8, 2013, AF Holdings and Ingenuity 13 began to rapidly withdraw many cases where dismissal could be done unilaterally, without risking liability for costs – i.e. where the defendant had not yet filed an answer or motion for summary judgment. See, e.g. Case Nos: 3:12-cv-02415-CRB, 3:12-cv-04982-CRB, 4:12-cv-02411-PJH, and 5:12-cv-02394-LHK in the Northern District of California; and Case Nos: 2:12-cv-01064-JAM-GGH, 2:12-cv-01066-GEB-GGH, and 2:12-cv-01075-GEB-DAD in the Eastern District of California. Indeed, there are *many* more such dismissals throughout California. Plaintiff's counsel has offered no explanation for the mass dismissals, and has offered no explanation for the failure to seek dismissal of Mr. Navasca, in light of the foregoing.

Finally, counsel for the defendant has recently uncovered new information tending to establish that "Salt Marsh," who was previously identified as an "Owner" of AF Holdings in this matter, appears to be another attempt to mislead courts and parties by submitting filings under false names. Indeed, although it presently appears unlikely that there exists a "Salt Marsh," associated with AF Holdings, it does appear that there is a gentleman by the name of Anthony Saltmarsh who previously lived at an address in Phoenix associated with Alan Cooper and Jayme Steele, the sister of John Steele (Steele Hansmeier). See Ranallo Dec. at ¶8-14. Following a familiar pattern, Plaintiff's counsel has offered no explanation of this and has been served with Requests for Admissions, to which it would prefer not to respond.

### III.  ARGUMENT

#### A.  Summary of Substantive Issues

Plaintiff's underlying motion seeks a stay of all discovery in this matter while Plaintiff prepares a Motion for Reconsideration of this Court's order requiring an undertaking. Defendant's position on the underlying motion is relatively straightforward – if Plaintiff would like for this case to continue, then discovery should continue as well. If Plaintiff would like this case to cease, then Plaintiff should be prepared to dismiss Joe Navasca, as they have dismissed dozens of other cases in recent days. Plaintiff has repeatedly stated that it intends to file a Motion for Reconsideration (notwithstanding its inability to procure other evidence that Joe Navasca is the

infringer), and meanwhile states that Defendant should not be entitled to discovery on precisely the issues that will determine the success of the motion. It is also worth noting the recent flurry of motion practice based on Plaintiff's unsupported 24 hour demand to conduct an unlimited forensic examination on every machine in Mr. Navasca's household. Now Plaintiff requests, in the same emergency fashion, that all discovery be stopped before it must comply with defendant's properly noticed 30(b)(6) deposition. Plaintiff made no offer to postpone discovery in this matter prior to Mr. Navasca's deposition, despite knowing that it had lost the undertaking issue in an identical matter in this district and a similar result was possible, if not likely, herein. Plaintiff should not be allowed to start and stop discovery on a whim, based on its own convenience and a preference to avoid cross-examination on some crucial questions.

### B. Plaintiff's Motion Does Not Comply With Local Rules

Plaintiff's instant motion and request to alter time limits fails to comply with a number of provisions of the Local Rules. First, L.R. 6-1(b) requires that any motion that would affect a matter on the court's calendar needs to be filed no later than 14 days prior to that event. Here, Plaintiff seeks to schedule a hearing well within the 14 day window. Second, L.R. 6-3 includes a number of requirements for a declaration supporting a request to change time. Although Mr. Gibbs does note that he sought consent on February 8, 2013, it includes no more information. As such, Mr. Gibbs does not "set forth with particularity, the reasons for the requested...shortening" and likewise does not "Identify the substantial harm or prejudice that would occur if the court did not change the time." Moreover, both Judge Chen and Judge Vadas' Standing Orders require in-person meetings for discovery disputes. Plaintiff has not complied, and instead takes the position that AF Holdings motion to stay discovery is not a discovery motion, and therefore not subject to these requirements.

### C. Plaintiff's Proposed Timetable Offers Virtually No Time to Prepare a Brief on the Actual Issues in Dispute

Finally, Plaintiff's request for a February 14th hearing provides virtually no time for defendant to actually brief the issues in dispute. Indeed, under the local rules Defendant would

have until midnight Wednesday (the night before the requested hearing) to determine its position and draft a motion regarding *the briefing schedule,* without even considering the actual issues in dispute in the underlying motion. See L.R. 36-3(b). Moreover, this 4-day deadline is the shortest available for a response under the local rules, and is generally reserved for simple issues, capable of prompt and non-controversial resolution. Plaintiff's effort to stay all discovery in this matter, especially in light of recent events, presents different issues.

### D. Defendant Might Choose Not to Oppose The Underlying Motion Under a Standard Briefing Schedule

Finally, it is not yet clear that Defendant would oppose a Motion to Stay Discovery that was scheduled in conformity with the standard 35-day hearing schedule. The reason for this is simple – Defendant's opposition to the Motion to Stay is not due until February 21 – two days after AF Holdings' scheduled deposition. It is quite possible that, upon taking AF Holdings' deposition, the defendant would be amenable to staying all further discovery until the undertaking issue is resolved.

In addition, Mr. Gibbs' response to the Order to Show Cause Re: Rule 11, described above, is due on February 19, 2013 – two days before Mr. Navasca's response to the underlying motion would be due. As such, under a standard briefing schedule the defendant would also have the opportunity to examine Plaintiff's relevant responses to the Alan Cooper questions and its process for identifying an infringer based only on an IP address before determining whether it desired further discovery in the instant matter, prior to resolution of the undertaking issue.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Request to alter the briefing schedule should be denied.

DATED: February 11, 2013    NICHOLAS RANALLO, ATTORNEY AT LAW


                By:  _____/s/ Nicholas Ranallo_____

5
CV 12-2396-EMC Opposition to Motion to Shorten Time

have until midnight Wednesday (the night before the requested hearing) to determine its position and draft a motion regarding *the briefing schedule,* without even considering the actual issues in dispute in the underlying motion. See L.R. 36-3(b). Moreover, this 4-day deadline is the shortest available for a response under the local rules, and is generally reserved for simple issues, capable of prompt and non-controversial resolution. Plaintiff's effort to stay all discovery in this matter, especially in light of recent events, presents different issues.

### D. Defendant Might Choose Not to Oppose The Underlying Motion Under a Standard Briefing Schedule

Finally, it is not yet clear that Defendant would oppose a Motion to Stay Discovery that was scheduled in conformity with the standard 35-day hearing schedule. The reason for this is simple – Defendant's opposition to the Motion to Stay is not due until February 21 – two days after AF Holdings' scheduled deposition. It is quite possible that, upon taking AF Holdings' deposition, the defendant would be amenable to staying all further discovery until the undertaking issue is resolved.

In addition, Mr. Gibbs' response to the Order to Show Cause Re: Rule 11, described above, is due on February 19, 2013 – two days before Mr. Navasca's response to the underlying motion would be due. As such, under a standard briefing schedule the defendant would also have the opportunity to examine Plaintiff's relevant responses to the Alan Cooper questions and its process for identifying an infringer based only on an IP address before determining whether it desired further discovery in the instant matter, prior to resolution of the undertaking issue.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Request to alter the briefing schedule should be denied.

DATED: February 11, 2013    NICHOLAS RANALLO, ATTORNEY AT LAW


                By:  _____/s/ Nicholas Ranallo_____

Nicholas Ranallo (Cal Bar # 275016)<br>
Attorney for Joe Navasca<br>
371 Dogwood Way<br>
Boulder Creek, CA 95006<br>
(831) 703-4011<br>
Fax: (831) 533-5073<br>
nick@ranallolawoffice.com

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 11th day of February, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

        /s/            Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law