# Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>　　　　　Plaintiff,<br>　v.<br>JOHN DOE,<br><br>　　　　　Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS** |

The Court hereby orders Brett L. Gibbs, attorney of record for AF Holdings LLC and Ingenuity 13 LLC, to appear on March 11, 2013, at 1:30 p.m., to justify his violations of Federal Rule of Civil Procedure 11 and Local Rule 83-3 discussed herein.[1]

**A.　Legal Standard**

The Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512

---

[1] The violations discussed herein were committed in the following related cases: *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012); *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012). To facilitate this matter, Mr. Gibbs will be given the opportunity to address these violations together in one hearing rather than in several separate hearings.

U.S. 821, 831 (1994). And though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

**B.     Rule 11(b)(3) Violations**

By presenting a pleading to the Court, an attorney certifies that—after conducting a reasonable inquiry—the factual contentions in the pleading have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). This precomplaint duty to find supporting facts is "not satisfied by rumor or hunch." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). The reasonableness of this inquiry is based on an objective standard, and subjective good faith provides no safe harbor. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994); *Knipe v. Skinner*, 19 F.3d 72, 75 (2d Cir. 1994). The Court wields the discretion to impose sanctions designed to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed R. Civ. P 11(c)(4).

In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), the Court ordered Plaintiff on December 20, 2012, to show cause why it failed to timely serve the Defendant or, if the Defendant has already been served, to submit the proof of service. (ECF No. 12.) In response, Plaintiff noted that the delay was because it waited to receive a response from the subscriber of the IP address associated with the alleged act of infringement. (ECF No. 14.) Plaintiff further noted: "Though the subscriber, David Wagar, remained silent, Plaintiff's investigation of his household established that Benjamin Wagar was the likely infringer of Plaintiff's copyright." (ECF No. 14, at 2.) Based on this investigation, Plaintiff filed an Amended Complaint, substituting Benjamin Wagar for John Doe. (ECF No. 13.)

Plaintiff's Amended Complaint alleges the following in connection with Benjamin Wagar:

- "Defendant Benjamin Wagar ('Defendant') knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same." (AC ¶ 1);
- "Defendant is an individual who, upon information and belief, is over the age of eighteen and resides in this District." (AC ¶ 4);
- "Defendant was assigned the Internet Protocol ('IP') address of 96.248.225.171 on 2012-06-28 at 07:19:47 (UTC)." (AC ¶ 4);
- "Defendant, using IP address 96.248.225.171, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.7.0.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (AC ¶ 22);
- "Plaintiff's investigators detected Defendant's illegal download on 2012-06-28 at 07:19:47 (UTC). However, this is a [*sic*] simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself [*sic*] place before and after this date and time." (AC ¶ 23);
- "The unique hash value in this case is identified as F016490BD8E60E184EC5B7052CEB1FA570A4AF11." (AC ¶ 24.)

In a different case, *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), Plaintiff essentially makes the same response to the Court's December 20, 2012 Order To Show Cause (ECF No. 12): "Though the subscriber, Marvin Denton, remained silent, Plaintiff's investigation of his household established that Mayon Denton was the likely infringer of Plaintiff's copyright." (ECF No. 13, at 2.) And based on this information, Plaintiff filed an Amended Complaint (ECF No. 16), similar in all respects to the one filed against Benjamin

Wagar in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), with the following technical exceptions:

- "Defendant was assigned the Internet Protocol ('IP') address of 75.128.55.44 on 2012-07-04 at 07:51:30 (UTC)." (AC ¶ 4);
- "Defendant . . . purposefully loaded that torrent file into his BitTorrent client—in this case, μTorrent 3.1.3 . . . ." (AC ¶ 22);
- "The unique hash value in this case is identified as 0D47A7A035591B0BA4FA5CB86AFE986885F5E18E." (AC ¶ 24.)

Upon review of these allegations, the Court finds two glaring problems that Plaintiff's technical cloak fails to mask. Both of these are obvious to an objective observer having a working understanding of the underlying technology.

*1.    Lack of reasonable investigation of copyright infringement activity*

The first problem is how Plaintiff concluded that the Defendants actually downloaded the entire copyrighted video, when all Plaintiff has as evidence is a "snapshot observation." (AC ¶ 23.) This snapshot allegedly shows that the Defendants were downloading the copyrighted work—at least at that moment in time. But downloading a large file like a video takes time; and depending on a user's Internet-connection speed, it may take a long time. In fact, it may take so long that the user may have terminated the download. The user may have also terminated the download for other reasons. To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for candy from a display does not automatically mean he stole it. No Court would allow a lawsuit to be filed based on that amount of evidence.

What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, an encrypted, unusable chunk of zeroes and ones. And as part of its prima facie

copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous.

In this case, Plaintiff's reliance on snapshot evidence to establish its copyright infringement claims is misplaced. A reasonable investigation should include evidence showing that Defendants downloaded the entire copyrighted work—or at least a usable portion of a copyrighted work. Plaintiff has none of this—no evidence that Defendants completed their download, and no evidence that what they downloaded is a substantially similar copy of the copyrighted work. Thus, Plaintiff's attorney violated Rule 11(b)(3) for filing a pleading that lacks factual foundation.

    2.    *Lack of reasonable investigation of actual infringer's identity*

The second problem is more troublesome. Here, Plaintiff concluded that Benjamin Wagar is the person who illegally downloaded the copyrighted video. But Plaintiff fails to allege facts in the Amended Complaint to show how Benjamin Wagar is the infringer, other than noting his IP address, the name of his Bittorrent client, and the alleged time of download.[2] Plaintiff's December 27, 2012 Response to the Court's Order to Show Cause re Lack of Service sheds some light:

> Though the subscriber, David Wagar, remained silent, Plaintiff's investigation of his household established that Benjamin Wagar was the likely infringer of Plaintiff's copyright. As such, Plaintiff mailed its Amended Complaint to the Court naming Benjamin Wagar as the Defendant in this action. (ECF No. 14, at 2.)

The disconnect is how Plaintiff arrived at this conclusion—that the actual infringer is a member of the subscriber's household (and not the subscriber himself or anyone else)—when all it had was an IP address, the name of the Bittorrent client used, the alleged time of download, and an unresponsive subscriber.

---

[2] This analysis similarly applies in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), where Plaintiff fails to allege sufficient facts to show how Mayon Denton is the infringer.

5

Plaintiff's December 27, 2012 Discovery Status Report gives additional insight into Plaintiff's deductive process:

> In cases where the subscriber remains silent, Plaintiff conducts investigations to determine the likelihood that the subscriber, or someone in his or her household, was the actual infringer. . . . For example, if the subscriber is 75 years old, or the subscriber is female, it is statistically quite unlikely that the subscriber was the infringer. In such cases, Plaintiff performs an investigation into the subscriber's household to determine if there is a likely infringer of Plaintiff's copyright. . . . Plaintiff bases its choices regarding whom to name as the infringer on factual analysis. (ECF No. 15, at 24.)

The Court interprets this to mean: if the subscriber is 75 years old or female, then Plaintiff looks to see if there is a pubescent male in the house; and if so, he is named as the defendant. Plaintiff's "factual analysis" cannot be characterized as anything more than a hunch.

Other than invoking undocumented statistics, Plaintiff provides nothing to indicate that Benjamin Wagar is the infringer. While it is plausible that Benjamin Wagar is the infringer, Plaintiff's deduction falls short of the reasonableness standard required by Rule 11.

For instance, Plaintiff cannot show that Benjamin is the infringer instead of someone else, such as: David Wagar; other members of the household; family guests; or, the next door neighbor who may be leeching from the Wagars' Internet access. Thus, Plaintiff acted recklessly by naming Benjamin Wagar as the infringer based on its haphazard and incomplete investigation.

Further, the Court is not convinced that there is no solution to the problem of identifying the actual infringer. Here, since Plaintiff has the identity of the subscriber, Plaintiff can find the subscriber's home address and determine (by driving up and scanning the airwaves) whether the subscriber, (1) has Wi-Fi, and (2) has password-protected his Wi-Fi access, thereby reducing the likelihood that an unauthorized user outside the subscriber's home is the infringer. In addition, since Plaintiff is tracking a

number of related copyrighted videos, Plaintiff can compile its tracking data to determine whether other copyrighted videos were downloaded under the same IP address. This may suggest that the infringer is likely a resident of the subscriber's home and not a guest. And an old-fashioned stakeout may be in order: the presence of persons within the subscriber's home may be correlated with tracking data—the determination of who would have been in the subscriber's home when the download was initiated may assist in discovering the actual infringer.

Such an investigation may not be perfect, but it narrows down the possible infringers and is better than the Plaintiff's current investigation, which the Court finds involves nothing more than blindly picking a male resident from a subscriber's home. But this type of investigation requires time and effort, something that would destroy Plaintiff's business model.

The Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand. Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court—not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos.

And copyright lawsuits brought by private parties for damages are different than criminal investigations of cybercrimes, which sometimes require identification of an individual through an IP address. In these criminal investigations, a court has some guarantee from law enforcement that they will bring a case only when they actually have a case and have confidently identified a suspect. In civil lawsuits, no such guarantees are given. So, when viewed with a court's duty to serve the public interest, a plaintiff cannot be given free rein to sue anyone they wish—the plaintiff has to actually show facts supporting its allegations.

/ / /

/ / /

7

C.  **Local Rule 83-3 Violations**

Under Local Rule 83-3, the Court possesses the power to sanction attorney misconduct, including: disposing of the matter; referring the matter to the Standing Committee on Discipline; or taking "any action the Court deems appropriate." L.R. 83-3.1. This includes the power to fine and imprison for contempt of the Court's authority, for: (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; or, (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C. § 401.

The Court is concerned with three instances of attorney misconduct. The first and second instances are related and concern violating the Court's discovery order. The third instance concerns possible fraud upon the Court.

   1.  *Failure to comply with the Court's discovery order*

In *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012) and *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), the Court ordered Plaintiff to "cease its discovery efforts relating to or based on information obtained through any abovementioned Rule 45 subpoenas." (ECF No. 13, at 1; ECF No. 10, at 1.) Further, Plaintiff was required to name all persons that were identified through any Rule 45 subpoenas. (*Id.*)

Plaintiff responded on November 1, 2012, and indicated that it did not obtain any information about the subscribers in both of these cases. (ECF No. 10, at 6–7, 10.)[3] But in response to the Court's subsequent Orders to Show Cause, Plaintiff not only named the subscribers, but recounted its efforts to contact the subscriber and find additional information. (ECF No. 15; ECF No. 18.)

This conduct contravenes the Court's order to cease discovery. Plaintiff has provided no justification why it ignored the Court's order.

---

[3] This response was filed in *AF Holdings LLC v. Doe*, No. 2:12-cv-5709-ODW(JCx) (C.D. Cal. filed July 2, 2012).

8

### 2. *Fraud on the Court*

Upon review of papers filed by attorney Morgan E. Pietz, the Court perceives that Plaintiff may have defrauded the Court. (ECF No. 23.)[4] At the center of this issue is the identity of a person named Alan Cooper and the validity of the underlying copyright assignments.[5] If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems.

First, with an invalid assignment, Plaintiff has no standing in these cases. Second, by bringing these cases, Plaintiff's conduct can be considered vexatious, as these cases were filed for a facially improper purpose. And third, the Court will not idle while Plaintiff defrauds this institution.

### D. Conclusion

Accordingly, the Court hereby **ORDERS** Brett L. Gibbs, **TO SHOW CAUSE** why he should not be sanctioned for the following:

- In *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012), violating the Court's October 19, 2012 Order instructing AF Holdings to cease its discovery efforts based on information obtained through any earlier-issued subpoenas;

- In *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating the Court's October 19, 2012 Order instructing AF Holdings to cease its discovery efforts based on information obtained through any earlier-issued subpoenas;

/ / /

---

[4] Although the papers revealing this possible fraud were filed in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012), this fraud, if true, was likely committed by Plaintiff in each of its cases before this Court.

[5] For example, in *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), Plaintiff filed a copyright assignment signed by Alan Cooper on behalf of Plaintiffs. (ECF No. 16-1.)

9

1. • In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating Rule 11(b)(2) by:
    - o alleging copyright infringement based on a snapshot of Internet activity, without conducting a reasonable inquiry; or,
    - o alleging that Benjamin Wagar is the infringer, without conducting a reasonable inquiry;
2. • In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating Rule 11(b)(2) by:
    - o alleging copyright infringement based on a snapshot of Internet activity, without conducting a reasonable inquiry; or,
    - o alleging that Mayon Denton is the infringer, without conducting a reasonable inquiry;
3. • In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012), perpetrating fraud on the Court by misappropriating the identity of Alan Cooper and filing lawsuits based on an invalid copyright assignment.

This order to show cause is scheduled for hearing on March 11, 2013, at 1:30 p.m., to provide Mr. Gibbs the opportunity to justify his conduct. Based on the unusual circumstances of this case, the Court invites Morgan E. Pietz to present evidence concerning the conduct outlined in this order. The Court declines to sanction Plaintiffs AF Holdings LLC and Ingenuity 13 LLC at this time for two reasons: (1) Mr. Gibbs appears to be closely related to or have a fiduciary interest in Plaintiffs; and; (2) it is likely Plaintiffs are devoid of assets.

If Mr. Gibbs or Mr. Pietz so desire, they each may file by February 19, 2013, a brief discussing this matter. The Court will also welcome the appearance of Alan Cooper—to either confirm or refute the fraud allegations.

Based on the evidence presented at the March 11, 2013 hearing, the Court will consider whether sanctions are appropriate, and if so, determine the proper

punishment. This may include a monetary fine, incarceration, or other sanctions sufficient to deter future misconduct. Failure by Mr. Gibbs to appear will result in the automatic imposition of sanctions along with the immediate issuance of a bench warrant for contempt.

**IT IS SO ORDERED.**

February 7, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**