Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>JOE NAVASCA,<br><br>        Defendant. | No. 3:12-CV-02396-EMC<br><br>**PLAINTIFF AF HOLDINGS LLC'S MOTION TO VOLUNTARILY DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

      Plaintiff AF Holdings LLC, by and through its undersigned counsel, respectfully files this Motion to Voluntarily Dismiss the instant action *without prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2). Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). Plaintiff attempted to stipulate to the dismissal of this action with opposing counsel, as contemplated by Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but this stipulation was not achieved. Rule 41(a)(2) also provides that "unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

      Plaintiff moves the Court to grant a voluntary dismissal in light of the Court's recent order requiring Plaintiff to post an undertaking of nearly $50,000. As previously explained, neither

Plaintiff nor any copyright holder can afford to tie up nearly $50,000 in capital simply in order to proceed with its claims against a single infringer. Plaintiff's works are being infringed on a massive scale by California-based infringers and Plaintiff has no realistic chance of ending this infringement if its *de facto* filing fee is $50,000. If federal courts possess the discretion to impose a $50,000 undertaking in a routine digital infringement case, then Plaintiff believes that the rights afforded to it under the Copyright Act, U.S. treaties, and the U.S. Constitution will cease to have any practical significance. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 US 913, 928-29 (2006) (citing the concern that digital distribution of copyrighted material threatens copyright holders as never before."). As the Court was informed during the briefing on the undertaking issue, another of the Court's esteemed colleagues imposed an undertaking in a comparable case. *AF Holdings v. Trinh*, No. 3:12-cv-02393-CRB (N.D. Cal. 2012). Plaintiff finds itself at the crossroads of seeking appellate review of these decisions or simply accepting the notion that copyrights are unenforceable in California.

While Plaintiff notes that the Court granted Plaintiff leave to file a Motion for Reconsideration, Plaintiff recognizes that motions for reconsideration are rarely granted. Plaintiff's resources are better directed at seeking clarification from the U.S. Court of Appeals for the Ninth Circuit on the undertaking issue. Plaintiff acknowledges that the case law in the area is sparse and that district courts have not been granted significant guidance by appellate courts. Plaintiff believes that appellate review of a bellwether undertaking decision will provide copyright holders, alleged infringers, and district courts in California with more clarity on the practical significance of the Copyright Act, the U.S. Constitution and U.S. treaties.

Further, Plaintiff has complied with each of the Court's directives, expending arguably unnecessary time and money to submit to a 30(b)(6) deposition despite the fact that the case is, for all practical purposes, ended by the Court's undertaking decision. Plaintiff hopes that the absurd

arguments regarding its very existence, as well as regarding the assignment agreement in the instant action, can finally be appropriately categorized in the Court's institutional memory.

As such, Plaintiff respectfully requests that the Court dismiss the instant action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) so that Plaintiff may seek to establish circuit-wide case law regarding whether undertakings under § 1030 are appropriate in routine digital infringement cases.

Respectfully Submitted,

By:   /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs