Paul Duffy (Bar No. 224159)
Anti-Piracy Law Group
161 N. Clark St., Suite 3200
Telephone: (800) 380-0840
E-mail: paduffy@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | **No. 3:12-CV-02396-EMC** |
| Plaintiff, | **PLAINTIFF REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS VOLUNTARILY** |
| v. | |
| JOE NAVASCA, | |
| Defendant. | |

Defendant Joe Navasca filed, through attorney Nicholas Ranallo, a response to Plaintiff's motion to dismiss. (ECF No. 66.) Defendant does not argue against dismissal, but argues that he should be entitled to $20,754.05 in attorney's fees and costs as a condition of the dismissal. (*Id.*) For the reasons discussed herein, Defendant's request for attorney's fees and costs should be denied.

**FACTUAL BACKGROUND**

Plaintiff brought this action against Defendant with allegations of copyright infringement and contributory infringement. (ECF No. 13.) Plaintiff deposed Defendant on January 14, 2013. (ECF No. 38-1 ¶ 2.) During the deposition, Defendant stated under oath that he had personally installed the CCleaner application on every computer in his household, including his own personal computer. (ECF No. 42-1 at 2-6, 10.) Defendant also stated that he continued to run CClearner weekly from the time he first got his computer up until the date of his deposition to aid in his deletion of electronically stored information ("ESI") including, but not limited to, video files and other media from his computer. (*Id.* at 2-4.) When asked if anyone had ever instructed him as to his obligation to

1    not erase digital evidence on his computer, Defendant responded he had not been informed of this

2    obligation. (*Id.* at 6-7, 11-13.)

3           On November 23, 2012, the parties issued a Joint Case Management Conference Statement.

4    (ECF No. 19).  In that filing, in the "Evidence Preservation" section, Mr. Navasca, through his

5    attorney, stated the following: "Mr. Navasca is aware of his obligation to preserve relevant evidence,

6    including electronic evidence, and has every intention of complying with this obligation." (*Id.* at 6.)

7    On December 14, 2012, the parties issued another Joint Case Management Conference Statement.

8    (ECF No. 31).  In that filing, in the "Evidence Preservation" section, Mr. Navasca, through his

9    attorney, again stated the following: "Mr. Navasca is aware of his obligation to preserve relevant

10   evidence, including electronic evidence, and has every intention of complying with this obligation."

11   (*Id.* at 10.) As a result of the information obtained in the deposition, Plaintiff filed an emergency

12   motion to compel production on January 17, 2013 seeking an order compelling Defendant to

13   produce to Plaintiff each and every computer in his household so Plaintiff may review the digital

14   information contained on those computers before it is destroyed. (ECF No. 38.) The Court denied

15   Plaintiff's motion to compel because there was no discovery to compel, but ordered that "Navasca

16   shall not run CCleaner on any computer(s) in his custody and/or under his control, and the parties

17   shall image his hard drive(s)." (ECF No. 50.)

18          On December 12, 2012, Defendant filed a motion to require undertaking, requesting that

19   Plaintiff be required to post a bond in order to proceed forward in this matter. (ECF No. 22.) Plaintiff

20   replied to the motion, explaining that an undertaking would impose an insurmountable obstacle to

21   Plaintiff's prosecution of its legitimate case. (ECF No. 34.) The Court granted Defendant's motion to

22   require undertaking and required that "[i]n order to continue prosecution of this lawsuit, AF

23   [Holdings, LLC] shall be required to post an undertaking in the amount of $50,000." (ECF No. 51.)

24   Plaintiff determined it was unable to tie up nearly $50,000 in capital simply in order to proceed with

25   its claims against a single infringer, and moved to dismiss its case against Defendant without

26   prejudice. (ECF No. 62.) Defendant responded to Plaintiff's motion for dismissal and requested fees

27   and costs associated with this litigation. (ECF No. 66.) Plaintiff files this reply to Defendant's

28   response.

# LEGAL STANDARD

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the *prevailing party* as part of the costs.

17 U.S.C. § 505 (emphasis added). The precondition to an award of fees under Section 505 is that the party moving for the fee be a prevailing party. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). Prevailing party status turns on whether there has been a "material alternation of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2009). Dismissal without prejudice precludes prevailing party status. *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) (holding dismissal without prejudice precludes prevailing party status under Section 505); *see also Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 853 (11th Cir. 1990) ("Generally, the prevailing party under the attorneys' fee authorization of section 505 of the Copyright Act is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit…. A party's success on a claim that is purely technical or *de minimus* does not qualify him as a prevailing party.").

# ARGUMENT

This brief consists of two parts. Part I argues that Defendant is not entitled to attorneys fees because he is not the prevailing party. Part II argues the Court should not award Defendant costs.

## I.    Defendant is Not Entitled to Attorneys Fees Because He is Not the Prevailing Party

Section 505 of the Copyright Act provides that "Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the *prevailing party* as part of the costs." 17 U.S.C. § 505 (emphasis added). Defendant's request for attorney's fees and costs should be denied because Defendant—as a matter of law—is not a prevailing party. Plaintiff is moving to dismiss its case against Defendant without prejudice. (ECF No. 62.) Because Plaintiff would be free to re-file its case against him, Defendant has not materially altered his legal relationship with Plaintiff.

*Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604. As a result, Defendant is not a prevailing party. *Cadkin*, 569 F.3d at 1145 (9th Cir. 2009) (holding dismissal without prejudice precludes prevailing party status under Section 505). While Defendant argues at length regarding what he believes to be "bad faith" on the part of Plaintiff, these arguments are not relevant for the determining whether to award attorney's fees and costs. *Original Appalachian Artworks*, 684 F.2d at 832 ("a showing of bad faith or frivolity is not a requirement of *a grant* of fees. Rather, the only preconditions to an award of fees is [sic] that the party receiving the fee be the "prevailing party" and that the fee be reasonable."). Under Section 505, therefore, Defendant is not entitled to attorney's fees. 17 U.S.C. § 505.

## II.      Court Should Not Award Defendant Costs

Section 505 of the Copyright Act provides that "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Plaintiff seeks to dismiss this action without prejudice because it is unable to tie up nearly $50,000 in capital simply in order to proceed with its claims against a single infringer. Plaintiff's works are being infringed on a massive scale by California-based infringers and Plaintiff has no realistic chance of ending this infringement if its *de facto* filing fee is $50,000. Plaintiff should not be required to pay Defendant's costs simply because it is unable to tie up nearly $50,000 in capital in order to litigate its claims.

Further, it is Defendant, and not Plaintiff, that has acted inappropriately in this action. Plaintiff brought legitimate claims against the Defendant. (ECF No. 13.) Defendant testified, under oath, that he used CCleaner to destroy electronically stored information ("ESI") on the computers within his household. (ECF No. 42-1 at 2-6.) Further, Defendant testified that he was never informed of his obligation to preserve evidence pending this litigation. (*Id.* at 6-7, 11-13.) This is wholly contrary to Defendant's representations that he "is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation." (ECF Nos. 31, 38.) While Plaintiff has attempted to hold Defendant liable for his unlawful conduct, Defendant has potentially destroyed the information essential to Plaintiff's case and made contrary

1  statements to the Court. Plaintiff should not be required to pay Defendant's costs when Plaintiff has

2  acted appropriately, but Defendant has not.

3  **CONCLUSION**

4  The Court should grant Plaintiff's motion to dismiss, and not require Plaintiff to pay

5  Defendant's attorney's fees and costs.

6

7  Respectfully Submitted,

8  AF Holdings, LLC

9  DATED: March 18, 2013

10  By:     /s/ Paul Duffy

11  Paul Duffy (Bar No. 224159)
    Anti-Piracy Law Group

12  161 N. Clark St., Suite 3200
    Telephone: (800) 380-0840

13  E-mail: paduffy@wefightpiracy.com
    *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 18, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system.


/s/  Paul Duffy

REPLY TO RESPONSE TO MOTION TO DISMISS                    No. 3:12-CV-02396-EMC