UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. C-12-2396 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |
| JOE NAVASCA, | |
| Defendant. | **(Docket Nos. 62)** |

Plaintiff AF Holdings, Inc. has filed a motion for voluntary dismissal of its lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2). AF seeks a dismissal without prejudice. In his papers, Defendant Joe Navasca has not opposed voluntary dismissal in principle but asks the Court to condition the dismissal on an award of attorney's fees and costs. At the hearing, Mr. Navasca asked that, in the alternative, the Court grant the motion but dismiss with prejudice.

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** AF's motion but dismisses the action with prejudice.

## I. FACTUAL & PROCEDURAL BACKGROUND

For purposes of the pending motion, the relevant factual and procedural background is as follows.

AF initiated this copyright infringement action against a Doe defendant in May 2012. *See* Docket No. 1 (complaint). After AF obtained leave to take expedited discovery to discover the identity of the alleged infringer, *see* Docket No. 7 (order), AF filed an amended complaint in October 2012 naming Mr. Navasca as the defendant. *See* Docket No. 13 (amended complaint).

1   Mr. Navasca was deposed on January 14, 2013.  *See* Docket No. 38 (Gibbs Decl. ¶ 2).
2   During the deposition, AF discovered that Mr. Navasca had installed a software application known
3   as "CCleaner" on the computers in his household.  *See* Docket No. 38 (Gibbs Decl. ¶ 3).  According
4   to AF, the use of CCleaner effectively destroyed evidence relevant to the litigation – *i.e.*, constituted
5   spoliation.  Thus, AF filed an emergency motion on January 17, 2013, in which it argued that Mr.
6   Navasca had violated his duty to preserve evidence and asked that Mr. Navasca and other
7   individuals in his home should be ordered to produce their computers for inspection.  *See* Docket
8   No. 38 (motion).  Mr. Navasca opposed the motion, arguing, *inter alia*, that CCleaner is a common
9   system maintenance tool that does not permanently delete data.  *See* Docket No. 40 (Opp'n at 4).
10  Ultimately, on February 4, 2013, Judge Vadas denied the emergency motion to compel.  Judge
11  Vadas noted that, by prior order, he had instructed Mr. Navasca to stop running CCleaner which was
12  sufficient to preserve the status quo with respect to the alleged spoliation.  Notably, Judge Vadas
13  also cautioned AF that "allegations of spoliation are extremely serious" and "urge[d] [AF] to review
14  the facts very carefully before pursuing this avenue based solely on an eHow.com article.  In
15  particular, [AF] should review the expert declaration that Navasca filed with his letter brief, to fully
16  understand the purpose and effect of CCleaner."  Docket No. 50 (Order at 2).

17  The next day, *i.e.*, on February 5, 2013, this Court issued an order on Mr. Navasca's motion
18  asking that AF be required to post an undertaking in order to continue prosecution of the lawsuit.
19  *See* Docket No. 51 (order).  In the motion, Mr. Navasca raised serious questions regarding AF's
20  standing to prosecute the lawsuit (*i.e.*, because of the "Alan Cooper" issue). See Docket No. 51
21  (Order at 2-3).  There were also serious questions as to whether Mr. Navasca was in fact the
22  infringer given that there were a number of members in the household who could have accessed the
23  computer and that AF's decision to sue him, as opposed to other members of his household, was
24  based on its determination of who in the household best fit a certain demographic.  *See* Docket No.
25  51 (Order at 3).  Accordingly, in light of this issue and serious questions as to AF's legitimacy and
26  standing to pursue this case, the Court granted the motion for an undertaking and ordered AF to post
27  an undertaking in the amount of $50,000.

28

Although the Court granted the motion, it stayed its ruling until March 4, 2013 in order to give AF an opportunity to file a motion to reconsider. The Court advised AF that,

> to prevail on the motion, it must, at the very least, provide evidence to establish its standing/capacity to assert a claim for copyright infringement and provide additional evidence establishing that there is no reasonable possibility that Mr. Navasca was not the infringer. It may also present evidence of its absolute inability to pay.

Docket No. 51 (Order at 6).

Two days later, *i.e.*, on February 7, 2013, AF asked the Court to stay discovery in the case and further asked for the motion to be heard on shortened time. *See* Docket Nos. 53-54 (motions). In its papers, AF stated that it planned to file a motion for reconsideration of the order requiring an undertaking, but that it would be a waste of time and resources to proceed with discovery until after the Court made a ruling on the motion to reconsider. From AF's motion to shorten time, it was clear that AF was motivated – at least in part – to stay discovery in order to keep its 30(b)(6) deposition (scheduled for February 19, 2013) from going forward. *See* Docket No. 54 (Mot. at 2) (asking for shortened time on the motion to stay in light of, *inter alia*, the upcoming deposition). But, as the Court noted in its order denying the motion to shorten time, Mr. Navasca was entitled to explore AF's contention that it does have standing to assert copyright infringement (which would be part of the basis of its motion to reconsider). *See* Docket No. 56 (Order at 1) (thus ordering 30(b)(6) deposition of AF to proceed on February 19). It is possible that AF was motivated to seek a stay of discovery not only to deprive Mr. Navasca of evidence to oppose AF's anticipated motion to reconsider but also to prevent adverse information from being brought to light which could be used against it in a proceeding before Judge Wright of the Central District of California. Notably, on February 7 – *i.e.*, the same day that AF filed its motion to stay[1] – Judge Wright issued an order to show cause as to why sanctions should not be issued against AF's counsel based on, *inter alia*, the Alan Cooper problem.

On February 8, 2013 – *i.e.*, the day after Judge Wright's order to show cause – or in the immediate days thereafter, AF and/or a related entity (Ingenuity 13) initiated voluntary dismissal of numerous copyright infringement cases that they had initiated in federal courts in California. These

---

[1] AF filed its motion to stay at approximately 9:30 p.m. on February 7, 2013.

cases were essentially the same kind of case as brought herein and before Judge Wright. Notably, these cases were all subject to dismissal without court intervention and without risk of liability for costs as the defendant had not answered or filed a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A) (providing that a plaintiff may voluntarily dismiss without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment). The cases are as follows:

- Northern District of California: Nos. 12-2394 LHK, 12-2411 PJH, 12-2415 CRB, 12-4446 EJD, and 12-4982 CRB.
- Eastern District of California: Nos. 12-1064 JAM-GGH, 12-1066 GEB-GGH, 12-1067 KJM-CKD, 12-1068 LKK-KJN, 12-1075 GE-DAD, 12-1078 GEB-GGH, 12-1654 MCE-CKD, 12-1659 JAM-KJN, 12-1660 JAM-CKD, 16-1661 MCE-DAD, 12-2204 JAM-AC, 12-2206 JAM-EFB, C-12-2207 KJM-DAD. *See also* Opp'n at 5 (noting that, in No. 12-1657 GEB (E.D. Cal.), AF filed a voluntary dismissal after the defendant secured the setting aside of a default).
- Southern District of California: No. 12-1525 LAB-RBB.

On February 21, 2013, two days after the Court-ordered 30(b)(6) deposition of AF took place in the instant case, AF filed its currently pending motion for voluntary dismissal. AF never filed the motion to reconsider that it had claimed it would file just two weeks earlier. *See* Docket No. 53 (Mot. at 2).

## II. DISCUSSION

A. Legal Standard

Under Rule 41, a plaintiff may voluntarily dismiss without a court order by filing a notice of dismissal before the defendant serves an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A). Here, because Mr. Navasca has filed an answer, *see* Docket No. 20 (answer), AF may dismiss only by an order of this Court and on terms that the Court considers proper. *See* Fed. R. Civ. P. 41(a)(2).

The Ninth Circuit has noted that this

> broad grant of discretion does not contain a preference for one kind of dismissal or another [*e.g.*, with or without prejudice]. In a separate clause, Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. In this limited sense, the rule has a "default position," but this default position applies to the interpretation of a silent order, not to the district court's discretionary decision in the first instance.

*Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Thus, if a plaintiff moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The court may grant dismissal without prejudice or it may require that the dismissal be with prejudice. *See id.* (citing Wright & Miller treatise); *see also WPP Lux. Gamma Three Sarl v. Spot Runner*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011) (noting that, under Rule 41, a district court has discretion to dismiss claims with or without prejudice). The Ninth Circuit has noted that, where there is a request to dismiss without prejudice, "'[a] District Court should grant [the] motion . . . unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *Id.* As noted in the Moore's legal treatise, a dismissal to avoid an adverse determination on the merits of the action or even "to avoid the effect of other unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice." 8-41 Moore's Fed. Prac. – Civ. § 41.40[7][b][v].

B. <u>Adverse Ruling</u>

In the instant case, the Court finds that, if it were to dismiss AF's action without prejudice, then Mr. Navasca would in fact suffer legal prejudice in that he would be deprived, at the very least, of the benefit of rulings favorable to him. In other words, the Court finds that AF is seeking to dismiss the case in order to avoid an adverse determination on the merits as well as the effect of other unfavorable, though not necessarily, dispositive rulings of this Court. For example:

- AF is likely to face an adverse determination on the merits because of its apparent inability to prove standing to assert its claim of copyright infringement. Throughout the proceedings before the Court, AF has never offered a declaration from its representative "Alan Cooper" showing that he was a signatory to the assignment document that purportedly transferred ownership of the copyrighted material at issue to AF. AF has staked its position on the

argument that the Copyright Act only requires proper authorization for assignment by the copyright transferor, not the transferee. However, as the Court noted in its undertaking order, "even if there was a sufficient transfer for purposes of the Copyright Act, which focuses on proper authorization by the copyright transferor, not the transferee, that is a separate issue from . . . whether AF has Article III standing in this Court to assert infringement based on claimed ownership of the copyright at issue." Docket No. 51 (Order at 3). Moreover, it is telling that AF moved for a voluntary dismissal only two days after its 30(b)(6) deposition was taken, during which problems related to its standing were explored and exposed by Mr. Navasca.

- AF also risks an adverse determination on the merits as a result of the investigation that Judge Wright has been conducting in the cases before him in the Central District of California. As Mr. Navasca points out, it is telling that, the day after Judge Wright issued his order to show cause, AF and/or Ingenuity began to initiate voluntary dismissal of a number of cases that it had filed in California. If these cases had validity or if AF had a good chance of prevailing on the merits, then it is hard to imagine that it would give up all these cases.
- AF's dismissal is also an attempt to avoid rulings of the Court that have been unfavorable to it – namely, the Court's order on the undertaking. It is also notable that the Court's undertaking order has a case-dispositive component because, if AF failed to post the undertaking, then it could not, per the terms of the Court's order, proceed with the prosecution of the case. Mr. Navasca could also seek an involuntary dismissal pursuant to Rule 41(b) if AF failed to comply with the Court order. *See* Fed. R. Civ. P. 41(b) (providing that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it").

At the hearing, AF disputed that it was moving for a voluntary dismissal for improper reasons. According to AF, it was moving for a dismissal simply because (1) Mr. Navasca's spoliation of evidence had effectively made it impossible for AF to prove its case and (2) it was too costly to post the undertaking required by the Court. The Court finds neither argument availing.

As to spoliation, it is far from clear that there was any spoliation in the first instance. Notably, Judge Vadas instructed AF to "review the expert declaration that Navasca filed with his letter brief, to fully understand the purpose and effect of CCleaner." Docket No. 50 (Order at 2). However, there is no evidence to suggest that AF did that or any other investigation into whether CCleaner would in fact irrevocably destroy electronic files. Furthermore, as the Court noted at the hearing, even if CCleaner did irrevocably destroy electronic files, that might actually work in AF's favor; in other words, the stronger the evidence of improper spoliation, the better the chance AF stood of obtaining, *e.g.*, an evidentiary sanction or adverse inference in its favor based on the spoliation.

Effectively conceding the weakness of its spoliation argument, AF focused at the hearing on the prohibitive cost of the undertaking. But the Court finds this position unconvincing for two reasons. First, AF ignores the fact that the Court stayed its undertaking ruling and expressly gave AF the opportunity to file a motion to reconsider. The Court even noted that AF could present evidence of its professed inability to pay. In spite of this, AF never took any action to move for reconsideration, opting instead for a voluntary dismissal. *Cf. AF Holdings LLC v. Trinh*, No. C-12-2393 CRB (N.D. Cal.) (Docket No. 45) (Order at 2) (noting that a plaintiff can obtain relief from a bond requirement if unable to pay but that AF had offered no support for its contention that a bond is beyond its means). Second, to the extent AF suggests that it may be financially able to pay, but the bond is simply more than the value of the case, *see* Mot. at 2 (arguing that Plaintiff cannot "afford to tie up nearly $50,000 in capital simply in order to proceed with its claims against a single infringer"), it ignores the fact that a bond may be required in any given case in California (based on California specific law). As the plaintiff which initiated the action, AF knew at the outset that a bond might be required. A plaintiff cannot invoke the benefits of the judicial system without being prepared to satisfy its obligations as a litigant. *Cf. AF Holdings LLC v. Magsumbol*, No. 12-4221 SC, 2013 U.S. Dist. LEXIS 25572, at *2 (N.D. Cal. Feb. 25, 2013) (in case in which AF moved for a voluntary dismissal without prejudice before court was able to rule on defendant's motion to post an undertaking; denying AF's motion because tendered reasons for requesting dismissal were not compelling – "Plaintiff brought this case knowing the rules of this jurisdiction and the risks of

litigation, and now he seeks dismissal of his case without prejudice so that he can bring it another day").

C. "Salt Marsh"

Finally, the Court addresses Mr. Navasca's request that it order AF to produce the original of an ADR certification that was e-filed by AF as Docket No. 8. The ADR certification that was e-filed does not contain any actual signature from an AF representative; rather, there is simply the following e-signature: "/s/ Salt Marsh, AF Holdings Owner." Docket No. 8 (ADR certification). As Mr. Navasca points out, under the Civil Local Rules, AF's counsel should have maintained a copy of the ADR certification containing the original signature as a part of its files. *See* Civ. L.R. 5-1(i)(3) (providing that, in the case of a Signatory who is not an ECF user, the actual filer of the document "shall maintain records . . . for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any)"). Because Mr. Navasca has asked the Court for relief encompassed by the Civil Local Rules, the Court grants the request. AF's counsel is hereby ordered to produce the original of the ADR certification, containing the original signature of "Salt Marsh" by April 29, 2013. If AF's current counsel does not have the original document, then it must contact former counsel to obtain the document. On April 29, AF's current counsel shall also file a declaration with the Court, stating whether it was able to provide a copy of the original document and, if not, why not.

### III. CONCLUSION

For the foregoing reasons, the Court grants AF's motion for voluntary dismissal but the dismissal shall be with prejudice because a dismissal without prejudice would result in legal prejudice to Mr. Navasca.

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case. Because the Court is requiring AF's counsel to provide a declaration by April 29, 2013, the judgment shall not be entered until April 30, 2013.

///

///

///

8

This order does not preclude Mr. Navasca from filing a motion for attorney's fees.

This order disposes of Docket No. 62.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
EDWARD M. CHEN
United States District Judge