# Exhibit E

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

3    HONORABLE OTIS D. WRIGHT

4    UNITED STATES DISTRICT JUDGE PRESIDING

5    – – –

6

7    Ingenuity 13 LLC,                    )
                      PLAINTIFF,     )
                                                       )
8    VS.                                        )   NO. CV 12-8333 ODW
                                                       )
9    John Doe, et al.,                       )
                      DEFENDANT,   )
10   _____)

11

12

13    REPORTER'S TRANSCRIPT OF PROCEEDINGS

14    LOS ANGELES, CALIFORNIA

15    TUESDAY, APRIL 2, 2013

16

17

18    _____

19    KATIE E. THIBODEAUX, CSR 9858
      U.S. Official Court Reporter
20    312 North Spring Street, #436
      Los Angeles, California 90012

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
1    APPEARANCES OF COUNSEL:

2

3    FOR RESPONDENT GIBBS:

4         WAXLER CARNER BRODSKY LLP
          BY:  ANDREW J. WAXLER
5         -and- BARRY BRODSKY
          1960 E. Grand Avenue
6         Suite 1210
          El Segundo, CA  90245

7

8

9    FOR DEFENDANT:

10        THE PIETZ LAW FIRM
          BY:  MORGAN E. PIETZ
11        3770 Highland Avenue
          Suite 206
12        Manhattan Beach, CA  90266

13        -and-

14        NICHOLAS RANALLO LAW OFFICES
          BY:  NICHOLAS R. RANALLO
15        371 Dogwood Way
          Boulder Creek, CA  95006

16

17

18   FOR RESPONDENTS DUFFY, VAN DEN HEMEL & PRENDA LAW:

19        KLINEDINST LAW OFFICES
          BY:  HEATHER ROSING
20        -and- PHILIP W. VINEYARD III
          -and- DAVID M. MAJCHRZAK
21        501 W. Broadway
          Suite 600
22        San Diego, CA  92101

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   APPEARANCES:  (Cont'd)

 2

 3   FOR RESPONDENT HANSMEIER:

 4       BAKER, KEENER & NAHRA LLP
         BY:  PHILLIP A. BAKER
 5       -and- DANIEL PATRICK LEONARD
         633 West Fifth Street
 6       Fifty-fourth Floor
         Los Angeles,  CA  90071

 7

 8   FOR RESPONDENT STEELE:

 9       MURPHY, PEARSON, BRADLEY & FEENEY
         BY:  THOMAS P. MAZZUCCO
10       -and- TIMOTHY J. HALLORAN
         88 Kearny Street
11       Tenth Floor
         San Francisco, CA  94108

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1        LOS ANGELES, CALIFORNIA; TUESDAY, APRIL 2, 2013

 2                          10:00 A.M.

 3                          - - - - -

 4

 5

 6        THE CLERK:  Calling Item No. 1,  CR 12-8333, ODW,

 7   Ingenuity 13, LLC, versus John Doe, et al.

 8             Counsel, please state your appearances.

 9        MR. PIETZ:  Morgan Pietz, P-I-E-T-Z, for the

10   putative John Doe defendant in 12-CV-8333.

11        MR. RANALLO:  And Nicholas Ranallo for the same

12   Doe.

13        THE COURT:  Morning, counsel.

14        MR. WAXLER:  Andrew Waxler and Barry Brodsky, both

15   for Brett Gibbs who is here today.

16        THE COURT:  By the way, thank you for your

17   submittal with respect to your efforts to effect service.

18   Thank you.

19        MR. BAKER:  Phil Baker and Dan Leonard specially

20   appearing for Paul Hansmeier.

21        MR. LEONARD:  Morning, your Honor.

22        MR. BAKER:  And he is present today.

23        THE COURT:  Where?

24        MR. BAKER:  Mr. Hansmeier, will you stand up.

25        THE COURT:  Front row.
```

```
1          MR. HALLORAN:  Morning your Honor.  My name is Tim
2    Halloran, Thomas Mazzacco on behalf of John Steele who is
3    also present.
4          THE COURT:  Mr. Steele.
5          MR. STEELE:  Yes.
6          MS. ROSING:  Morning, your Honor.  Heather Rosing
7    with Klinedinst PC with my colleagues Phil Vineyard and
8    Dave Majchrzak appearing on behalf of Paul Duffy, Angela
9    Van Den Hemel and Prenda Law, and Mr. Duffy and
10   Ms. Van Den Hemel are in the audience today.
11         THE COURT:  Thank you.
12             Is that it?
13         MR. BAKER:  Your Honor?
14         THE COURT:  Yes.
15         MR. BAKER:  There are other individuals pursuant
16   to your order here.  They are not represented.
17         THE COURT:  Mark Lutz?
18         MR. BAKER:  Yes, he is present.
19         MR. LUTZ:  Yes.
20         THE COURT:  Mr. Lutz, welcome, sir.  Did Alan --
21   well, do we have an Alan Cooper?  Any Alan Cooper?
22         (No response.)
23         THE COURT:  All right.  Peter Hansmeier?
24         MR. HANSMEIER:  Yes, your Honor.
25         THE COURT:  Good morning, sir.
```

1          MR. HANSMEIER:  Morning.

2          THE COURT:  Any representatives of any other

3    representatives of Prenda Law, Livewire Holdings, AF

4    Holdings other than Mr. Lutz, Ingenuity 13 other than

5    Mr. Lutz and 6881 Forensics, LLC.

6          MS. ROSING:  Mr. Duffy is appearing on behalf of

7    Prenda Law, your Honor.

8          THE COURT:  All right.  Here is my interest, and

9    we can proceed in any way that seems to make sense.  I am

10   pleasantly surprised that we have everyone here.

11   Otherwise, I was going to be forced to draw reasonable

12   inferences from the facts as I know them.

13          It should be clear by now that this court's

14   focus has now shifted dramatically from the area of

15   protecting intellectual property rights to attorney

16   misconduct such misconduct which I think brings discredit

17   to the profession.  That is much more of a concern now to

18   this court than what this litigation initially was about.

19          Mr. Steele -- well, let me do it this way.  I

20   have questions of Mr. Steele.  Mr. Steele can choose to

21   answer those questions or not.  The same applies for

22   Mr. Duffy and Mr. Hansmeier.

23          Now, as the attorneys, how do you all propose

24   we proceed?

25          MR. BAKER:  May I take the podium, your Honor?

THE COURT:  Well, actually, we don't have one, but
we do have a lecturn and you are free to use it.

MR. MAZZUCCO:  Thomas Mazzucco on behalf of
Mr. Steele.

Your Honor, in light of some of the
information that was in the transcript of March 11th,
2013 in this courtroom and some of the concerns that this
court has mentioned, at this point in time, if Mr. Steele
is called to testify, he is going to exercise his Fifth
Amendment privilege against forced testimony.

And we state for two reasons, one, there were
serious allegations made by the court and others of not
just attorney misconduct but the word fraud was used
several times in the transcript.

THE COURT:  Should have been.

MR. MAZZUCCO:  The next step is there is also an
issue involving attorney-client privilege.  If Mr. Steele
was to testify, that privilege belongs to the client.

THE COURT:  Which client might that be?

MR. MAZZUCCO:  That would be several of his
clients.  Mr. Halloran is going to handle that part of
the argument, but that is a two pronged argument, your
Honor.

THE COURT:  Are you talking about AF Holdings,
Ingenuity 13, those clients?

1          MR. MAZZUCCO:  Yes.

2          THE COURT:  And you think there is a difference

3     between those clients and Mr. Steele?

4          MR. MAZZUCCO:  I think there is, your Honor, yes.

5          THE COURT:  From what I know about this case,

6     there is no difference at all, but that is why I am glad

7     Mr. Steele is here.  Maybe he can clarify some of those

8     things, but if you say answering those kinds of questions

9     would incriminate him, I'll take you at your word.

10         MR. MAZZUCCO:  No, your Honor.  I'm not saying

11    they are going to incriminate him.  I said it is his

12    Fifth Amendment privilege against forced testimony.

13    There was language on the record from March 11th where

14    this court made some accusatory statements about fraud

15    upon the court, things that were in the transcript.

16         THE COURT:  Yes.

17         MR. MAZZUCCO:  You leave my client with no

18    alternative but.

19         THE COURT:  To rebut those statements.

20         MR. MAZZUCCO:  He can rebut those statements in

21    the proper venue, your Honor.  This is an order to show

22    cause in front of this court.

23         THE COURT:  Let's cut to the chase.  I am really

24    not interested in -- I want to know if some of my

25    conjecture is accurate.  The only way I can find out is

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    to have the principles here and answer those questions.

2            Now, if you say he will not answer those

3    questions, then I will draw whatever inferences I think

4    are reasonable from the facts as I know them.  This is an

5    opportunity for him to protect himself, to defend and

6    protect himself.  It is up to him.  So you are saying he

7    doesn't want to answer any questions, fine.  I am not

8    going to go through the charade of asking the questions

9    and have him assert the Fifth.

10           MR. MAZZUCCO:  Your Honor, he is not going to

11   respond to your questions.

12           THE COURT:  All right.  Fine.

13           What about Mr. Hansmeier?  What is his

14   position, the same?

15           MR. BAKER:  The exact same, your Honor.

16           THE COURT:  All right.  You may be seated.

17           Mr. Duffy.

18           MS. ROSING:  Your Honor, Mr. Duffy and

19   Ms. Van Den Hemel will also be taking the fifth

20   amendment.  Though, in response to your desire for

21   additional information, I do have approximately 25

22   minutes of argument, and I do have some exhibits that are

23   judicially noticeable.

24           THE COURT:  On what?  Relevant to what?

25           MS. ROSING:  To the seven issues pending before

1   this court.

2       THE COURT:  Give me the Cliff Note version.  Just

3   give me a summary, what it is that you would like to --

4       MS. ROSING:  Well, your Honor, what I would like

5   to argue because my clients are entitled to a reasonable

6   opportunity to be heard, we weren't allowed --

7       THE COURT:  Excuse me.  They are giving up that

8   right to be heard.  Now, what have you got to say that is

9   under oath?

10      MS. ROSING:  Well, your Honor, my arguments are

11  legal arguments.

12      THE COURT:  I know.  I am looking for facts.  I

13  really am.  I am not a looking for legal arguments.

14      MS. ROSING:  Well, your Honor --

15      THE COURT:  Can you tell me, for example, who

16  directs the litigation here in California?  Who makes the

17  decision as to whether or not cases are dismissed or

18  settled for how much money?  Can you tell me that?

19      MS. ROSING:  Your Honor, I can't testify.

20      THE COURT:  "Yes" or "no", please.  Because we

21  need to move through this.  Can you tell me that?

22      MS. ROSING:  I personally cannot tell you that,

23  your Honor.

24      THE COURT:  All right.  Do you know whether or not

25  there is another Alan Cooper other than the one that was

1   here at the last hearing?

2        MS. ROSING:  I am not aware of another Alan

3   Cooper, your Honor.

4        THE COURT:  All right.  Good.

5         What happens to the settlement money?

6        MS. ROSING:  Your Honor, obviously, I represent

7   Mr. Duffy and Ms. Van Den Hemel.  I don't have personal

8   knowledge of any of this.

9        THE COURT:  Why weren't notices of related cases

10   filed?  Who made the decision to hide from the court the

11   fact that all of these cases were related.

12        MS. ROSING:  I do have a judicially noticeable

13   document on that, your Honor, where the Northern District

14   declined to relate the cases.

15        THE COURT:  That is a different thing.  That is

16   consolidating them.

17        MS. ROSING:  It is actually an order declining to

18   relate them.

19        THE COURT:  Same plaintiff, same film, same causes

20   of action, and they are not related?  Excuse me?

21         Okay.  Tell me this.  Who made the decision

22   not to disclose to the court the fact that the law firms

23   have a financial interest in the outcome of this

24   litigation?

25        MS. ROSING:  Your Honor, there is no evidence

1   before this court at all that the law firm or any, well,

2   certainly, my clients, Paul Duffy or Angela Van Den

3   Hemel, have any financial interest in the outcome of this

4   litigation.

5       THE COURT:  Excuse me.  Did you read Hansmeier's

6   deposition?

7       MS. ROSING:  Yes, I did, your Honor.

8       THE COURT:  And then you make the statement you

9   just made?

10      MS. ROSING:  Your Honor, there is no evidence that

11  Mr. Duffy or Ms. Van Den Hemel who is a W2 paralegal at

12  Prenda Law --

13      THE COURT:  I understand that.

14      MS. ROSING:  And I would be happy --

15      THE COURT:  Wait a minute.  The money goes to

16  Prenda Law's trust account; right?

17      MS. ROSING:  Your Honor, I have no personal

18  knowledge, and I can't testify.  But I do have an

19  argument I would like to present to your Honor.

20      THE COURT:  Relative to what?  To anything I just

21  asked?

22      MS. ROSING:  Well, your Honor, it is a legal

23  argument with some objections and some judicially

24  noticeable documents.

25      THE COURT:  Relative to what?

1      MS. ROSING:  Well, the seven issues before the

2 court, the Alan Cooper issue, the discovery order issue,

3 the Wagar investigation, the Denton investigation, Form

4 CV30, the relationships, and March 11, the things that

5 are noticed in this court's OSC.

6      But, your Honor, we would be happy to submit

7 this in a brief if that would be more --

8      THE COURT:  Good.  Do that.  Thank you.

9      We are done.

10     (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

<pre>
 1                         CERTIFICATE

 2

 3

 4   I hereby certify that pursuant to Section 753, Title 28,

 5   United States Code, the foregoing is a true and correct

 6   transcript of the stenographically reported proceedings held

 7   in the above-entitled matter and that the transcript page

 8   format is in conformance with the regulations of the

 9   Judicial Conference of the United States.

10   Date:  April 5, 2013

11

12    /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
</pre>

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA