Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **NICHOLAS RANALLO DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS** |

## DECLARATION OF NICHOLAS RANALLO

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California.

2. I am attorney of record for Joe Navasca, and this declaration is based on personal knowledge of the matters set forth herein.

Attorney Fees, Costs and Basis of Calculation

3. I graduated *cum laude* from Tulane Law School in May, 2007. I passed the July 2007 New York Bar Examination, and was admitted to practice in July, 2008.

4. I previously worked for the law firm of Stern & Montana, LLP from approximately May, 2008 – September, 2010 as a litigation associate.

5. In addition, I took and passed the July, 2010 California Bar Exam, and was admitted to practice in this state in January, 2011.

6. I have represented a large number of defendants and putative defendants accused of similar BitTorrent copyright infringement, including successfully defending a number of individuals who were sued by AF Holdings in similar litigation.

7. I represented Mr. Navasca at a severely discounted rate in this action, as I have done with a number of innocent BitTorrent defendants in similar circumstances. I have offered discounted rates based on my particular distaste for the "cost of defense" settlement angle embodied in these types of suits, and the otherwise hopeless situation that an innocent defendant faces when pursued in these actions.

8. For the purposes of calculating attorneys fees in this action, I have therefore determined the reasonable hourly rate for my services in the Northern District of California, as further described below.

9. To determine my reasonable hourly rate in this matter, I consulted two primary sources - the "Laffey Matrix" issued by the United State Department of Justice and a recent survey of hourly billing rates published by the San Francisco Daily Journal.

10. A copy of the Laffey Matrix is annexed to this declaration as Exhibit A, and can be accessed from the United States Justice Department website at:
http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf

11. According to the Laffey Matrix, an attorney with 4-7 years of experience should be entitled to a reasonable hourly rate of **$290/hour** in 2012-2013.

12. According to the August 10, 2012 edition of the San Francisco Daily Journal, a reasonable hourly rate for attorneys in the San Francisco Bay Area is significantly higher than the rate suggested by the Laffey Matrix. According to this survey, the 2012 average billing rate in the San Francisco market was **$482/hour** for an associate, up from $449 in 2011. A copy of the chart summarizing billing rates is annexed hereto as Exhibit B.

13. In AF Holdings v. Trinh (3:12-cv-02393), Judge Breyer of the Northern District of California determined in his November 9, 2012 Order requiring an undertaking that my "proposed hourly rate, of $250/hour is reasonable." A copy of this order is attached hereto as Exhibit C. Judge

Breyer subsequently awarded attorney's fees in accordance with this rate.

14. In light of the foregoing, I have adopted an estimated reasonable hourly rate for the purpose of this motion at $250/hour.

15. Up to and including the instant motion and declarations, I have reasonably expended 66.25 hours in defense of this action. These hours are contemporaneously recorded via my computerized case management system. The charges herein are broken down more fully on Exhibit D hereto, which is hereby incorporated into this declaration by reference.

16. As such, the total value of reasonable attorney fees incurred by me is $16562.50.

17. In addition, Mr. Navasca has incurred $2385.75 in costs and expenses, including $321.25 for ½ of the cost of the creation of a "mirror image" of his hard drive, and $2064.50 in total deposition costs for copies of his own deposition transcript and the costs associated with conducting AF Holdings 30(b)(6) deposition.

18. In total, Mr. Navasca has thus incurred $18,948.25 in combined costs and fees attributable to my representation.

19. Fees and costs associated with Mr. Pietz' representation are outlined on his separate declaration, filed simultaneously herewith (and previously filed at ECF No. 68). In total, Mr. Pietz fees and costs total $3,305.80.

20. In light of the foregoing, Mr. Navasca seeks a total of $22,254.05 in recoverable attorney's fees and costs for his defense in this action.

<u>Other Relevant Facts</u>

21. The deposition transcript attached to defendant's motion as Exhibit C is a true and correct copy of the electronic transcript received from California Deposition Reporters and the Certification annexed to Mr. Hansmeier's transcript is a true and correct copy of the Certificate of Reporter.

22. On June 3, 2013, I conducted a Google search based on the keyword "Joe Navasca." The first five results all related to this case. Two of these are apparently hosted by Prenda Law (or its newest incarnation, the Anti-Piracy Law Group). Each includes only a link to the complaint with the allegations against Mr. Navasca, and neither acknowledges that the allegations against

1  Mr. Navasca have been dismissed.

2  23. The declaration attached to defendant's motion as Exhibit D is a true and correct copy of the
3  declaration of Delvan Neville, originally filed in 6:12-cv-01493 in the Middle District of
4  Florida.

5  24. Exhibit F to defendant's motion is a true and correct copy of the Rule 26 disclosures provided
6  by AF Holdings in this matter.

7  25. I have met and conferred with counsel for AF Holdings in an attempt to resolve the issues
8  raised in Defendant's motion without motion practice, though the meet and confer had not
9  produced a result at the time of filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on this 4th day of June, 2013, in Boulder Creek, CA.

_____/s/ Nicholas Ranallo_____

Nicholas Ranallo