Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax: (831) 533 – 5073
nick@ranallolawoffice.com

Attorney for Joe Navasca

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOE NAVASCA, <br><br> Defendant | Case No.: 3:12-cv-02396-EMC <br><br> DECLARATION OF BRETT GIBBS |

1. I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California. This declaration is based on personal knowledge of the matters set forth herein.

2. I am formerly "Of Counsel" for Prenda Law, Inc. in California, and represented AF Holdings in that capacity in the instant matter, as well as multiple other cases throughout the state of California until approximately February, 2013.

3. As noted in my March 11, 2013, testimony before the Central District of California in the matter of Ingenuity 13 v. Doe, at all relevant times I was supervised by attorneys John Steele and Paul Hansmeier with regard to AF Holdings' litigation, including this case. John Steele and Paul Hansmeier were the attorneys who I was informed communicated with clients such as AF Holdings, and provided me with instructions and guidelines, which I was informed, originated from these clients, including AF Holdings.

4. I have reviewed the Affidavit of Mark Lutz filed in this case on May 13, 2013 (Doc. #80). I believe that the information provided in the fifth paragraph of that affidavit regarding my interactions with Mr. Lutz is not an accurate description of those events. I did not "from time to time" send certificates for Mr. Lutz to sign on behalf of the Salt Marsh Trust. I did not have the alleged conversations with Mr. Lutz. In fact, I did not know that Mark Lutz was directly affiliated with these companies, as an owner or otherwise, until months after filing the ADR Certification in this case.

5. Instead, I was specifically told by Mr. Hansmeier that Salt Marsh was the owner of AF Holdings, and that he, Salt Marsh, had read and understood the ADR handbook, and that I could go ahead and file the ADR Certification with the electronic signature of Salt Marsh. Again, I never spoke with Salt Marsh directly. Through my conversation with Mr. Hansmeier, I was under the impression that the Salt Marsh was an individual who had in fact complied with the Local Rule and that his original signature existed on a document that was being held by my then-employer, Prenda Law, Inc. Given that information, I proceeded to file the ADR Certification on that basis.

6. After I filed this case, I learned through a separate case filed in Minnesota that the assignment agreement may have been invalid because there was a dispute whether a signature on the agreement was in fact forged. Once alerted to this, I immediately discussed this matter with John Steele and Paul Hansmeier. They assured me that it was a valid signature, that the allegations were mere "conspiracy theories," and that I should have no concern in continuing to prosecute this and other AF Holdings' cases. I believe I was diligent in my factual and legal investigation of this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed on this __4th__ day of June 2013, in __Mill Valley__, California.

*/s/ Brett*

Brett L. Gibbs, Esq.
38 Miller Ave., #263
Mill Valley, CA 94941

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of June, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By: /s/
Nicholas Ranallo