Office of the Chief Trial Counsel/Intake
The State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

July 8, 2013

Dear State Bar of California:

This letter is a formal complaint against California attorney, Brett Gibbs (Bar # 251000). I would respectfully ask your office to review this complaint on an expedited basis because it involves misconduct that is not only ongoing, but is also inflicting daily harm against the interests of my company, AF Holdings, LLC. I have forwarded a copy of this complaint to Mr. Gibbs so I can see if he has any explanation for his behavior.

*Background*

My name is Mark Lutz and I am the manager of a company, AF Holdings, LLC, ("AF") that until July 3, 2013, was represented by Mr. Gibbs. The thrust of this complaint is that AF's attorney, Mr. Gibbs, is actively assisting AF's adversaries in exchange for his own personal financial gain.

1. *Mr. Gibbs is actively aiding his former client's adversaries*

On June 4, 2013, Mr. Gibbs executed a declaration that now forms the factual backbone of a sanctions motion against AF filed by attorneys Morgan Pietz and Nicholas Ranallo in a case titled, *AF Holdings, LLC v. Navasca*. (Exhibit A). Mr. Gibbs previously represented AF in the *Navasca* matter. Six days later, on June 10, 2013, Mr. Gibbs and Mr. Pietz submitted a joint stipulation that relieved Mr. Gibbs of his obligation to post security for an $83,000 sanctions award that was entered against Gibbs in a case titled *Ingenuity13, LLC v. John Doe*. (Exhibit B). In other words, there was a *quid pro quo* between Messrs. Gibbs and Pietz: if Mr. Gibbs submitted a declaration against AF, Mr. Pietz would cut him a deal in a separate matter.

As a side note, the joint stipulation in the *Ingenuity13* matter also harmed AF by making AF responsible for Mr. Gibbs' portion of the $83,000 bond. Mr. Gibbs neither sought nor received my approval to do this. Up until, July 3, 2013, Mr. Gibbs was representing AF in a matter titled *AF Holdings, LLC v. Magsumbol*. (Exhibit C).

In his declaration, Mr. Gibbs paints my company as a sham company that I apparently do not even run and attempts to minimize his involvement in the cases where he served (by his own admission) as my attorney. Yet, in private, Mr. Gibbs has repeatedly acknowledged my status as the manager at AF. For example, when he attempted to part ways with AF, he issued a letter to me in which he identified himself as AF's lead

counsel. (Exhibit D.) Further, when he attempted to withdraw in the *Magsumbol* matter, he sought and received a declaration from me. (Exhibit E.)

In addition to being false, these statements plainly undermine my company's (and his client's) interests and are outrageous for my attorney to make. In light of the fact that Mr. Gibbs' statements undermine AF's interests. I hope the California Bar takes action against Mr. Gibbs to protect Californians from his behavior.

2. *Mr. Gibbs stipulated to an attorneys' fees award against AF without my consent*

A week or so after Mr. Gibbs struck a deal with Messrs. Pietz and Ranallo regarding the facts discussed in #1, Mr. Gibbs submitted a statement of non-opposition to a motion for attorneys' fees filed by Mr. Ranallo in a case titled *AF Holdings, LLC v. Magsumbol*. (Exhibit F). Mr. Gibbs did not consult with me before filing this statement, did not obtain my consent and would not have been able to obtain my consent if he had tried. It is not in AF's best interests for Mr. Gibbs to consent to me paying an attorney's fee award that I did not even know about. The fact that the money is to be paid to the very attorney that Mr. Gibbs is working with (Mr. Ranallo) is also improper.

I want to be as clear as I can: until very recently I never even heard of any motion for attorneys fees being filed in the *Magsumbol* case, let alone my attorney agreeing to the fees.

3. *Mr. Gibbs represented AF in a matter where he had a serious conflict of interest, and repeatedly sabotaged AF's interests for his personal benefit*

In February, 2013, Judge Wright issued an order to show cause solely against Mr. Gibbs with respect to a case where he was representing AF. (Exhibit G) Mr. Gibbs did not inform me of this hearing. I later learned that at the hearing, Mr. Gibbs repeatedly lied to the Court, making such claims as he was "essentially a secretary" and that other attorneys that I had never spoken to about that case were AF's attorneys. (Exhibit H) As a side note, I would like to inform the California bar that Mr. Gibbs has filed and supervised hundreds of cases on behalf of AF all across the country. Mr. Gibbs was the only attorney I EVER spoke with about the case before Judge Wright. After the March 11, 2013, hearing, Judge Wright issued another order to show cause and scheduled a hearing for it on April 2, 2013. (Exhibit I) Because of Mr. Gibbs' testimony at the March 11 hearing, AF was now a defendant in the new order to show cause. In other words, my own attorney transformed an OSC against him into an OSC against my company based on complete lies to the judge.

Between the March 11, 2013, hearing and the April 2, 2013, hearing, I was never contacted by Mr. Gibbs (except to learn that I had to show up to the hearing), who was still AF's attorney on several cases, including the one in front of Judge Wright. I wish to be clear: Prior to the April 2 hearing, during the hearing, and for more than two months after the April 2nd hearing, Mr. Gibbs was still the attorney of record for

AF. Throughout this time, I believed that Mr. Gibbs was the attorney for AF Holdings and that he would defend AF's--and my own--interests in the matter before Judge Wright.

Regarding the April 2, 2013, hearing, since AF was represented by Mr. Gibbs. I assumed he was taking care of things, and that he would reach out to me when he needed to. At no time prior to the April 2nd hearing did Mr. Gibbs inform AF or me that he would not be representing AF at the hearing. I would note that I never received the order from Judge Wright and I was never told by Mr. Gibbs that AF Holdings needed to appear on April 2nd.

I was very surprised to see Mr. Gibbs appear in court on April 2nd with his own attorney. At first, I thought he had brought in additional attorneys to represent me. I later learned that he had hired attorneys to defend him in regards to his actions in this matter. I also learned, at the hearing, that Mr. Gibbs was refusing to represent AF that day. Mr. Gibbs refused to even inform that court that AF was present in compliance with the Court's order. (Exhibit J) Mr Gibbs did not even notify the Court that he represented AF when the Court instructed all the attorneys to state their name and clients to the Court. In fact, Mr. Gibbs did not utter a single word the entire hearing.

Later, I learned why Mr. Gibbs had acted so strange. I learned that Mr. Gibbs had made a deal with the opposing counsel, Mr. Pietz. The crux of the deal--as I learned through later pleadings and affidavits filed by Mr. Gibbs--was that if Mr. Gibbs agreed to file joint pleadings with Messrs. Pietz and Ranallo against AF, Mr. Pietz would stop including Mr. Gibbs in his many motions for sanctions and fees. In other words, AF's attorney Mr. Gibbs agreed to file pleadings against his own client in exchange for Mr. Gibbs getting off for writing the very pleadings that led to the OSC in the first place. And Mr. Gibbs kept his word, filing a joint motion with Mr. Pietz shortly thereafter.

As a side note, when AF filed its appeal to the Ninth Circuit, Mr. Gibbs lied to the Ninth Circuit clerk and said he didn't represent AF in the district court. The Ninth Circuit originally believed him, but when I called the clerk's office, I personally spoke to the lady who had spoken to Mr. Gibbs only one hour previous. After I requested that the Ninth Circuit check the docket sheet from the district court. After the clerks office reviewed the docket I spoke with the clerk's office again and the lady agreed that Mr. Gibbs was *still* AF's attorney. After that, there was a document that AF needed to file in order to prevent being sanctioned by the Ninth Circuit. Mr. Gibbs, even after I called him to ask him to file this document, flat-out refused to file the document and hung up on me. I assume this was just part of his deal with Mr. Pietz. As a non-attorney, I feel like Mr. Gibbs actions made my filing of the notice of appeal much more difficult, when it was still his job to help me.

Not to belabor the point, but the record is clear that Mr. Gibbs was my attorney on the case in front of Judge Wright until May 29, 2013, when an order was entered by the Court granting Mr. Gibbs leave to withdraw. Mr. Gibbs attempted to withdraw only after the sanctions order was entered against AF. Further, Mr. Gibbs never said a word or filed a document in AF's defense during the whole order to show cause process, notwithstanding that he was AF's attorney. Nor did he attempt to withdraw before this time.

4.  *Mr. Gibbs has refused to communicate with me*:

I have been unsuccessfully attempting to get some straight answers from my attorney Mr. Gibbs and he has refused to address them. I have included them below. I hope your office can get some answers on the following:

- Why didn't Mr. Gibbs raise any defense (or even talk) on AF's behalf throughout the Judge Wright order to show cause proceedings?

- Why didn't Mr. Gibbs inform AF prior to the April 2, 2013, hearing that he was going to refuse to say a single word on AF's behalf?

- Why did Mr. Gibbs agree that AF would pay Ranallo's attorney's fees in the *Magsumbol* case without even contacting AF first?

- Why did Mr. Gibbs disclose attorney-client privileged information about AF in the declaration he provided to Pietz and Ranallo?

- When was the last time Mr. Gibbs spoke with his client, AF?

- What agreements did Mr. Gibbs struck with Messrs. Pietz and Ranallo regarding AF? If Mr. Gibbs claims there is no agreement, why did Messrs. Pietz and Ranallo stop all actions against Mr. Gibbs personally at the same time that Mr. Gibbs started filing joint pleadings with opposing counsel against his own client?

- Why did Mr. Gibbs hire his own attorney for the Judge Wright order to show cause proceedings, but not advise me to do the same?

- I would like to review all correspondence between Mr. Gibbs and Mr. Pietz and/or Mr. Ranallo.

- I would like to review all correspondence between Mr. Gibbs and AF during the time he was representing AF in hundreds of cases.

- I would like to review all written correspondence between Mr. Gibbs and anyone else regarding AF during the time he was representing AF in hundreds of cases. I have already asked for this, but Mr. Gibbs has not spoken to me since I asked him for this information.

Sincerely,

*[signature]*

Mark Lutz