**Andrew Waxler**

---

| | |
|---|---|
| From: | Graham Syfert [syfert@gmail.com] |
| Sent: | Thursday, April 11, 2013 1:31 PM |
| To: | Andrew Waxler |
| Subject: | Re: Proposed Declaration of Brett Gibbs |

Ok, Mr. Waxler, you have your client's wedding present from me. He may sign, and I will file it accordingly.

I will state in a notice to the court addressing both Mr. Wasinger's sanctions and Mr. Gibbs's sanctions, that Mr. Gibbs should be spared from sanctions and that I believe his testimony regarding that he acted essentially as a secretary/paralegal for Hansmeier and Steele in the Florida cases. I will also be forced to note that the court is free to draw her own conclusions, but that we in good faith are withdrawing our motion for sanctions against him as Gibbs did not seem to be managing the litigation.

So, we have a deal.

------------
Graham W. Syfert

http://www.syfert.com/

**Graham W. Syfert, Esq., P.A.**
1529 Margaret Street, Ste 2
Jacksonville, FL 32204
Phone: 904-383-7448
Fax: (904) 638-4726
graham@syfert.com

NOTICE: The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error.

On Thu, Apr 11, 2013 at 4:13 PM, Andrew Waxler <awaxler@wcb-law.com> wrote:

Mr. Syfert,

We will agree to revise the declaration of Mr. Gibbs concerning the Lutz appearance. I have attached an unsigned version of the final version of Brett's declaration. We have obviously made numerous

1

changes and added a variety of topics as per your request. But the time to finalize any deal we can make is now.

Please confirm that we now have a deal. I propose that you respond in writing that we have a deal. I will obtain a signed version of the attached declaration from Mr. Gibbs and hold it in trust. You then prepare and file a pleading by the end of this week in the *Sunlust* Action that provides that your client withdraws its motion for sanctions against Mr. Gibbs and requests that the Judge not sanction Mr. Gibbs. Upon the filing of this pleading, I will immediately email you a signed version of the declaration.

Please let me know as soon as practical if this is acceptable as Brett leaves tomorrow and will not be back until mid-May.

Thanks very much.


Andy


Andrew Jay Waxler

Certified Specialist, Legal Malpractice Law

Waxler Carner Brodsky LLP

1960 E. Grand Ave., Suite 1210

El Segundo, CA. 90245


Direct Dial No.: 310-416-1305

Fax No.: 310-416-1310

Cell No.: 213-713-2019

Email: awaxler@wcb-law.com


**From:** Graham Syfert [mailto:syfert@gmail.com]
**Sent:** Wednesday, April 10, 2013 6:40 PM

**To:** Andrew Waxler; kyanes
**Subject:** Re: Proposed Declaration of Brett Gibbs

2

Seeing Steele's and Hansmeier's and Duffy's responses in California, it would seem like Mr. Gibbs is the mastermind of Prenda Law.

Add in there that he is unaware of who made the decision to present Mark Lutz (if he is unaware) as the corporate representative and I will file it along with a motion for sanctions against Paul Hansmeier. If he is aware of who chose Mark Lutz to appear at that hearing, I would like that fact included.

Just a comment:

It seems that Steele and Hansmeier are teaming up against Gibbs now in your case. They used the affidavit he filed here in Florida against him. Perhaps he would like to clarify what he meant by "educating" and handling the California cases in his earlier affidavit used against him in the I13 - 8333[OJW] case. Was he on conference calls with them every time he discussed sunlust? I'm still very confused as to how every single time they communicated about the client it was both Hansmeier and Steele. Did they do a lot of three way calling?

Since I'm going to be sticking up for Gibbs a little bit, and this will come as a shock to people, you do have the opportunity to make things more powerful and sweeping. My only suggestion is that if he has more knowledge than he is letting on about the structure of Prenda Law, this is going to be a pretty good opportunity to make those sorts of clarifying statements.

I include Ms. Yanes, because she is still counsel for Brett Gibbs and John Steele here in Florida, and this does concern her, but there does seem like a bit of a conflict of interest issue, or something, at this point between Steele and Gibbs, but I must admit I'm slightly confused as to the procedure of this whole negotiation or how I should conduct my communications.

Add in that statement about Gibbs not being aware of Lutz's choice for appearance, and I'll try to make sure that the tides turn toward the correct people responsible for managing the litigation in my case.

------------
Graham W. Syfert

http://www.syfert.com/

**Graham W. Syfert, Esq., P.A.**
<u>1529 Margaret Street, Ste 2</u>

Jacksonville, FL 32204
Phone: 904-383-7448
Fax: (904) 638-4726
graham@syfert.com

NOTICE: The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error.

On Wed, Apr 10, 2013 at 9:03 PM, Andrew Waxler <awaxler@wcb-law.com> wrote:

Mr. Syfert,

I have attached a revised declaration. We have made revisions to paragraph 3 and added a new paragraph 4.

A couple of points to be made:

1. Mr. Gibbs received instruction and guidance from both Messrs. Steele and Hansmeier. He cannot state that he received information, direction, etc., from one but not the other.

2. Mr. Gibbs cannot state who contacted the client as he does not know whether it was Steele and Hansmeier, or maybe someone else. He knows Steele and Hansmeier told him that they would be contacting the client but he cannot state whether that contact was made, by whom or when.

Please let me know whether your client will now agree to withdraw its motion for sanction against Mr. Gibbs and ask the Judge not to sanction him.

I will need to have Brett sign the declaration tomorrow so please get back to me in time for him to sign.

Thanks.

4

Andy

Andrew Jay Waxler

Certified Specialist, Legal Malpractice Law

Waxler Carner Brodsky LLP

1960 E. Grand Ave., Suite 1210

El Segundo, CA. 90245

Direct Dial No.: 310-416-1305

Fax No.: 310-416-1310

Cell No.: 213-713-2019

Email: awaxler@wcb-law.com