**Exhibit A**

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| AF HOLDINGS, LLC, | ) Case No.: 3:12-cv-02396-EMC |
| Plaintiff, | ) DECLARATION OF BRETT GIBBS |
| vs. | ) |
| JOE NAVASCA, | ) |
| Defendant | ) |

1. I am an attorney at law licensed to practice on California.  My business address is 38 Miller Avenue, #263, Mill Valley, CA 94941.

2. My declaration of June 4, 2013 ("June 4 Declaration") is entirely true and accurate.  I drafted and signed it in response to false statements in Mark Lutz's affidavit filed on May 13, 2013 in *AF Holdings LLC v. Navasca*, Case No. 3:12-cv-02396 (EMC) (N.D. Cal.) (Doc. #80) (Lutz Affidavit).  I submit this declaration because John Steele, Mark Lutz and Paul Duffy have falsely and without any supporting evidence claimed that I lied or had an ulterior motive when I drafted, signed and filed the June 4 Declaration.

3. I was hired as "Of Counsel" and was never a partner, principal, manager or owner of Prenda Law.  Contrary to the unsworn statements of others, I have never run, or claimed to run, Prenda Law.  As I have consistently stated in my past declarations and court testimony, I was directed by Mr. Steele and Mr. Hansmeier during the entire time that I worked for Prenda Law.  I have never testified or stated that I "essentially ran Prenda" or that I owned or managed the firm.

4. When I was employed by Steele Hansmeier PLLC, the predecessor to Prenda Law, I was told that Mr. Steele and Mr. Hansmeier would maintain all necessary contact with clients including AF Holdings.  I was instructed not to contact AF Holdings directly, but to

communicate with it exclusively through Mr. Steele and Mr. Hansmeier.  This continued when Steele Hansmeier became Prenda Law.  Prior to late 2012, neither Mr. Steele nor Mr. Hansmeier ever mentioned that Mr. Lutz, whom I knew as a paralegal at the firm who handled phone calls, was an employee or manager at AF Holdings.

5. Even after Mr. Steele and Mr. Hansmeier first told me, in late 2012, that Mr. Lutz was the CEO of AF Holdings, they continued to discuss matters related to AF Holdings' cases with me without bringing Mr. Lutz into the conversation.  They would ask me to deal with Mr. Lutz on routine matters, but never suggested that I discuss any important decision-making matters with him.

6. Mr. Lutz lied about his interactions with me in the Lutz Affidavit.  Shortly after it was filed, I informed the principals of Prenda Law that it was not accurate.  No follow-up declaration was filed to correct the Lutz Affidavit.   When the Court decided to close the case, apparently based on untrue statements made in the Lutz Affidavit, I believed it was my responsibility to inform the Court that some of these statements were incorrect.  Saying nothing would have implied that I agreed with Mr. Lutz's untrue statements and his attempt to mislead the Court.

7. I did not ask for and did not receive a quid pro quo for filing the truthful June 4 Declaration.  I have not requested any *quid pro quo* for filing this declaration and none has been offered.

8. I have not disclosed any information which is protected from disclosure by attorney-client privilege.  While Mr. Duffy, Mr. Lutz and Mr. Steele claim that I have disclosed such information, none of them has identified which statement in my June 4 Declaration purportedly violated attorney-client privilege.

9. Mr. Hansmeier told me that Salt Marsh was a real person who owned AF Holdings LLC.  While I acknowledge that Salt Marsh is an unusual name, I had no reason, when I filed documents that I was told were signed by Mr. Salt Marsh, to question or suspect that Mr. Steele and Mr. Hansmeier were not being truthful.

10. When Mr. Hansmeier assured me that Prenda Law, my employer, had the original signature of Salt Marsh on file in its Chicago office, I believed that I would be able to produce it, if requested, and was thus in full compliance with Local Rule 5.1(c)(4).

11. I have not been relieved of "the obligation for a sanction in the amount of approximately $101,650" as Mr. Duffy claims. I remain jointly and severally liable for the $81,319.72 monetary sanction imposed by Judge Wright.

12. There are numerous other distortions and untruthful statements in the complaint letters to the California Bar Association signed by Mr. Lutz and Mr. Steele and in Mr. Duffy's Opposition to Defendant's Motion for Sanctions (Doc 98). I will respond to these at the appropriate time and in the appropriate forum. I do not want anyone to think that, by not addressing them in this case, I do not dispute them.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed on this $\underline{23}$ day of July 2013, in $\underline{Mill\ Valley}$ , California.**

Brett L. Gibbs, Esq.