# Exhibit B

Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **DECLARATION OF MORGAN E. PIETZ** |

I, Morgan E. Pietz am over the age of 18, have personal knowledge of the facts alleged herein, and hereby declare as follows:

1. I am a member in good standing of the State Bar of California, duly admitted to the practice of law in the state and federal courts of the State of California.

2. Together with attorney Nicholas Ranallo, I am co-counsel for defendant Joe Navasca in the above-entitled action.

3. I was also counsel of record for the putative defendant in *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, the lead Prenda case before Judge Wright. Mr. Ranallo assisted me as co-counsel in the 8333 action before Judge Wright. I assisted Mr. Ranallo at the deposition in this action, and he similarly assisted me at the evidentiary hearing in the 8333 action. In view of the fact that, in our mutual experience, Prenda attorneys often made questionable factual assertions, we both felt it would be beneficial to have a colleague who knows the facts of these cases present as backup at those important, live appearances, to make sure nothing was missed.  However, in general,

1 the two cases were handled by each of our offices separately, with Mr. Ranallo primarily responsible
2 for his client, Mr. Navasca, in this district, and me primarily responsible for my client, the putative
3 Doe in the 8333 action before Judge Wright.

4     4.    I have reviewed "Plaintiff's Opposition to Defendant's Motion for Sanctions" (ECF
5 No. 98, 7/16/13) filed by attorney Paul Duffy in this action. The purpose of this declaration is to refute
6 some incorrect factual conjecture raised by Mr. Duffy that relates to the supposed "quid pro quo"
7 connecting this case to the 8333 action.

8     5.    First, the stipulation in the 8333 action (filed here by Mr. Duffy at ECF No. 98-1) on
9 which Mr. Duffy hangs his theory of a supposed quid pro quo, was further to an issue initially raised
10 by Mr. Gibbs in the 8333 action, which I handled, in conjunction with Mr. Gibbs. Specifically, Mr.
11 Gibbs contacted me and asked if I would be willing to stipulate that he should not accrue additional
12 sanctions in the 8333 action (which Judge Wright had warned against), in view of the fact that Gibbs
13 professed he couldn't pay, and that his former colleagues at Prenda had posted a bond (which was
14 ultimately conditionally approved, subject to the posting of a second, higher bond). In view of the
15 sworn assertions Mr. Gibbs had made on the record in the 8333 action about his dire financial straits
16 and serious health problems, plus the fact that Mr. Duffy had already posted an initial bond securing
17 the amount of the fee award in the 8333 action, I indicated to Mr. Gibbs that I was amenable to such a
18 stipulation, and asked him to prepare it. There was never any suggestion of a deal where Mr. Gibbs
19 would submit a declaration in this case, in exchange for me stipulating that he should be released from
20 the threat of additional sanctions in the 8333 action. I agreed to the stipulation in the 8333 action on
21 my own, without considering this action for a moment, and without seeking Mr. Ranallo's decision-
22 making input, because the stipulation seemed reasonable enough.

23     6.    Second, in his motion here, Mr. Duffy materially mischaracterizes the stipulation,
24 saying that by filing it, "Mr. Pietz (co-counsel with Defendant's counsel in the Central District of
25 California case) asked the court to make Mr. Gibbs a party to the bond for $101,650 posted in that
26 case." (ECF no. 98 at 8:11-13½). Simply, this is not correct. What the stipulation actually says is that
27 *Mr. Gibbs' position* is that he thinks the bond should cover him too, and that my client "does not
28

2
DECLARATION OF MORGAN E. PIETZ

object to this position." (ECF NO. 98-1 at 2:12-18). My client *did* affirmatively stipulate to relieving Mr. Gibbs from the threat of additional sanctions (due to his professed inability to pay and health problems). However, the stipulation does not go quite so far as Mr. Duffy contends. To the extent that Mr. Gibbs is covered by the bond Duffy already posted in the 8333 action, that would be as an issue of joint and several liability, which is addressed by the specific conditions on the bond, not a result of the stipulation.

7. Mr. Duffy further argues that "The only apparent, and logical, explanation for why Pietz would submit such an affidavit [*sic*][1] (which the Court denied) is that the Stipulation was a *quid pro quo* given in exchange for Mr. Gibbs' Declaration intended to assist the Defendant in this action." ECF No. 98 at 8:16½-18½. As should by now be clear, Mr. Duffy's appreciation for the "logical" appears to be somewhat constrained insofar as this issue is concerned. The "logical" explanation for why I agreed to the stipulation is that I did not think it fair for Mr. Gibbs to accrue additional sanctions for failing to pay a fee award and/or post a bond that he purported to be financially unable to pay. I actually happen to believe Mr. Gibbs' sworn assertions that he is financially unable to pay the $81,000+ fee award and/or post a bond. So, after expressing my concerns to Gibbs about not getting in the middle of whether the bond Prenda posted should cover him, too, but that I would "not object" to Gibbs' position at this stage, I gave him authority to include my electronic signature on his stipulation; simple as that, there was no quid pro quo.

//

---

[1] "Stipulation," maybe? There was no affidavit (or even a declaration) submitted by Pietz. Also, the Stipulation was filed and served by Mr. Gibbs, not me.

3

DECLARATION OF MORGAN E. PIETZ

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

DATED: July 23, 2013,

Executed this day at Manhattan Beach, California, by

                                                   */s/ Morgan E. Pietz*

                                                   Morgan E. Pietz, Declarant