UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOE NAVSCA,<br><br>    Defendant. | Case No. CV-12-2396 EMC<br><br>**DECLARATION OF JOHN STEELE**<br><br>Hon. Edward M. Chen<br><br>Magistrate Judge Nandor J. Vadas |

### AFFIDAVIT OF JOHN L. STEELE

I, John L. Steele, under the penalty of perjury, declare and state:

1. I am over eighteen years of age and competent to testify as to the matters set forth herein. I make this affidavit on the basis of my personal knowledge and, if called, would be prepared to testify as follows.

2. I have read and reviewed in detail the declaration of Delvan Neville, which has been filed in this action and various places throughout the United States.

3. I note initially that Mr. Neville is a graduate student; that he has not disclosed why he prepared his declaration, who paid him to do so, how much he was paid to prepare it, whether he has ever been qualified to offer expert opinions in a Federal or State court, whether he will successfully complete whatever course of study he is now engaged upon as a "graduate student;" or whether he meets any of the rigorous standards applicable to an expert witness in a Federal court proceeding in a Federal court proceeding.

4. Upon my review of Mr. Neville's declaration, I find the claims contained therein pertaining to me to be completely untrue and without any basis in

- 1 -

fact.

5. Mr. Neville asserts that I may have acted to "seed" a BitTorrent "swarm" involved in the digital piracy of copyrighted works. Those assertions (perhaps better described as suspicions) are categorically false. I have never acted to "seed" a BitTorrent "swarm," and would not know how to do so if for some reason I would desire to try.

6. I categorically deny ever uploading and / or downloading any BitTorrent files of any past client of mine or any current or past client of Prenda Law. To be abundantly clear to this and any other court, I have never uploaded any BitTorrent file for anyone, client or otherwise, in my life.

7. Mr. Neville asserts that I used software that monitored and detected digital piracy to upload copyright-protected works to allow BitTorrent users to infringe. That statement is categorically false.

8. I have never used software that monitored or detected digital piracy. Although I am fairly certain I could learn how to use such software, as of the date of this affidavit, I do not now how to use such software.

9. Mr. Neville accuses me of having the Internet Protocol address associated with "Shark MP4" user, which allegedly accessed the "Pirate Bay" copyright infringement site to upload copyright-protected works. Those statements are categorically false. I have never owned, controlled, or borrowed any account on Pirate Bay or any other BitTorrent piracy site, including "Shark MP4". While I am sure I could easily figure out how to create such an account, I currently do not know how to do so.

10. Since I have had at least two different Internet Service Providers during the time in question, and given that my accounts have always had dynamic IP addresses, I believe it would be impossible for me to have the same IP Address during the timeframe of Mr. Neville's analysis.

11. I have never heard of the term "Shark MP4" in any context

- 2 -

whatsoever prior to reading Mr. Neville's "analysis". I have no idea who created that account, and have no knowledge of that account.

12. I reviewed Mr. Neville's "analysis" of the copyright-protected material available at the "naughtyhotties.com" website. He asserts that because he could not find the copyright-protected content on a "google.com" search, that the work was not published at the time he performed his search. Mr. Neville's conclusion that because he could not find a work through a "google.com" search, that such a work must not be published, is incorrect and legally absurd. I believe any court can take judicial notice that millions of works have been published prior to 1998 (the year that Google was founded) or 1989 (the year the World Wide Web was created).

13. I believe Mr. Neville's reliance on google.com as the authority for whether a work is published is illustrative of the degree of rigor that Mr. Neville, a graduate student, put into his work.

14. Mr. Neville presents nothing in the way of proof that I performed any of the seeding or other activities described in his paper, and resorts to using terms such as "likely" and "possible" to describe my involvement. The reason Mr. Neville cannot present any evidence is due to the simple fact that I simply have never engaged in the conduct Mr. Neville "suspects" I did.

15. I have never had any involvement whatsoever with any case before Judge Chen or Judge Vadas in the Northern District of California.

16. To the best of my recollection, the first time I even heard of case CV-12-2396 EMC in front of Judge Chen was on or about July 23, 2013, when I was asked to provide this affidavit. As of the date of this affidavit, I have still not read a single pleading in the matter.

17. To the best of my recollection, I have never read a single pleading in a single case in the entire Northern District of California in my life.

18. I have never represented any client for any reason whatsoever in any

case in the State of California from the beginning of time until present.

19.  FURTHER AFFIANT SAYETH NOT

_____
John L. Steele

Subscribed and sworn to me
This 25th day of July, 2013

By: _Virginia L. Elliott_
Notary Public

VIRGINIA L. ELLIOTT
Notary Public No. 01EL5040442
Allegany Co., New York State
Commission Expires: March 13, 2015

- 4 -

DECLARATION OF JOHN STEELE
12-CV-2396 EMC