# Exhibit E
# Declaration of Brett L. Gibbs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-01685-MSS-MAP

SUNLUST PICTURES LLC,

    Plaintiff,

vs.

TUAN NGUYEN,

    Defendant.

_____ /

## DECLARATION OF BRETT L. GIBBS

I, Brett L. Gibbs, under penalty of perjury, declare as follows:

1. I am an individual who lives and works in Mill Valley, California.

2. I am not aware of any business I have done within the State of Florida.

3. I do not own property in the State of Florida.

4. I am not engaged in "substantial and not isolated activity" within the State of Florida.

5. I am attorney who works as "Of Counsel" for Prenda Law, Inc. I am not an employee or partner of Prenda Law, Inc. I have a license to practice law in California, and no other states.

6. In my role as "Of Counsel," I draft, file and litigate copyright lawsuits for Prenda Law, Inc. in California.

7. In my role as "Of Counsel," I also advise and educate other attorneys working with Prenda Law, Inc., as well as Prenda Law's clients, generally on proceeding in lawsuits protecting the rights of copyright holders in federal court.

8. In my role as an advisor and educator, I help Prenda Law, as well as their clients, retain counsel to bring lawsuits in other states, and consult with the lead counsel on those cases as the cases progress. I occasionally help lead counsel prepare documents including motions and responses to facilitate lawsuits representing their clients. I do not act as co-counsel on any cases in states where I do not have a license to practice law.

9. In July of 2012, several clients of Prenda Law, Inc. – Sunlust Pictures, First Time Videos, Openmind Solutions, AF Holdings LLC, and Ingenuity13 LLC—needed to file copyright infringement lawsuits against alleged copyright infringers of those clients' copyrighted works.

10. In or around July of 2012, Prenda Law, Inc. posted an ad on Craiglist to find counsel for that could represent the above-referenced clients in the District Court in the Middle District of Florida. I never personally saw the ad.

11. In late July of 2012, I spoke with Mr. George Banas, who I understood was interested in filing and litigating these cases. As I described it to Mr. Banas, he was to be counsel of record for Sunlust, FTV, Openmind Solutions, AF Holdings and Ingenuity13 on nine separate cases. Mr. Banas agreed to be counsel.

12. I explained to Mr. Banas, the complaints would be prepared by Prenda Law and reviewed and filed by Mr. Banas in each case.

13. Mr. Banas agreed to represent these companies.

14. Several days after filing these cases, Mr. Banas made several phone calls to me.

15. When I called him back, Mr. Banas explained that he was very uneasy going forward with these cases. When asked why, he said that he had been contacted by Mr. Graham Syfert. According to Mr. Banas, Mr. Syfert had explained to Mr. Banas that he was

2

opposing counsel on three cases, and explained to Mr. Banas that he had filed a bar complaint against a former Prenda Law employee, and would do the same if Mr. Banas continued on with these cases.

16. A few days after my initial conversation with Mr. Banas, he called me back and told me that he no longer wanted to be involved in these cases because of the possibility that Mr. Syfert's threats would become true.

17. In early August, he requested Prenda Law to find someone to replace him as counsel in these cases.

18. Again, in early August Prenda Law, Inc. set up an ad on Craigslist to find counsel for that could represent the above-referenced clients in the currently open cases in the Middle District of Florida.

19. Soon thereafter, I contacted Matthew Wasinger, an attorney who resided and practiced in the Middle District of Florida and who had responded to the new Craiglist ad.

20. I had a conversation with him, caught him up on the status of the cases, and informed him that Prenda Law, Inc. would help supply any support he needed to help him litigate these cases on behalf of the above-referenced clients.

21. During that conversation, I warned Mr. Wasinger about the past complaints from Mr. Banas about Mr. Syfert. Mr. Wasinger, knowing this, let me know that he still felt comfortable representing all of the companies in all of their cases described above.

22. Approximately one week later, Mr. Wasinger informed me that Mr. Syfert had contacted him. A confidential settlement was reached with one of Mr. Syfert's clients, and that case was dismissed. As for his other two clients, Defendant Oppold and Defendant Nguyen, offers were made that were rejected by Sunlust and FTV respectively.

3

23. In the days that followed, Mr. Wasinger again contacted me. In that contact, among other things, Mr. Wasinger said that Mr. Syfert was contacting him through email and by the phone about small and irrelevant issues related to two Responses to Motions to Dismiss and, specifically, Mr. Syfert making threats about filing bar complaints with the Florida Bar if Mr. Wasinger continued with these cases against Mr. Syfert's clients. Mr. Wasinger told me that these threats bothered him, but ultimately would not cause him to withdraw as counsel in these cases.

24. Days later, Mr. Wasinger told me over the phone that he was withdrawing as counsel of record for these cases.

25. Again, in that conversation, Mr. Wasinger cited Mr. Syfert's threats to file a bar complaint against Mr. Wasinger as one of the main factors in his decision to exit the cases.

26. Mr. Wasinger expressly acknowledged that he believed that there was absolutely no basis for Mr. Syfert to file a bar complaint against him for continuing in these cases, but, nonetheless, his reputation would be in jeopardy if continued as the representative in this case.

27. Again, in early November, Prenda Law, Inc. set up another ad on Craigslist to find counsel for that could represent the above-referenced clients in the currently open cases in the Middle District of Florida.

28. I contacted an attorney named Jonathan Torres who resided and practiced in the Middle District of Florida and who had responded to the new Craiglist ad.

4

29. Again, I had a conversation with Mr. Torres, caught him up on the status of the cases, and informed him that Prenda Law, Inc. would help supply any support he needed to litigate these cases for the above-referenced clients.

30. On November 16, 2012, Mr. Torres entered his appearance as counsel of record in this case.

31. Day later, Mr. Torress called me after talking with Mr. Syfert to tell me that he too intended to withdraw as counsel in this case and all other cases he had recently joined in the Middle District of Florida. Mr. Torres cited the only reason for his choice to withdraw as counsel for Sunlust: Mr. Syfert had expressly told him that he would be the subject of a bar complaint if he continued in this case.

32. In this conversation with Mr. Torres, he told me that Mr. Syfert could not cite any bar rule that Mr. Torres was in violation of, but Mr. Torres still decided that it would be best to remove himself prior to getting entangled in more litigation against Mr. Syfert, something that he felt could affect his future career. Mr. Torres, though angry about the unexplained threats coming from Mr. Syfert, told me that he did not want to risk his still relatively new practice in light of Mr. Syfert's threats.

33. In a later conversation, Mr. Torres explained that he had called the Florida Bar advice line, told an attorney about Mr. Syfert's threats, and was advised that, if those threats did in fact occur, Mr. Torres would have a valid claim to file a complaint with the Florida Bar against Mr. Syfert. In an email Mr. Torres said the following: "Also just so you know, I did anonymously (for now) call the Florida Bar and explain the circumstances behind this and they gave me some general advice. They did indicate that Mr. Syfert's conduct towards me and Mr. Wassinger might be in violation of Rule 4-3.4 subsection h)

5

FAIRNESS TO OPPOSING PARTY AND COUNSEL, which states that A lawyer shall not (h) present, participate in presenting, or threaten to present disciplinary charges under these rules solely to obtain an advantage in a civil matter."

34. Attached as Exhibit A is a true and correct copy of an email sent to me talking about this conversation he had with an attorney at the Florida bar and on signing the declaration relating to Mr. Syfert's conduct.

35. Attached as Exhibit B is a true and correct copy of the proposed Declaration of Jonathon Torres that I sent to Mr. Torres; a document that Mr. Torres said that he would sign once he had modified some of the language. Mr. Torres never signed nor submitted an alternative version of that declaration.

36. After the November 27, 2012 hearing, I again contacted Mr. Wasinger, and confirmed with him that the reason that Mr. Wasinger had attempted to be released from this case was because of Mr. Syfert's bar-complaint threats.

37. Additionally, following the November 27, hearing, and in light of Mr. Torres' apparent confusion regarding his role in this matter, Prenda Law has reached out to its referral attorneys to confirm that they accurately understand what their role is.

38. I never traveled to Florida in relation to this case or any other case filed in Florida, and/or personally participated in any proceedings related to this case or any other case filed in Florida.

I, Brett L. Gibbs, declare under the penalty of perjury that the forgoing is true and correct Executed on December 21, 2012, in Mill Valley, CA.

Brett L. Gibbs

6