Paul Duffy (Bar No. 224159)
2 N. LaSalle Street, 13th Floor
Chicago, IL 60601
Phone: (312) 952-6136
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,          ) | **Case No.** |
|                           ) | 3:12-cv-2396-EMC |
|           Plaintiff,      ) | |
|    v.                     ) | |
|                           ) | **MOTION FOR ENTRY OF** |
|                           ) | **PROTECTIVE ORDER** |
|                           ) | |
|                           ) | Judge: Hon. Edward M. Chen |
| JOE NAVASCA,              ) | Magistrate Judge: Hon. Nandor J. Vadas |
|           Defendant.      ) | |
|                           ) | |
| _____ ) | |

AF Holdings, LLC ("AF Holdings") as and for its Motion for Protective Order, states as follows:

1. On August 28, 2013, counsel for Defendant offered and displayed, at an evidentiary hearing in Court, telephone records purportedly between Plaintiff's former counsel Brett Gibbs and nonparties to the litigation, which may include the personal telephone number of the undersigned. Defendant's counsel did not share the records with Plaintiff's counsel before displaying them on a large screen in open court.

2. Plaintiff's counsel moved verbally at the August 28 hearing for entry of a protective order requesting that the telephone numbers of nonparties be redacted from publicly-accessible websites, including PACER. Plaintiff's

counsel explained that Defendant's conduct in this litigation (which among other things included posting a preliminary transcript of Plaintiff's Rule 30(b)(6) witness worldwide, without even redacting the deponent's home address) could expose the owners of those telephone numbers to harassment by pro-infringement advocates and others. The Court indicated that it would take the verbal motion under advisement.

3. On September 10, the Court entered an order (ECF No. 110) directing Plaintiff to file a motion a motion for protective on or before 4:00 pm on September 13, 2013, or to unseal all exhibits.

4. In accordance with that Order, Plaintiff moves for entry of a protective order to seal documents with the personal telephone numbers of nonparties.

5. Federal Rule of Civil Procedure 26(c ) provides that a protective order upon a showing of good cause. Good cause, in turn, is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. A protective order will be signed by the court if "good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). A court is required to evaluate good cause before agreeing to a protective order. *See, e.g., Fultz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003), citing *Philips v. General Motors Corp.,* 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002) and *San Jose Mercury News, Inc. v. United States District Court, 187 F.3d 1096, 1102* (9th Cir. 1999).

6. Those elements justify entry of a protective order protecting from disclosure the personal telephone numbers of nonparties. Defendant's counsel have made a practice in this and

other cases in heavily publicizing even minor aspects of ongoing cases for their purposes. In this case, Defendant's counsel published an adulterated draft of a Rule 30(b)(6) deposition transcript which included, among other things, the deponent's home address, worldwide on the Internet, where the information was (and is) readily accessible to pro-infringement enthusiasts worldwide. This occurred even before the deponent had an opportunity to review the transcript for accuracy.

7. There is no legitimate purpose for Defendant to publish the personal telephone numbers of nonparties worldwide, particularly where as here such publication can reasonably be expected to result in harassment of individuals who own them. There is no apparent interest in the public having the personal telephone n umbers of the undersigned and other nonparties. Allowing ready public access to the telephone numbers carries a very high risk that those who own the numbers will be subjected to harassment as a result.

8. The Court can readily draw a protective order precisely to keep from public consumption only the personal telephone numbers of those whom Plaintiff's former counsel Gibbs seeks to blame for his actions.

9. Defendant's counsel, in response to the undersigned's inquiry, indicated to the undersigned in an email message dated September 11, 2013 that "I am not opposed to redacting the phone numbers on the two excel spreadsheets."

10. Plaintiff therefore respectfully requests that the Court enter a protective order to seal the Defendant exhibits which included personal telephone numbers.

DATED: September 13, 2013

Respectfully submitted,
AF Holdings, LLC

By: s/ Paul A. Duffy
*One of its attorneys*
Paul A. Duffy, Esq.

2 N. LaSalle Street
13th Floor
Chicago, IL 60602
(312) 952-6136
pduffy@pduffygroup.com

Paul Duffy (Bar No. 224159)
2 N. LaSalle Street, 13th Floor
Chicago, IL 60601
Phone: (312) 952-6136
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **Case No.** |
| | ) | 3:12-cv-2396-EMC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **[PROPOSED] ORDER GRANTING** |
| | ) | **MOTION FOR PROTECTIVE ORDER** |
| | ) | |
| | ) | Judge: Hon. Edward M. Chen |
| JOE NAVASCA, | ) | Magistrate Judge: Hon. Nandor J. Vadas |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

This Court has reviewed Plaintiff's Motion for Protective Order. The Court GRANTS the Motion.

IT IS SO ORDERED.

Dated: _____         _____
                                                                                     United States District Judge.

///

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system.

By: s/ Paul A. Duffy