Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC, | Case No. 3:12-cv-02396-EMC |
| Plaintiff, | Magistrate Judge Nandor J. Vadas |
| v. | **PARTIAL OBJECTION TO SEPTEMBER 16TH REPORT AND RECOMMENDATIONS** |
| JOE NAVASCA, | |
| Defendant. | |

## I. INTRODUCTION

On September 16th, 2013, the Honorable Magistrate Nandor J. Vadas issued his Report and Recommendations regarding Defendant Joe Navasca's Motion for Sanctions recommending denial of the motions for sanctions, but nonetheless recommending that the judgment in the instant case be amended to include Mssrs. Steele and Hansmeier under an alter-ego theory of liability. Defendant hereby timely objects to that portion of the Report recommending the denial of the motions for sanctions.[1] Specifically, Judge Vadas notes that "[t]he undersigned finds that Navasca has established the substantive merits of his motion for sanctions under the district court's inherent power. The recommendation to deny sanctions is based solely on the finding that the district court

---

[1] Defendant has no objection to that portion of the R&R that recommends that Steele and Hansmeier show cause why the judgment in the instant case should not be amended to include each in their individual capacity. Moreover, if the sole reason for the denial of the sanctions motion is a defect in service, this defect can likewise be cured via Order to Show Cause.

lacks personal jurisdiction over Steele and Hansmeier due to insufficient service of process." Report and Recommendation on Defendant's Motion for Sanctions, ECF No. 116 at p.14, fn2 (hereinafter "R&R"). As described further below, Defendant objects to the Magistrate's determination that the district court lacks personal jurisdiction over Steele and Hansmeier due to insufficient service of process.

## II. OBJECTION AND ARGUMENT
### A. DUE PROCESS REQUIRES ONLY NOTICE AND AN OPPORTUNITY TO BE HEARD PRIOR TO THE IMPOSITION OF SANCTIONS

Due process is satisfied if the sanctioned individual has been afforded "**notice and an opportunity for hearing on the record.**" *Fed. Trade. Comm. v. Alaska Land Leasing,* 799 F.2d 507 (9th Cir. 1986)(emphasis added)(citing *Roadway Express Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980)). The Ninth Circuit has also indicated that "[n]otice before the imposition of sanctions **may be actual or constructive."** *Alaska Land Leasing,* 799 F.2d at 510 (citing *Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 571 (3d Cir.1985)). See also *In Re Lehtinen,* 564 F.3d 1052, 1060 (9th Cir. BAP 2009)("[W]hen using the inherent sanction power, due process is accorded as long as the sanctionee is 'provided with sufficient, advance notice of exactly which conduct was alleged to be sanctionable, and [was] furthermore aware that [he] stood accused of having acted in bad faith." *Id.* (citing *In re DeVille,* 361 F.3d 539, 548 (9th Cir. BAP 2003)).

The required notice need not be provided in the form of personal service, pursuant to Fed. R. Civ. Proc. 4. Indeed, neither Fed. R. Civ. Proc. 4 nor 5, by their terms, would require that a sanctions motion be personally served, whether on a party or a non-party. If they did, the Ninth Circuit's recognition that the required notice can be "actual or constructive" would be wholly incorrect. At the most basic level, due process requires only that the notice be "reasonably certain to inform" the individuals that a sanctions proceeding is pending. See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the instant case, the method of notice employed by the Defendant was reasonably calculated to inform Mssrs. Steele and Hansmeier of the pending motion for sanctions. The motion was sent via U.S.

Mail to the address that each individual has on file in the *Ingenuity 13 v. Doe* case in the Central District of California and the related Ninth Circuit appeals. In addition, a copy of the Motion was sent via email to the last known email address for each individual. Both Mr. Steele and Mr. Hansmeier explicitly admit that they had actual notice of the motion prior to the imposition of sanctions. See ECF Nos. 106-3, 106-4 at ¶2 and 106-5 at ¶2. Finally, the Motion was served via ECF on AF Holdings and its attorney Paul Duffy. As described further below, AF Holdings is an alter-ego of Steele and Hansmeier. Taken together, these three methods of service are more than sufficient to ensure that the sanctioned parties received notice of the pending motion. This is all that is required by due process – indeed it appears that the requirements of due process can be satisfied by far less.

**B. SERVICE OF THE MOTION FOR SANCTIONS ON AF HOLDINGS IS SUFFICIENT TO CONSTITUTE SERVICE ON ITS ALTER-EGOS STEELE AND HANSMEIER**

The R&R recognizes that AF Holdings and Mssrs. Steele and Hansmeier are alter-egos of AF Holdings, and the R&R recommends that the judgment in this matter be amended to include them on these grounds. There is no dispute that AF Holdings was properly served with the motion for sanctions in this matter. As described further below, there is substantial authority for the proposition that service on a corporation is sufficient to constitute service on alter-egos of that corporation.

The Northern District of California previously examined the issue of service of process on an alter-ego in *Hickory Travel Systems, Inc., v. TUI AG,* 213 F.R.D. 547 (N.D. Cal. 2003). In that case, the court determined that, for service of a summons and complaint on a subsidiary to "count" as service upon the parent corporation, the plaintiff must demonstrate either that the subsidiary functions as the parent corporations agent, or as its alter-ego. See also *U.S. v. Pangang Group Co., Ltd.,* 879 F.Supp.2d 1052.

The Seventh Circuit considered a similar question in *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398 (7th Cir. 1986). In that case, the Plaintiff sued Balicar, a corporation, and Juliano, which was deemed an alter-ego of Balicar. Juliano argued that he had not been properly served by

the Plaintiff. There was some dispute on whether service had actually been made on the individual, but the court nonetheless stated that even if the Plaintiff had not properly served Juliano, "Bally's alleged failure is of no help to Juliano...where one corporation so controls another corporation that, as a practical matter, the two entities function as one, service on one corporation is effective as to both." *Bally,* 804 F.2d at 405. The Fifth Circuit has likewise held that

> "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction **over an individual or a corporation** that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats,* 294 F.3d 640, 653 (5th Cir. 2002)(collecting cases)(emphasis added).

See also *Transfield ER Cape, Ltd., Industrial Carriers, Inc.,* 571 F.3d 221 (2d Cir. 2009). In the instant case AF Holdings and Mssrs. Steele and Hansmeier are alter-egos, and the Report and Recommendations reflect this conclusion. It is therefore anomalous, in light of the cases identified above, to deny the motions for sanctions on the basis of improper service when there is no dispute that AF Holdings was properly served with the Motion for Sanctions. As such, Defendant objects to the denial of the motions for sanctions on jurisdictional grounds.

## IV. CONCLUSION

For the reasons set forth herein, Defendant respectfully objects to that portion of the R&R that recommends denial of the Motion for Sanctions based on improper service of process. Due process requires only that the sanctioned parties receive "notice" and an opportunity to be heard. That requirement has clearly been satisfied in the instant case. Moreover, even if the court determines that actual service of process is required, Mssrs. Steele and Hansmeier can be deemed to have received service via Defendant's service on their alter-ego, AF Holdings. As such, Defendant respectfully objects to that portion of the magistrate's R&R which recommended denial of the motions for sanctions based upon insufficient service of process.

DATED: September 30, 2013            Respectfully submitted,

                                     NICHOLAS RANALLO, ATTORNEY AT LAW


                                     By:_____/s/ Nicholas Ranallo
                                     Nicholas Ranallo (Cal Bar #275016)
                                     Attorney for Joe Navasca
                                     371 Dogwood Way,
                                     Boulder Creek, CA 95006
                                     P: 831.703.4011
                                     F: 831.533.5073
                                     nick@ranallolawoffice.com


**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 30th day of September, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.


                                     /s/            Nicholas R. Ranallo

                                     Nicholas Ranallo, Attorney at Law