Paul Duffy (Bar No. 224159)
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
E-mail: pduffy@pduffygroup.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA, <br><br> Defendant. | No. 3:12-CV-02396-EMC <br><br> OBJECTION TO REPORT AND RECMMENDATION ON MOTION FOR SANCTIONS <br><br> Honorable Edward M. Chen |

**OBJECTION TO REPORT AND RECOMMENDATION
ON MOTION FOR SANCDTIONS**

Plaintiff, by and through its undersigned counsel, submits the following Objection to the Report and Recommendation on Defendant's Motion for Sanctions ("Report," ECF No. 116), and in support thereof, states as follows:

1. Plaintiff objects to the finding that "For all material purposes here, Prenda Law, Inc. is a mere continuation of Steele Hansmeier." Report at p. 5, #1. The movant (ostensibly the Defendant) did not introduce evidence sufficient to show that Prenda can be held liable a aa successor to Steele Hansmeier; as noted in the Report, the movant's evidence consisted of solely Gibbs, who generally blamed nonparties Steele and Hansmeier for every action that he took in every case in which he appeared, and a form that Gibbs filed in one (1) other case in this District where he represented Prenda as a "name change." The movants did not present evidence that Gibbs filed a "name change" form in the dozens of other copyright cases that

he testified that he filed. In order for a successor entity to be liable for a predecessor on a "mere continuation" theory, however, a claimant must establish, among other things, that the principal assets, or all or substantially all of the transferor's assets, are transferred for less than fair value, and that one or more persons were officers, directors or stockholders of both corporations. *See, e.g., Ray v. Alad Corp.,* 19 Cal. 3d 22, 136 Cal. Rptr. 574, 560 P.2d 3 (1977); *Acheson v. Falstaff Brewing Corp.,* 523 F.2d 1327, 1330 (9th Cir. 1975). Courts evaluating whether the "mere continuation" exception to successor non-liability exists have looked beyond simply whether the same individuals are officers or directors of the two corporations. "[T]he crucial factor in determining whether a corporate acquisition constitutes either a *de facto* merger or a mere continuation is the same: whether adequate consideration was paid for the predecessor corporation's assets." *Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 105 Cal. Rptr. 2d 11 (2001). The self-serving claims of Gibbs, that others were responsible for any and all actions that he undertook in every case, falls short of the requirements for establishing a successor entity is liable for a predecessor on a "mere continuation" theory.

2. Plaintiff objects to the finding that Plaintiff, or nonparties Steele and Hansmeier, are responsible Gibbs' actions in connection with each case that he filed. Report at p. 6-6, #3. Initially, the claims by Gibbs that others are responsible for his conduct in initiating litigation and signing court papers, if accepted, would abrogate the requirements of Federal Rule of Civil Procedure 11, which states among other things that an attorney "signing, filing, submitting, or later advocating" a paper represents that the paper is to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances, well-founded in fact and existing law. Rule 11(b). As the 1993 Committee Comments note, it requires attorneys "to conduct a reasonable inquiry into the law and facts before signing

pleadings, written motions, and other documents..." Gibbs testified repeatedly that his only "inquiry" was to call non-party attorneys and to simply write what he was told. Indeed, at one point Gibbs testified that he chose to sign a paper with the name "Salt Marsh" because, he joked, it sounded similar to a nickname of an organized crime figure; he testified that he made no inquiry whatsoever into the person's identity. Any liability for such conduct, if his testimony is believed, should inure directly to Gibbs, who chose to sign the papers.

3. Plaintiff objects to the introduction of the testimony by Alan Cooper n the *Ingenuity 13* case, 12-CV-8333, in the U.S. District Court for the Central District of California. Plaintiff was not a respondent at that hearing, Brett Gibbs was; Plaintiff was offered no opportunity to cross-examine Mr. Cooper, or to introduce any evidence or argument at either the March 11 or the April 2 hearings in the *Ingenuity13* case. Plaintiff objects to the use of the document against Plaintiff, in circumstances where Plaintiff had no opportunity to cross-examine the wit ness or present evidence and arguments to contradict or otherwise address his testimony.

4. Plaintiff objects to the adoption of the finding that the "Principals" of Prenda "are de facto owners and officers of AF Holdings." Report at p. 8, #9. There was no evidence introduced in this matter to support such a conclusion. And the only information in the Central District of California hearing was a chart upon which Defendants pasted photos of individuals whom it asserted, without foundation or supporting evidence, "owned" AF Holdings. Indeed, the same attorneys alleged in the Central District of California hearing that Gibbs was the Chief Operating Officer of Prenda, an assertion that is not reflected in the Report. There in a complete failure of evidence to support the conclusions represented in the exhibit, and no opportunity for opposing counsel to even review it before the Court in the Central District incorporated it as a figure in its Order.

5. Plaintiff objects to the Report to the extent that it is based upon negative inferences drawn from the absence of a representative of AF Holdings at the evidentiary hearing. Plaintiff's CEO, Mark Lutz, presented an affidavit in which he states that he was detained in his attempt to board an airplane to attend the hearing. (ECF No. 115.) It would be inequitable to draw negative inferences against the corporate representative based upon a failure to attend the August 28 hearing, where that failure was a matter wholly outside of the witness's control, and where its counsel was unaware of the reasons for his absence until well after the hearing concluded.

6. Plaintiff objects to the Report to the extent that it is based upon the conclusion Plaintiff had a full and fair opportunity to litigate the issues presented in the Central District of California matter. As set forth above, and as shown in the transcripts and other papers from that case that Defendants have repeatedly filed here, Plaintiff was not a respondent at the March 11, 2013 hearing. And Plaintiff was not given the opportunity to present evidence and argument at the April 2 hearing in the Central District of California; indeed, the Court terminated the hearing without allowing Plaintiff to present any evidence or argument whatsoever in connection with that matter..

Respectfully Submitted,

AF Holdings, LLC

DATED: September 30, 2013

By: /s/ Paul Duffy
Paul Duffy (Bar No. 224159)
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136
E-mail: pduffy@pduffygroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system.

/s/ Paul Duffy